FILED

2012 Aug-28  PM 02:57
U.S. DISTRICT COURT
N.D. OF ALABAMA

**IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN
DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | | |
|---|---|---|
| **GINA KAY RAY, KALUS K. JOHNSON,** | ) | |
| **and DEUANTE T. JEWS individually and** | ) | |
| **for a class of similarly situated persons** | ) | |
| **or entities,** | ) | |
| | ) | |
| **Plaintiffs;** | ) | **CIVIL ACTION NO.** |
| | ) | |
| **v.** | ) | |
| | ) | |
| **JUDICIAL CORRECTIONS SERVICES, INC,** | ) | |
| **a corporation;  CORRECTIONAL** | ) | |
| **HEALTHCARE COMPANIES, INC., a** | ) | |
| **Corporation;  CHILDERSBURG, ALABAMA,** | ) | |
| **a municipal corporation; and B.J. MEEKS,** | ) | |
| **in his official capacity as Mayor of** | ) | |
| **Childersburg, Alabama,** | ) | |
| | ) | |
| **Defendants.** | ) | |

**COMPLAINT**

COME NOW,   Deuante T. Jews, Kalus K. Johnson and Gina Kay Ray (hereinafter "Plaintiffs"), individually and on behalf of those similarly situated, upon personal knowledge as to themselves and their own acts, and upon information and belief as to all other matters, by and through their undersigned counsel, and with leave of the Court show unto the Court the following:

**JURISDICTION**

1.      The Court has jurisdiction over this matter because it concerns a controversy arising under the Constitution of the United States.  28 U.S.C. 1331.  This is a civil rights action, declaratory judgment action, and injunction action brought under 42

U.S.C. 1983 and 1988, and 28 U.S.C. 2201 and 2202, and the United States

Constitution and the Constitution of the State of Alabama and its laws.

2.      This Court also has jurisdiction of this action by virtue of 28 U.S.C.

1343(a)(3) and 1343(a)(4), authorizing jurisdiction of claims brought under 42 U.S.C.

1983 to enforce civil rights guaranteed by the United States Constitution.

3.      This action also seeks a declaratory judgment pursuant to 28 U.S.C. 2201

and 2022.  The cause of action and the underlying claims and allegations made the

subject of this suit concern the civil rights of plaintiffs' class.   Venue in this judicial

district is proper pursuant to 28 U.S.C. 1391 (b) and (c).

### PARTIES TO THE COMPLAINT

4.      The plaintiff Deuante T. Jews is an individual resident of Harpersville

Alabama.  The plaintiff Kalus K. Johnson is an individual resident of Childersburg,

Alabama.  The plaintiff Gina Kay Ray is an individual resident of Vincent, Alabama. All

three are over 19 years of age.

5.      The defendant Judicial Corrections Services, Inc. (hereinafter "JCS") is a

Delaware corporation, registered as a foreign corporation and doing business in the

State of Alabama and in this district which sells itself as "not a social service agency"

but a "for profit" company which offers services to governmental entities "free of charge"

to the cities, as "an offender paid system."  At all times, JCS has operated under the

color of state law in collecting fines, costs and fees, being allowed to act as a quasi-

judicial agency of the City of Childersburg.

6.      The defendant Correctional Healthcare Companies, Inc. (hereinafter listed

as "JCS" also) is a Delaware corporation, maintaining its principal place of business in

Greenwood Village, Colorado, but shares the same corporate officers at the same address as JCS.  It appears to be the successor of JCS, having purchased or otherwise acquired it, continuing to do business with plaintiffs as JCS and operating the same.

7.     The Town of Childersburg, Alabama ("Childersburg") is a municipal corporation located within Talladega County, Alabama.  It operates a police force and a municipal court, doing so under the direction of its chief executive officer, Mayor B.J. Meeks, who is sued in his official capacity.

### FACTS

### OVERVIEW

8.     The Plaintiffs bring this action because of the operation of the municipal courts under these defendants has violated and continues to violate the plaintiffs' statutory and constitutional rights and those of persons similarly situated.  Defendants have imposed a system whereby the clerical and quasi-judicial functions of the municipal court have been unlawfully contracted to a private business, using the color of state law for the collection of private fees and allowing public money to be collected and kept by the private business, in violation of Alabama law and of the Constitution.

9.     Defendants have operated the court by clothing JCS with the appearances of state authority allowing JSC employees to intimidate persons and referring to them as "probation officers" though none have such authority under Alabama statutes.  JCS employees are also allowed to construct documents which appear to be court orders, holding such out as having the force and effect of court orders, when they were not lawful orders of probation. Defendants have known of this fraudulent activity, but have fashioned a system of allowing JCS a free reign in

3

collecting fines, to threaten plaintiffs' class with incarceration, and by incarcerating persons who have not paid.  Members of plaintiffs' class have been placed on "probation" by defendants in virtually all cases, especially where there is no jail sentence possible or where it would never be imposed, and this "probation" is a means of coercing payment of fines, costs and the fees of JCS.

10.     This public ruse is maintained by the defendants  in order to impose and collect fines and costs from citizens, and is accomplished by allowing JCS to determine how much each municipal court defendant will be charged for the collection "services" of JCS each month, how much of the public money paid will be kept by JCS and how much it will rebate to Childersburg.  Plaintiffs aver that Childersburg has unlawfully entered into the business arrangement with JCS whereby the private entity has been given control and access over public funds and the ability to take such funds. This is in violation of state law and of the Alabama Constitution.  Further, defendants have allowed JCS to increase its monthly probation fee from the $35.00 once imposed and listed on the printed probation sheets to $45.00 per month, doing so without legal authority of proper basis or authorization.

11.     Defendants have operated the system without concern for protecting the rights of indigent persons in plaintiffs' class, having no due process protections or procedures to ensure that constitutional rights are violated.  The operation and structure of the system run by JCS is such that the Court should declare it to be unlawful and unconstitutional, with any continued operation enjoined and prohibited.

### THE NAMED PLAINTIFFS

12.     Gina Kay Ray is an individual resident of Vincent, Alabama, who was

4

jailed in Childersburg, Alabama, for nonpayment for a period of four days in 2010 and

then an additional 21 days in 2011, and further time in April and May of 2012.  Due to

her inability to pay and indigency, she remained in jail throughout this period of time

until a friend was able to acquire $300.00 to secure her release.  Her release was

authorized by an employee of JCS, as she had been charged with failure to obey court

order – the payment of fines and costs to the satisfaction of JCS.

13.     On August 10, 2010 Ms. Ray was found guilty of driving without insurance

and with her license suspended, being fined a total of $1,146.00 to be paid at $145.00 a

month, all through JCS, with it getting a fee of $45.00 per month.  She was later jailed

by defendants, but was released on May 1, 2012, when the $300.00 was paid.

Defendants have followed a practice of maintaining persons on probation for far longer

than the two-year limit imposed by Alabama law, keeping some persons on for years,

adding fines, costs and the JCS fees when there is no authority for such.  Plaintiff Ray

has had other tickets combined with the ongoing charges.  Defendants have imposed a

standard payment of $145.00 per month, regardless of the circumstances or the ability

of the person to pay the extensive fines customarily imposed.   While plaintiff Ray has

made some payments, she at all times has been indigent and unable to pay the full

amounts and the additional probation fees charged by JCS.  Throughout this period of

time JCS has provided no services to Ms. Ray, acting merely as a collection agency

imposing additional fees without control or approval by the municipal judge. Further, she

has been incarcerated without any formal probation revocation hearing, any hearing

regarding indigency, and being held and later released at the whim of JCS.

14.     Plaintiff Kalus K. Johnson, as a result of being found guilty on certain

tickets and traffic fines, was required by the Municipal Court of Childersburg to pay a total of $1,844.00.   Johnson has a balance of over $3,203.00 at present, and all payments must be made only to JCS each month or he will be subject to incarceration. At all times, Johnson has been indigent, but despite this inability to pay as ordered, has been jailed at least six times by defendants for his failure and inability to pay these charges. On each of these incarceration periods, he was not given credit for the $15.00 per day credit is required by the Alabama Code.

15.     Within the last six months, Johnson was jailed by defendants and was released only after family members were able to pay $500.00 to JCS.  He had been told by "probation officers" from JCS that he would stay in jail for at least a year if the $500.00 was not paid.  Though the $500.00 was paid, his balance had an additional charge for $317.00 since JCS had requested that the arrest warrant be issued.    While Johnson has made payments throughout the period of time, he has been indigent and unable to pay the full amount of the probation fees imposed and other charges by JCS. Like the other plaintiffs, Johnson received no services from JCS other than collection activities and suffered the same constitutional violations.

16.     Plaintiff Deuante T. Jews was charged in 2008 by defendants with the misdemeanor offense of harassment.  He was never tried, and the alleged victim placing the charge went to prison.  As a result, the charge against Mr. Jews was dismissed, but he was nonetheless charged court costs of $166.00.  When he could did not pay that, he was placed on probation at the additional rate of $45.00 per month. After not paying satisfactorily to JCS, a warrant was issued and additional costs of

$317.00 were imposed for it, though JCS listed it as "restitution" on the JCS and court records, even though no restitution was involved.

17.     These charges continued to accumulate, and plaintiff Jews has been jailed on five occasions for "failure to obey a court order".  One jailing was for 42 days, with no apparent credit for time served, contrary to Alabama law.  While Mr. Jews has made some payments on these charges, he at all times has been indigent and unable to pay the unconstitutional fine amounts and probation fees imposed.  His treatment by defendants has been in violation of his constitutional rights.  His release on October 22, 2009, was occasioned by family members paying $582.00, and he was released with no order by the municipal judge.

18.   The efforts at collection against plaintiff Jews have continued to the present time, showing a balance in May, 2012 of $343.00 plus $295.00 in probation fees. His payment receipt for $25.00 paid on May 25, 2012 reflects JCS applying $15.00 to the "restitution" and $10.00 for probation fees to JCS.   An earlier receipt from March 9, 2012 reflects his payment of $200.00, with half to "restitution" and the other $100.00 to probation fees.  That receipt shows a "Probation End Date: 10/22/11" over four months before the payment was accepted.  The later May receipt, however, lists the probation being resumed and running from 3/9/12 to 3/9/14.

## PLAINTIFFS' CLASS ALLEGATIONS

19.   The classes which the individual plaintiffs seek to represent consist of all persons who have been adversely affected by the actions of defendants within the past two years in the city court of Childersburg, with such classes defined as follows:

(A)  All individuals who were indigent and despite that indigency were incarcerated without consideration of their indigency for failure to pay court charges and fees and for services allegedly rendered by JCS.

(B).  All individuals who have paid unlawful amounts of $45.00 per month, rather than the authorized amount of $35.00 as initially set by the defendants.

(C) .  All individuals who were indigent and nevertheless paid the probation fees to defendant JCS.

(D).  That in the event this Court decides that defendants illegally established the for-profit probation collection scheme, the class of all individuals who received only fines and not initial jail sentences, but who paid probation fees during the said period.

20.     The Class which the named Plaintiffs seek to represent consists of those people listed in the above paragraph, being persons adversely affected by the actions of defendants as noted herein.  Plaintiffs seek monetary damages and equitable relief, including injunctive relief as well as directing the defendant municipality to credit any and all outstanding balances owed by class members appropriately.

21.     The members of the Class are so numerous that joinder of all members is impracticable.  As of this time, the exact number in the Class is unknown but would be more than one thousand.

22.     Plaintiffs' treatment by the Defendants is typical of the members of the Class.  While there might be factual differences in the treatment of individual members of the class, the harm flows from similar policies and practices by defendant.

22.     Plaintiffs will fairly and adequately protect the interests of the Class and have retained counsel who are competent and experienced in class litigation.  Plaintiffs have no interests that are adverse or antagonistic to the Class.

23.    A class action is superior to all other available methods for the fair and efficient adjudication of this controversy.  Since the damages suffered by many Class members may be small, the expense and burden of individual litigation makes it virtually impossible for the Class members individually to seek redress for the wrongful conduct alleged.  Common questions of law and fact exist as to all members of the Class, and predominate over any questions affecting solely members of the Class. Among the questions of law and fact common to the Class are:

(a).  Whether the Defendants' policy and practice of converting unpaid fines and costs to days of incarceration, without any determination concerning an individual's ability to pay, is illegal;

(b).  Whether the Defendants' policy and practice of ignoring due process and other constitutional requirements before incarcerating individuals for failure to pay fines and costs is illegal. Specifically, the Defendants fail to appoint adequate or any counsel for indigent defendants, fail to make any inquiry into indigency before imposing fines and costs, fail to give adequate notice of the nature of a probation or other delinquency hearing, fail to provide a probation revocation hearing, fail to make written findings concerning the reasons for revoking probation and the evidence relied upon, fail to hold a hearing to determine indigency before revoking probation and otherwise imposing incarceration, fail to make written findings concerning an individual's willful nonpayment of fines and costs before imposing incarceration for nonpayment.

(c) Whether the Defendants have the legal right to delegate to JCS the quasi-judicial functions of collecting fines and costs, and whether defendants can charge unreasonable collection fees which bear no reasonable relation to the cost.

(d) Whether defendants can raise the monthly charge to $45.00 without proper municipal action.

(e) Whether defendants must grant credit to incarcerated defendants for each day of incarceration.

(f)  Whether defendants can allow JCS to determine the amount it will retain from amounts collected, and thereby arbitrarily increase the amount an individual owes for fines and costs.

(g)  Whether defendants can impose fines and court costs that exceed that statutory maximum and whether any such fines can be collected as "restitution".

(h)  Whether defendants can arbitrarily extend the period of probation beyond the two-year limit imposed by state law or collect fines and probation fees when there is no lawful authority for probation to continue.

(i)  Whether JCS has operated in such an unlawful and unconstitutional manner, and whether it is so structured , that declaratory and injunctive relief should be granted to prohibit it from operating as part of the Childersburg court system.

(j)  Whether defendant Childersburg can legally or constitutionally contract with a private entity, sharing revenues in the operation of its court system.

24.    The Defendants have acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief or corresponding declaratory relief with respect to the Class as a whole.

25.     Plaintiffs know of no difficulty which will be encountered in the management of this litigation which would preclude its maintenance as a Class Action. The data concerning the Class members and the transaction details and amounts involved  is largely computerized by the town and JCS.  Other paper records should be readily available for use in the court.

26.     The names and addresses of the Class members are a matter of public record and notice can be provided to the Class members via First Class U. S. mail or other appropriate means as may be directed by the Court.

**CAUSES OF ACTION**

27.   Plaintiffs allege that defendants have violated their statutory and constitutional rights and those of the members of their class by establishing a profit-making scheme to fund the cost of the court system upon those least able to pay.  The evidence will establish that JCS will claim no responsibility to determine indigency, instead saying that such function is one for the court.  The Judge has stated that such matters are left to the discretion of JCS, and the result is a system devoid of consideration of a person's ability to pay.  No alternative means of punishment, such as community service, are used as a substitute for heavy fines and probation fees.

28.   There are no due process protections to determine indigency, to provide notice or legal counsel before probation revocation, no adequate hearings or findings of contempt other than failure to pay.  Despite the lack of authority to do so, JSC at its discretion uses threats of revoking probation, increased fines and cost for purposes of collection.  Under this system, should an individual fail to pay to the satisfaction of JCS, these defendants will revoke probation, imposes additional fines and costs and

incarcerate the individual and /or impose unreasonable bond requirements, without conducting delinquency or probation hearings and without making any findings, much less any determination of indigency before taking such punitive action.   These collective actions routinely impose court costs and fines that exceed the statutory maximum provided by law, and impose unreasonable fees for the costs of incarceration, and result in the defendants taking action to detain and otherwise incarcerate individuals without any jurisdiction to do so.

29.     The Defendants violated the Plaintiffs' Constitutional rights which require that the statutory ceiling placed on imprisonment for any substantive offense be the same for all individuals irrespective of their economic status.  Further, the incarceration is in violation of the limits set by law.

30.     The Defendants have violated the Plaintiffs' Constitutional rights by limiting punishment to the payment of a fine for those able to pay it, yet automatically converting the fine into an indefinite prison term and incarcerating those who did not pay as directed by JCS, though they lacked the means to pay the fine.

31.     The Defendants violated the Plaintiffs' Constitutional rights by failing to inquire into the reasons for the Plaintiffs' failure to pay the fines imposed, or the propriety of reducing the fine, extending the time for payments, or ordering some other alternative means of punishment, such as community service, all the while continuing to allow JCS to impose the monthly probation fee.

32.     The Defendants have violated the Plaintiffs' Constitutional rights by failing to appoint legal counsel or adequate counsel for indigent defendants before revoking probation and imposing incarceration for failure to pay fines and costs.

33.     The Defendants have violated the Plaintiffs' Constitutional rights by arbitrarily granting early release to some individuals while denying it to others under similar circumstances without any rational basis. The Defendants have failed to develop any consistent standard of review or logical system under which those incarcerated are eventually released.

34.     The Defendants have violated the Plaintiffs' Constitutional rights by adding certain additional unreasonable fees, costs, and other carrying charges for each new arrest, alleged probation violation, or contempt proceeding related to an earlier charge.

35.     The Defendants have sought to continue to collect fines and costs and incarcerate Plaintiffs after its jurisdiction has expired.

36.  These defendants through their joint action have systematically applied § 15-18-62 of the Code of Alabama in an unconstitutional fashion denying the plaintiffs and the class they seek to represent constitutionally protected rights.  Section 15-18-62 provides for the imprisonment for the failure to pay fines and costs in limited circumstances and only upon the finding of a willful nonpayment.[1]

37.     The defendants, through their joint and consistent action, systematically

---

[1]**Section 15-18-62**
 **Imprisonment for failure to pay fines and costs.**

In cases of willful nonpayment of the fine and costs, the defendant shall either be imprisoned in the county jail or, at the discretion of the court, sentenced to hard labor for the county as follows:

(1) If the fine and costs do not exceed two hundred fifty dollars ($250), no more than 10 days;

(2) If the fine and costs exceed two hundred fifty dollars ($250) but do not exceed five hundred dollars ($500), no more than 20 days;

(3) If the fine and costs exceed five hundred dollars ($500), but do not exceed one thousand dollars ($1,000), no more than 30 days; and

(4) For every additional one hundred dollars ($100) or fractional part thereof, 4 days.

imprisoned the plaintiffs and the class they seek to represent for nonpayment with no determination of willfulness and with no determination of the indigency and ability to pay of these defendants. This form of application of § 15-18-62 results in an unconstitutional deprivation of civil rights guaranteed to the plaintiffs and the class they seek to represent under the Fourteenth Amendment and 42 U.S.C. § 1983

38.   The result of this consistent systematic action of these defendants is essentially a debtor's prison for fines and other charges levied by JCS under contract with the various municipalities for which it works.  Declaratory and injunctive relief should be granted to prohibit JCS from continuing such operation in Childersburg.

**COUNT ONE  -  DENIAL OF DUE PROCESS**

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

39.   The Defendants, acting under color of state law, systematically deprived the Plaintiffs, and those similarly situated, of their rights and immunities secured by the Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution in violation of 42 U.S.C. § 1983.

40.   The Plaintiffs aver that the Defendants, acting under color of state law, violated their Constitutional right to due process as guaranteed by the United States Constitution and the Alabama Constitution by automatically imposing incarceration for failure to pay fines and costs without a hearing to determine indigency, as well as the other unlawful conduct more fully described in this Complaint.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered injuries.

14

**COUNT TWO  -   DENIAL OF EQUAL PROTECTION**

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

41.     The Plaintiffs aver that Defendants, acting under color of state law, violated their Constitutional rights to equal protection as guaranteed by the United States Constitution by automatically imposing incarceration upon those unable to pay fines and costs without a hearing to determine indigency, as well as the other conduct more fully described in this Complaint.  Further, defendants coerced payment of fines, costs and fees by threat of incarceration, when such was illegal and improper, whereas persons with financial means were not subject to such punishment and discrimination.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered injuries and damage.

**COUNT THREE -  DENIAL OF DUE PROCESS**

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

42.     The Plaintiffs aver that Defendants acting under color of state law violated their constitutional rights to due process by effectively imposing terms of incarceration and other costs and fines beyond the statutory maximum allowed under Alabama law.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered injuries.

**COUNT FOUR -  ILLEGAL PROSECUTION**

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

43.     Defendants have violated the constitutional rights of Plaintiffs and their class by prosecuting persons where there is no jurisdiction or authority for such under Alabama law, doing so intentionally in an effort to coerce payment of fines and costs. These efforts have resulted in the illegal prosecution and incarceration of Plaintiffs and their class for offenses such as "failure to obey a court order".

Further Defendants have added enhancements and other fines and costs where there is no jurisdiction or authority for such under Alabama law. These efforts have also resulted in the illegal prosecution and incarceration of Plaintiffs and their class, causing such persons to pay amounts not due and owing.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered injuries and damages as alleged.

## COUNT FIVE -  FALSE IMPRISONMENT AND UNLAWFUL DETENTION

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

44.     The Defendants are liable for false imprisonment for unlawfully detaining the Plaintiffs, and those similarly situated, thereby depriving them of their personal liberty in violation of the United States Constitution, the Alabama Constitution, Alabama Code Section 6-5-170, and Alabama common law.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered injuries and damages as alleged.

## COUNT SIX -  FALSE ARREST

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

45.     The Defendants falsely arrested Plaintiffs and those similarly situated, doing so without probable cause, and doing so illegally to coerce payment. Said action was done intentionally and/or recklessly with knowledge that the Plaintiffs would be harmed and in violation of the United States Constitution, the Alabama Constitution, Alabama law, and Alabama common law.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered damage and injuries as alleged.

### COUNT SEVEN -  MALICIOUS PROSECUTION

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

46.     The Defendants maliciously prosecuted Plaintiffs and those similarly situated, doing so without probable cause, and doing so illegally to coerce payment. Said action was done intentionally and/or recklessly with knowledge that the Plaintiffs would be harmed and in violation of the United States Constitution, the Alabama Constitution, Alabama law, and Alabama common law.

As a proximate consequence of these Constitutional and other violations, the Plaintiffs suffered damage and injuries as alleged.


### COUNT EIGHT -  ABUSE OF PROCESS

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

47.     Defendants committed the tort of abuse of process by intentionally and/or recklessly using and misusing the criminal legal process to harass and intimidate Plaintiffs and those similarly situated for improper and illegal reasons.

As part of the defendants' system, the defendants routinely threaten criminal fines, imprisonment, and probation revocation to collect fines and private fees, doing so in part to financially benefit defendant JCS.   As a proximate consequence of these actions, the Plaintiffs suffered damage as alleged.

### COUNT NINE

### UNCONSTITUTIONAL APPLICATION OF ALABAMA CODE SECTION 15-18-62

Plaintiffs incorporate by reference the previous paragraphs and make them a part hereof.

48.     These defendants through their joint action have systematically applied § 15-18-62 of the Code of Alabama in an unconstitutional fashion denying the plaintiffs and the class they seek to represent constitutionally protected rights.

Section 15-18-62 provides for the imprisonment for the failure to pay fines and costs in limited circumstances and only upon the finding of a willful failure to comply.   Defendants have ignored these requirements of law, causing damage to plaintiffs and their class.

### COUNT TEN -  OPERATION OF AN UNCONSTITUTIONAL AND ILLEGAL ENTERPRISE IN VIOLATION OF THE RIGHTS OF PLAINTIFFS' CLASS

49.   Defendants have illegally agreed and contracted to create and operate a quasi-judicial system in which the town and JCS are a joint profit-making venture in violation of Alabama law.  The town has conspired and acquiesced in allowing JCS to

choose how much of any payment it elects to keep, with no set rules or regulations governing such.  Payments by members of plaintiffs' class are arbitrarily kept by JCS when amounts paid should be credited to the court fines and costs.  Sums of money have been wrongfully withheld from plaintiffs and their class by such action, causing damage to plaintiffs' class.  Additionally, defendants have added unreasonable fees in the guise of restitution payments, doing so to keep individuals within the payment system and further benefit JCS.  Plaintiff seeks declaratory and injunctive relief to remedy such continued unlawful action by defendants.

### COUNT ELEVEN -  DECLARATORY AND INJUNCTIVE RELIEF

50.   Defendants have created and operated a system in their court that is unconstitutional and continues to violate the rights of plaintiffs' class.  The structure and operation of JCS is such that it is a continuing violation of constitutional rights and should be enjoined from further operation in Childersburg.  Plaintiffs are entitled to continued declaratory and injunctive relief declaring JCS to be an illegal and unconstitutional violator of their rights, to the extent that such relief is proper.

**WHEREFORE, PREMISES CONSIDERED**, Plaintiffs respectfully pray that the Court will take jurisdiction of this cause and upon the final hearing:

a.   certify this matter as a proper class action maintainable under Rule 23 of the Federal Rules of Civil Procedure;

b.   Award the Plaintiff such actual damages as this Court shall find the Plaintiffs have sustained, together with punitive, or exemplary damages as the law shall permit;

c.      Enter an injunction and other declaratory relief which prohibits the

Defendants from engaging in the violations of law set forth hereinabove;

d.      Award to the Plaintiffs and Class members damages under 42 U.S.C. §

1983 equal to any amounts paid on fines and/or fees levied by Defendants

that are found unconstitutional and/or unlawful (along with interest), and

the annulment of any remaining unpaid fines or charges that are found

unconstitutional and/or unlawful;

e.      declare that JCS is an illegal and unconstitutional entity which should be

enjoined from further operation in or contact with the city court in

Childersburg;

f.      declare that the use of private for-profit probation companies is unlawful

and contrary to Alabama law and its Constitution;

g.      award to the Plaintiffs and Class the cost of this matter, including a

reasonable attorneys' fee;

h.      Award to the Plaintiffs and the Class members such other, further and

different relief to which they are entitled.

By:    *s/William M. Dawson*

William M. Dawson    DAW002
ASB-3976-S80W
Attorney for Plaintiffs
2229 Morris Avenue
Birmingham, AL 35203
205 323-6170
FAX  205  278-3430
bill@billdawsonlaw.com

By:   *s/G. Daniel Evans*

      G. Daniel Evans
      ASB-1661-N76G
      The Evans Law Firm
      1736 Oxmoor Road, Ste. 101
      Birmingham, AL 35209
      205  870-1970
      FAX 205  870-7763
      gdevans@evanslawpc.com


By:   *s/Alexandria Parrish*

      Alexandria Parris
      ASB-2477-D66P
      The Evans Law Firm
      1736 Oxmoor Road, Ste. 101
      Birmingham, AL 35209
      205  870-1970
      FAX 205  870-7763
      ap@evanslawpc.com


**Plaintiffs demand trial by struck jury on all issues in this case.**


*William M. Dawson*


**Address of Defendants:**

Judicial Correction Services, Inc.
c/o CT Corporation System
2 N. Jackson Street, Suite 605
Montgomery, AL  36104

Correctional Healthcare Companies, Inc.
c/o CEO Doug Goetz
6200 S. Syracuse Way, Ste. 440
Greenwood Village, Colorado  80111

Childersburg, Alabama
c/o City Clerk
201 8th Avenue SW
P.O. Box 369
Childersburg, AL  35044

B. J. Meeks,
Mayor of Childersburg
201 8th Avenue SW
P.O. Box 369
Childersburg, AL  35044