FILED
2012 Sep-18 PM 02:33
U.S. DISTRICT COURT
N.D. OF ALABAMA


## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GINA KAY RAY; KALUS K. JOHNSON; and DEUANTE T. JEWS, individually and for a class of similarly situated persons or entities; | ) ) ) ) ) | |
| Plaintiffs; | ) ) | |
| v. | ) ) | CASE NO. CV-12-02819 |
| JUDICIAL CORRECTION SERVICES, INC., a corporation; CORRECTIONAL HEALTHCARE COMPANIES, INC., a Corporation; CHILDERSBURG, ALABAMA, a municipal corporation; and B.J. MEEKS, in his official capacity as Mayor of Childersburg, Alabama; | ) ) ) ) ) ) ) ) ) | |
| Defendants. | ) | |

## JCS' AND CHC'S INITIAL BRIEF IN SUPPORT OF DISMISSAL IN COMPLIANCE WITH EXHIBIT B OF THE COURT'S ORDER

Wayne Morse, Jr.

Attorney for Judicial Correction Services, Inc. and Correctional Healthcare Companies, Inc.

WALDREP STEWART
& KENDRICK, LLC
2323 Second Avenue North
Birmingham, AL  35203
Telephone:     (205) 254-3216
Facsimile:     (205) 324-3802

# TABLE OF CONTENTS

TABLE OF AUTHORITIES ................................................................................................ iii

I.  INTRODUCTION ............................................................................................................. 1

II. ARGUMENT ..................................................................................................................... 1

    A.  Count One Fails to State a Claim for Denial of Due Process ................................... 2

        1.  Fourth Amendment ........................................................................................ 4

        2.  Fifth and Fourteenth Amendments ................................................................ 5

        3.  Sixth Amendment ........................................................................................... 6

        4.  Eighth Amendment ......................................................................................... 7

        5.  Thirteenth Amendment .................................................................................. 8

    B.  Count Two Fails to State a Claim for Denial of Equal Protection ........................... 9

    C.  Count Three Fails to State a Claim for Denial of Due Process ............................. 10

    D.  Count Four Fails to State a Claim for Illegal Prosecution ..................................... 11

    E.  Count Five Fails to State a Claim for False Imprisonment and Unlawful
        Detention ............................................................................................................... 11

    F.  Count Six Fails to State a Claim for False Arrest ................................................... 13

    G.  Count Seven Fails to State a Claim for Malicious Prosecution ............................. 14

    H.  Count Eight Fails to State a Claim for Abuse of Process ...................................... 16

    I.  Count Nine Fails to State a Claim for Unconstitutional Application of
        Alabama Code § 15-18-62 (1975) ......................................................................... 16

    J.  Count Ten Fails to State a Claim for Operation of an Unconstitutional and
        Illegal Enterprise in Violation of the Rights of Plaintiffs' Class ........................... 17

    K.  Count Eleven Fails to State a Claim for Declaratory and Injunctive Relief ........... 18

    L.  Municipalities May Contract With Private Companies to Provide Probation
        Services and to Collect Municipal Court Fines ..................................................... 20

    M.  JCS is Entitled to Absolute Quasi-Judicial Immunity ........................................... 21

i

N.    The Complaint Should be Dismissed for Failure to Plead Claims Based on Fraud with Particularity. ........................................................................................... 23

O.    The Plaintiffs Lack Standing .................................................................................... 24

III.    CONCLUSION ..................................................................................................................... 25

## TABLE OF AUTHORITIES

<u>Cases</u>:

<u>Ala. Power Co. v. Neighbors</u>,
    402 So. 2d 958 (Ala. 1981) ............................................................................ 14, 15

<u>Angora Enter., Inc. v. Condo. Ass'n of Lakeside Village, Inc.</u>,
    796 F.2d 384 (11th Cir. 1986) ...................................................................... 18, 19

<u>Argersinger v. Hamlin</u>,
    407 U.S. 35 (1972) .................................................................................................. 6

<u>Armour v. City of Indianapolis</u>,
    132 S. Ct. 2073 (2012) .......................................................................................... 9

<u>Ashcroft v. Iqbal</u>,
    129 S. Ct. 1937, (2009) ......................................................................... 1, 2, 3, 6, 17

<u>Atuahene v. City of Hartford</u>,
    10 Fed. Appx. 33 (2d Cir. 2001) ...................................................................... 2, 10

<u>Bailey v. Alabama</u>,
    219 U.S. 219 (1910) .............................................................................................. 8

<u>Bauer v. Texas</u>,
    341 F.3d 352 (5th Cir. 2003) .......................................................................... 18, 19

<u>Bearden v. Georgia</u>,
    461 U.S. 660 (1983) .......................................................................................... 5, 7

<u>Bell Atl. Corp. v. Twombly</u>,
    550 U.S. 544 (2007) .............................................................................................. 3

<u>Brooks v. Blue Cross & Blue Shield</u>,
    116 F.3d 1364 (11th Cir. 1997) ...................................................................... 23, 24

<u>Butler v. Perry</u>,
    240 U.S. 328 (1916) .............................................................................................. 8

<u>Byrd v. Clark</u>,
    783 F. 2d 1002 (11th Cir. 1986) ........................................................................... 9

<u>C.C. & J., Inc. v. Hagood</u>,
    711 So.2d 947 (Ala. 1998) ................................................................................... 16

Campbell v. Johnson,
    586 F.3d 835 (11th Cir. 2009) ........................................................................ 12

Cannon v. Macon County,
    1 F.3d 1558 (11th Cir. 1993)........................................................................... 12

City of Birmingham v. Graffeo,
    551 So. 2d 357 (Ala. 1989) ........................................................................... 21

City of Birmingham v. Major,
    9 So. 3d 470 (Ala. 2008) ............................................................................... 13

City of Cleburne v. Cleburne Living Ctr.,
    473 U.S. 432 (1985) ......................................................................................... 9

Cooper v. Rogers,
    No. 2:11-cv-964, 2012 U.S. Dist. LEXIS 24543, at *10 (M.D. Ala. Feb. 27, 2012)... 4, 5, 16

Crown Cent. Petroleum Corp. v. Williams,
    679 So. 2d 651 (Ala. 1996) ...................................................................... 12, 14

Douthit v. Jones,
    619 F.2d 527 (5th Cir. 1980) ........................................................................ 12

Dunaway v. New York,
    442 U.S. 200 (1979) ......................................................................................... 4

Dunning v. New Eng. Lif Ins. Co.,
    890 So. 2d 92 (11th Cir. 2001) ..................................................................... 25

Ennis v. Beason,
    537 So. 2d 17 (Ala. 1988) ............................................................................. 14

Ex Parte Weeks,
    611 So. 2d 259 (Ala. 1992) ............................................................................. 3

Filarsky v. Delia,
    132 S. Ct. 1657 (2012) ............................................................................ 22, 23

Franklin v. Gwinette County Pub. Sch.,
    503 U.S. 60 (1992) .................................................................................. 18, 19

Fullman v. Graddick,
    739 F.2d 553, 556-57 (11th Cir. 1984) ......................................................... 4, 6

Gagnon v. Scrapelli,
    411 U.S. 778 (1973) ..................................................................................... 4, 6

Galloway v. City of Abbeville,
 No. 1:11-cv-663, 2012 U.S. Dist. LEXIS 90974, at *26 (M.D. Ala. July 2, 2012).......... 4, 12

Golden v. Zwickler,
 394 U.S. 103 (1969) ..................................................................................... 18, 19

Greenwell v. Univ. of Ala. Bd. of Trs.,
 7:11-CV-2313, 2012 U.S. Dist. LEXIS 118917, at *22 (N.D. Ala. August 22,
 2012).......................................................................................................... 16

H.R.H. Metals, Inc. v. Miller,
 833 So. 2d 18 (Ala. 2002) ............................................................................... 25

Heller v. Doe,
 509 U.S. 312 (1993) ........................................................................................ 9

Holt v. Glenn,
 361 Fed. App'x 75 (11th Cir. 2010)........................................... 3, 6, 7, 8, 9, 10, 12

Hudson v. Palmer,
 468 U.S. 517 (1984) ....................................................................................... 14

Hughes v. Chesser,
 731 F.2d 1489 (11th Cir. 1984) ........................................................................ 22

In Re Nutrisystem, Inc. Sec. Litig.,
 653 F. Supp. 2d 563 (E.D. Pa. 2009)................................................................... 2

Keating v. City of Miami,
 598 F.3d 753 (11th Cir. 2009) ........................................................................... 3

Kivisto v. Miller, Canfield, Paddock & Stone, PLC,
 413 Fed. App'x 136 (11th Cir. 2011).................................................................. 24

Lee v. Thomas,
 No. 2:08-CV-18, 2011 (U.S. Dist. LEXIS 14643, at *18 (M.D. Ala. 2011)........................ 9

Locke v. Ozark City Bd. of Educ.,
 910 So. 2d 1247 (2005).................................................................................... 25

Luminent Mortgage Capital, Inc. v. Merrill Lynch & Co.,
 652 F. Supp. 2d 576, 594 (E.D. Pa. 2009).............................................................. 2

Ortega v. Christian,
 85 F.3d 1521 (11th Cir. 1996) ..................................................................... 5, 12, 13

Phelps v. Coy,
    F.3d 295 (6th Cir. 2002) .......................................................................... 14

Prop. Mgmt. & Invs., Inc. v. Lewis,
    752 F.2d 599 (11th Cir. 1985) ............................................................... 22

Richardson v. McKnight,
    521 U.S. 399 (1997) ............................................................................... 23

Roland v. Phillips,
    19 F.3d 552 (11th Cir. 1994) ................................................................. 22

Sokol Bros. Furniture Co. v. Gate,
    93 So. 724 (Ala. 1922) ........................................................................... 11

Sweet v. Secy, Dep't of Corr.,
    467 F.3d 1311 (11th Cir. 2006) ............................................................. 10

United States v. Archibald,
    212 Fed. App'x 788 (11th Cir. 2006) ...................................................... 7

United States v. Bajakajian,
    524 U.S. 321 (1998) ............................................................................ 7, 8

Upshaw v. McArdle,
    650 So. 2d 875 (Ala. 1994) ............................................................. 12, 14

Village of Arlington Heights v. Metro. Housing Dev. Corp.,
    429 U.S. 252 (1977) ........................................................................... 9, 10

Weathers Auto Glass, Inc. v. Alfa Mut. Ins. Co.,
    619 So. 2d 1328 (Ala. 1993) .................................................................. 25

West v. Tillman,
    496 F.3d 1321 (11th Cir. 2007) ............................................................. 12

Wilkins v. Dan Haggerty & Assoc., Inc.,
    672 So. 2d 507 (Ala. 1995) ........................................................ 1, 18, 20, 21

Winer Family Trust v. Queen,
    503 F.3 319 (3rd Cir. 2007) ................................................................. 2, 17

Zatter v. Wainright,
    802 F.2d 397 (11th Cir. 1986) ................................................................. 3

**Constitutional Provisions:**

U. S. Const. Amend. IV ........................................................................................... 3, 4, 5, 14

U. S. Const. Amend. V ............................................................................................. 3, 5, 10

U. S. Const. Amend. VI ............................................................................................. 3, 6, 7

U. S. Const. Amend. VIII ............................................................................................. 3, 7

U. S. Const. Amend. XIII ............................................................................................. 3, 8

U. S. Const. Amend. XIV ...................................................................................... 3, 5, 9, 10

**Statutes:**

Ala. Code § 6-5-170 (1975) ............................................................................................ 11

Ala. Code § 11-40-1 (1975) ............................................................................................ 21

Ala. Code § 12-14-1 (1975) ...................................................................................... 15, 16

Ala. Code § 12-14-2 (1975) ............................................................................................ 20

Ala. Code § 12-14-9 (1975) .................................................................................... 7, 10, 17

Ala. Code § 12-14-13 (1975) ...................................................................... 5, 8, 10, 11, 13, 20, 21

Ala. Code § 15-18-62 (1975) ............................................................................................ 16

**Federal Statutes:**

42 U.S.C.S. § 1983 (1871) ....................................................................................... passim

**Federal Rules:**

Fed. R. Civ. P. 9 ................................................................................................... 1, 23, 24

**Other Authorities:**

Alabama Attorney General Opinion 98-00043 ....................................................... 1, 18, 20

## I.    INTRODUCTION

The complaint is a "shotgun" pleading. It is impossible to know the fact allegations intended to support each claim.  The complaint alleges that Judicial Correction Services, Inc. and Correctional Healthcare Companies, Inc. violated statutes and infringed upon constitutional rights, but the specific constitutional rights are unidentified.[1]  Instead, the complaint lists constitutional amendments and alleges general violations.  It lumps all Defendants together despite each Defendant's unique standing as a private company, municipality or elected official.  No supporting facts are alleged for each defendant or claim.

More curious is the allegation that it is "illegal" for a private company to provide probation services for a municipal court or to collect municipal court fines.  See Wilkins v. Dan Haggerty & Assoc., Inc., 672 So. 2d 507, 510 (Ala. 1995) (holding that municipalities may contract with private companies for the collection of municipal court fines); see also Alabama Attorney General Opinion 98-00043 (municipalities may contract with private companies to provide probation services).  The allegation is contradicted by legal authority.

Further, the complaint alleges constitutional and statutory rights violations based on alleged "fraudulent activity," but fails to meet Fed. R. Civ. P. 9(b)'s heightened pleading standards.  Last, JCS is entitled to absolute quasi-judicial immunity.  For multiple and independent reasons, JCS is entitled to a judgment as a matter of law or dismissal.

## II.    ARGUMENT

The complaint should be dismissed because of legal infirmities as well as factual gaps and reliance on conclusions.  As the Supreme Court explained in Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009), "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter,

---

[1] Correctional Healthcare Companies, Inc. is the successor to Judicial Correction Services, Inc. The two companies are referred to collectively as "JCS".

accepted as true, to 'state a claim to relief that is plausible on its face.'" Id. at 678 A complaint offering only "labels and conclusions," "a formulaic recitation of the elements of a cause of action," or "naked assertions devoid of further factual enhancement" does not meet federal pleading standards. Id. Allegations that create "a sheer possibility that a defendant has acted unlawfully" do not suffice. Id. Rather, the complaint must allege facts that "show[] that the pleader is entitled to relief. Id. at 679 (emphasis added and quotation marks omitted).

It is important that a complaint identify the alleged facts and legal claims for each separate defendant. Winer Family Trust v. Queen, 503 F.3d 319, 335 (3rd Cir. 2007) (noting that omissions must be alleged "with particularity as to the defendant"); In re Nutrisystem, Inc. Sec. Litig., 653 F. Supp. 2d 563, 576-77 (E.D. Pa. 2009) (specificity is required in the identification of acts and omissions for which the defendants are responsible); see also Luminent Mortgage Capital, Inc. v. Merrill Lynch & Co., 652 F. Supp. 2d 576, 594 (E.D. Pa. 2009) (dismissing complaint because it "often lumps Defendants together and makes vague allegations of 'Defendants' conduct"). A complaint that fails to do so may be dismissed for vagueness. Atuahene v. City of Hartford, 10 Fed. Appx. 33, 34 (2d Cir. 2001) (dismissing complaint alleging constitutional and state common law claims because plaintiff "lump[ed] all the defendants together" and "provid[ed] no factual basis to distinguish their conduct").

The complaint lumps all Defendants together and fails to specify the separate grounds for recovery for each Defendant. The complaint does not meet required standards, much less the more stringent standards for pleading fraud that apply to many of its claims.

### A.    Count One Fails to State a Claim for Denial of Due Process.

Count I exemplifies a shotgun pleading. The complaint lumps all Defendants together and alleges ambiguously that "Defendants" are guilty of violating every recognizable federal constitutional right. Plaintiffs claim that Defendants violated their Due Process rights under the

Fourth, Fifth, Sixth, Eighth, Thirteenth and Fourteenth Amendments to the United States Constitution and the Alabama Constitution.  (Doc # 1, at ¶ 39.) The Due Process guaranteed under the Alabama Constitution is coextensive with the due process guaranteed under the United States Constitution.  Ex parte Weeks, 611 So. 2d 259, 261 (Ala. 1992).  Therefore, allegations of Due Process violations under the Alabama and United States Constitutions are addressed together.

Plaintiffs allege that Defendants "automatically impos[ed] incarceration for failure to pay fines and costs without a hearing to determine indigence, as well as the other unlawful conduct more fully described in this complaint."  (Id. at ¶ 40.)

Allegations of constitutional violations have a higher standard than general pleadings.

[T]his circuit, along with others, has tightened the application of Rule 8 with respect to § 1983 cases in an effort to weed out nonmeritorious claims, requiring that a § 1983 plaintiff allege with some specificity the facts which make out its claim.  Thus, a plaintiff must allege some factual detail as the basis for a § 1983 claim.  In other words, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'"  Therefore, in a § 1983 action, "a plaintiff must plead that each Government-official defendant, through the official's own individual actions, has violated the Constitution."

Keating v. City of Miami, 598 F.3d 753, 762 (11th Cir. 2009) (citations omitted) (quoting Iqbal and Twombly).  Further, Section "1983 requires proof of an affirmative causal connection between the ... acts or omissions and the alleged constitutional deprivation."  Holt v. Glenn, 361 Fed. App'x 75, 77 (11th Cir. 2010) (emphasis in the original) (quoting Zatter v. Wainwright, 802 F. 2d 397, 401 (11th Cir. 1986)).  The complaint fails to satisfy these requirements.

To answer Count I, JCS must sift through the allegations and decide which facts are material to each applicable right, under each Amendment cited, against it specifically.  A tedious task meant to be avoided under the Iqbal notice pleading standard.  Iqbal, 556 U.S. at 679.  District Courts should be relieved of "the cumbersome task of sifting through myriad claims, many

of which [may be] foreclosed by [various] defenses" when a complaint is shotgun pleading. Fullman v. Graddick, 739 F.2d 553, 557 (11th Cir. 1984). Count I fails.

   1.  <u>Fourth Amendment</u>

  The Fourth Amendment claim under Count I should be dismissed for several reasons. <u>First</u>, Count I is titled "Denial of Due Process." Plaintiffs' allegations relate to the denial of an indigence hearing prior to incarceration. What process is due to an indigent probationer at a revocation hearing is a question of procedural due process, not whether a seizure was unreasonable. See <u>Gagnon v. Scarpelli</u>, 411 U.S. 778, 782-91 (1973) (Probationers, "although not entitled to all of the procedural protections afforded a defendant in a criminal proceeding, is entitled to certain [due process] protections" at a revocation hearing.). The Fourth Amendment claim fails.

  <u>Second</u>, Plaintiffs provide no facts to support a claim that JCS violated their Fourth Amendment rights. The Fourth Amendment protects "[t]he right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures." Under the Fourth Amendment, an arrest and detainment qualifies as a seizure. <u>Dunaway v. New York</u>, 442 U.S. 200, 207-208 (1979). No facts alleged in the complaint relate to an unreasonable search or seizure. Plaintiffs do not allege that JCS arrested or detained them, much less that JCS arrested or detained them without probable cause. See <u>id</u>. (Fourth Amendment's proscription against unreasonable seizures "usually requires the police to have probable cause or a warrant before making an arrest.") The complaint fails to state a claim for an unreasonable search or seizure.

  <u>Last</u>, Plaintiffs' claim for violations of the Fourth Amendment is superfluous. <u>Galloway v. City of Abbeville</u>, No. 1:11-cv-663, 2012 U.S. Dist. LEXIS 90974, at *26 (M.D. Ala. July 2, 2012) (dismissing a claim because it was duplicate of plaintiff's false arrest claim); see also <u>Cooper v.</u>

Rogers, No. 2:11-cv-964, 2012 U.S. Dist. LEXIS 24543, at *10 (M.D. Ala. Feb. 27, 2012) (dismissing stand-alone Section 1983 claim as either a legal non-sequitur or a legal redundancy).

Plaintiffs make a false arrest claim under Count VI. Although not specifically stated, Count VI implicates the Fourth Amendment. See Ortega v. Christian, 85 F.3d 1521, 1523-24 (11th Cir. 1996). Therefore, because Count I involves a claim for denial of procedural due process, any claims for Fourth Amendment violations are more appropriately analyzed under Count VI. The Fourth Amendment Due Process claim fails.

### 2.    Fifth and Fourteenth Amendments

Plaintiffs assert claims under both the Fifth and Fourteenth Amendments, alleging that their Due Process rights were violated because Defendants "automatically impos[ed] incarceration for failure to pay fines and costs without a hearing to determine indigence, as well as other unlawful conduct more fully described in this complaint." (Doc # 1, ¶ 40.) According to the Supreme Court: "[I]n revocation proceedings for failure to pay a fine or restitution, a sentencing court must inquire into the reasons for the failure to pay." Bearden v. Georgia, 461 U.S. 660, 672 (1983) (emphasis added). Here, the sentencing court is the Childersburg Municipal Court.

Alabama municipal courts have the authority to place defendants on probation, designate probation officers, and require probationers to report to probation officers. Ala. Code § 12-14-13 (1975). Municipal courts also have the authority to require probationers to pay fines and costs imposed, to determine the period of probation and to extend the length of the sentence or probation. Id.

JCS' primary task, as a probation company, was to report the probationer's compliance with the terms of court-ordered probation. This service includes monitoring probationers, collecting fines and fees set by the Childersburg Court, and providing progress updates on the

probationers.  Id.  JCS has neither the authority nor the duty to conduct judicial proceedings, to revoke probation, or to impose incarceration.  Id.

Plaintiffs fail to allege that JCS had a duty to provide hearings to determine indigence. They fail to show a causal connection between JCS' conduct and the alleged constitutional rights violations.  See Holt, 361 Fed. App'x at 77.  The Plaintiffs fail to show how JCS is responsible for the alleged abuses, even if such abuses had occurred.  Plaintiffs' Due Process claims fail.

> 3.    Sixth Amendment

Plaintiffs allege Sixth Amendment violations, but fail to identify the guarantees that were supposedly violated.  It is difficult to surmise and to answer Plaintiffs' allegations.  "In civil rights actions, . . . a complaint will be dismissed as insufficient where the allegations it contains are vague and conclusory."  Fullman, 739 F.2d at 556-57.  Plaintiffs likely claim violations of their right to counsel and right to "notice of the nature and cause of the accusation" against them.  See U.S. Const. amend. VI.

In nonfelony cases, the Sixth Amendment guarantees indigents the right to state appointed counsel "in cases that actually lead to imprisonment."  Argersinger v. Hamlin, 407 U.S. 25, 33 (1972).  Indigent probationers do not have an absolute right to appointed counsel at a revocation hearing.  See id.; Gagnon, 411 U.S. at 790.

First, Plaintiffs first fail to support the contention that they were indigent.  The alleged facts do not tend to prove Plaintiffs were indigent or deny they willfully failed to pay the fines or fees. Second, Plaintiffs fail to allege or to deny that the Childersburg Municipal Court informed them of their right to counsel, that they requested counsel but were refused, or that they contested the alleged conditions of probation violations, necessitating counsel to effectively dispute the charges. See id.  Plaintiff state merely that Defendants failed to conduct hearings to determine indigence, a "naked assertion devoid of further factual enhancement."  See Iqbal, 556 U.S. at1949.

For JCS to have Sixth Amendment liability, Plaintiffs must show a causal connection between the actions of JCS and the failure to appoint counsel to indigent probationers. See Holt, 361 Fed. App'x at 77. Plaintiffs fail to allege that JCS was responsible for appointing counsel to indigent probationers. Alabama Code § 12-14-9 (1975) states: "A municipality which retains its court shall provide indigent defense services as otherwise provided by law." It was the duty of the municipal court, not JCS, to inquire about a probationer's indigent status and to appoint counsel when needed. See id.; Bearden, 461 U.S. at 672 (explaining it was the responsibility of the sentencing court to inquire about probationer's ability to pay).

The Sixth Amendment guarantees notice of the nature and cause of the accusations made against an individual, which encompasses the right to know the charge, including its elements. See United States v. Archibald, 212 Fed. App'x 788, 792 (11th Cir. 2006). Plaintiffs knew the charge made against them – violation of a condition of probation. Throughout the complaint, Plaintiffs state they were threatened with incarceration or incarcerated for failure to pay fines and fees. Therefore, Plaintiffs do not state a claim under the Sixth Amendment for failure to appoint counsel or failure to notify Plaintiffs of the nature and cause of the accusation against them.

4.      Eighth Amendment

The Eighth Amendment's Excessive Fines Clause prohibits the imposition of "excessive fines" as punishment. "A fine is unconstitutionally excessive if (1) the payment to the government constitutes punishment for an offense, and (2) the payment is grossly disproportionate to the gravity of the defendant's offense." U.S. v. Bajakajian, 524 U.S. 321, 327-28 (1998) (noting that "[t]he touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality"). Plaintiffs fail to allege the offense for which fines were excessive and why, or that the fines were "grossly proportionate" to their offenses. Plaintiffs allege only that the fines or fees

7

imposed exceeded the maximum provided by Alabama law.  (Doc # 1, ¶¶ 23(g), 28.)  This allegation is insufficient to state an Eighth Amendment claim.  See Bajakajian, 524 U.S. at 327-28.

Moreover, JCS does not impose fines or costs.  Municipal courts have the authority to require probationers to pay fines and costs imposed, to determine the period of probation and to extend the length of the sentence of probation.  Ala. Code § 12-14-13 (1975).  JCS' primary task, as a probation service company, was to collect the fines and fees and enforce the terms of court-ordered probation.  See id. § 12-14-13(e).  Plaintiffs again fail to show that JCS caused their alleged constitutional injuries.  See Holt, 361 Fed. App'x at 77.

5.     Thirteenth Amendment

The Thirteenth Amendment prohibits slavery and involuntary servitude except as punishment for a crime.  In Bailey v. Alabama, the Supreme Court struck down a statute that made it a crime to refuse to or to fail to perform a service after having obtained money for it and not refunding it.  219 U.S. 219 (1910).  The punishment constituted involuntary servitude in payment of a debt, violating the Thirteenth Amendment.  The Court explained: "The state may impose involuntary servitude as a punishment for crime, but it may not compel one man to labor for another in payment of a debt." Id at 244.

Thirteenth Amendment protections concern the coercive application of the criminal laws to require persons to work for another against their will.  Id.  The only allegations specifically and identifiably directed at JCS are that it "intimidate[d] persons" in its efforts to "collect[] fines, to threaten plaintiffs' class with incarceration, and by incarcerating persons who have not paid." (Doc # 1, ¶ 9.)  It is not a Thirteenth Amendment violation for a municipality to impose fines and fees for criminal violations or for a private probate company to collect the imposed fines and fees.  See Bailey, 219 U.S. 219; Butler v. Perry, 240 U.S. 328, 332 (1916) ("The phrase 'involuntary

8

servitude' was intended to extend to cover those forms of compulsory labor akin to African slavery which in practical operation would tend to produce like undesirable results.")

Further, Section "1983 requires proof of an affirmative <u>causal connection</u> between the ... acts or omissions and the alleged constitutional deprivation." <u>Holt</u>, 361 Fed. Appx. at 77 (emphasis in the original). The intimidation claim is not enough to show a causal connection to slavery or involuntary servitude.

Plaintiffs allege violations of legal duties that were solely the municipal court's prerogative and responsibility, or assert implausible claims. Plaintiffs' complaint is void of facts or authority to show a causal link between JCS' actions and Plaintiffs' alleged injuries and damages. <u>Byrd v. Clark</u>, 783 F.2d 1002, 1008 (11th Cir. 1986). Plaintiffs' Due Process claims under Count I fail.

### B.   Count Two Fails to State a Claim for Denial of Equal Protection.

The complaint fails to state an equal protection violation. The Fourteenth Amendment's Equal Protection Clause commands that no State shall "deny to any person within its jurisdiction the equal protection of the laws, which is essentially a direction that all persons similarly situated should be treated alike." <u>City of Cleburne v. Cleburne Living Ctr.</u>, 473 U.S. 432, 439 (1985). To establish a claim for equal protection violations, Plaintiffs must prove "a rational relationship between the disparity of treatment and some legitimate governmental purpose." <u>Armour v. City of Indianapolis</u>, 132 S. Ct. 2073, 2080 (2012) (quoting <u>Heller v. Doe</u>, 509 U.S. 312, 319-20 (1993).

<u>First</u>, Plaintiffs do not assert that the alleged unequal treatment was a manifestation of intentional discrimination against indigents, much less allege "instances of purposeful or invidious discrimination." <u>See</u> <u>Lee v. Thomas</u>, No. 2:08-CV-18, 2011 U.S. Dist. LEXIS 14643, at *18 (M.D. Ala. 2011). "[O]fficial action will not be held unconstitutional solely because it results in a . . . disproportionate impact. . . . Proof of . . . discriminatory intent or purpose is required to show a violation of the Equal Protection Clause." <u>Village of Arlington Heights v. Metro. Housing Dev.</u>

9

Corp., 429 U.S. 252, 264-65 (1977).  A "mere demonstration of inequality is not enough to [to state an equal protection claim]."  Sweet v. Sec'y, Dep't of Corr., 467 F.3d 1311, 1319 (11th Cir. 2006).  Plaintiffs fail to allege that deprivation of equal protection was the result of purposeful discrimination.

Second, Plaintiffs fail to provide support for its assumption that JCS had a duty to inquire about a probationer's financial status or ability to pay.  Plaintiffs cite no authority that demonstrates JCS, as a private probation company, had a duty to conduct hearings or inquiries into the financial status of probationers.  JCS' primary responsibility was to enforce the terms of the court-ordered probation.  See Ala. Code (1975) § 12-14-13(e).  In contrast, Childersburg is obligated to provide indigent services.  Id. at § 12-14-9.  Plaintiffs are unable to show a causal connection between JCS' actions and their injuries resulting from the alleged equal protection violations.  Holt, 361 Fed. App'x at 77.  The complaint fails to state a claim for equal protection.

## C.    Count Three Fails to State a Claim for Denial of Due Process.

Plaintiffs allege a Due Process claim based upon Defendants "effectively imposing terms of incarceration and other costs and fines beyond the statutory maximum allowed under Alabama law."  (Doc # 1, ¶ 42.)  Plaintiffs do not state whether they are alleging a Fifth Amendment or a Fourteenth Amendment Due Process claim.

Like their other claims for constitutional violations, Plaintiffs "lump all Defendants together" and "provide no factual basis to distinguish their conduct."  See Atuahene, 10 Fed. App'x. 33.   To state a claim for relief, the complaint must state how JCS specifically worked to deprive Plaintiffs of "life, liberty, or property without due process of law ...."  U.S. Const. Amend. V. and XIV. Plaintiffs claim that their Due Process rights were violated because Defendants imposed imprisonment terms and fines "beyond the statutory maximum allowed under Alabama law."  (Doc # 1, ¶ 42.)   Plaintiffs do not claim JCS was the party that imposed the terms of

imprisonment or amount of fine.  The municipal court, and not JCS, has the authority to incarcerate and fine convicted criminals.  See Ala. Code §12-14-13.  Plaintiffs fail to allege adequately that JCS violated their Due Process rights.

> **D.** **Count Four Fails to State a Claim for Illegal Prosecution.**

Plaintiffs' claim for illegal prosecution rests on the naked assertion that Defendants lacked jurisdiction or authority under Alabama law.  Again, Plaintiffs fail to delineate between the wrongful actions of each Defendant.  The complaint also fails to assert facts supporting Plaintiffs' contention that Defendants lacked jurisdiction or authority or which proceedings or actions Plaintiffs deem to be prosecutions.  Plaintiffs offer one example, "failure to obey a court order." (Doc # 1, ¶ 43.)  Plaintiffs fail to enhance factually or legally the example by explaining how the Defendants lacked jurisdiction or authority over the offense.

Plaintiffs also state that Defendants illegally prosecuted and incarcerated Plaintiffs by "add[ing] enhancement and other fines and costs where there is no jurisdiction or authority for such under Alabama law."  (Id.)  Plaintiffs do not attempt to show (1) why Defendants do not have authority or jurisdiction, (2) how adding enhancements and other fines and costs constitute an illegal prosecution, or (3) how adding enhancements and other fines and costs constitutes an illegal incarceration.  Plaintiffs' claim for illegal prosecution fails.

> **E.** **Count Five Fails to State a Claim for False Imprisonment and Unlawful Detention.**

The Plaintiffs allege false imprisonment against all Defendants in violation of their constitutional, statutory and common law rights.  (Doc # 1, ¶ 44.)  Ala. Code § 6-5-170 (1975) states: "False imprisonment consists of the unlawful detention of the person of another for any length of time whereby he is deprived of his personal liberty."  A false imprisonment claims based on a claimant's incarcerations after an arrest by an officer must allege that an illegal arrest was made.  Sokol Bros. Furniture Co. v. Gate, 93 So. 724, 726 (Ala. 1922).  A false imprisonment

11

claim alleging violations of constitutional rights "requires showing common law false imprisonment combined with the defendant's deliberate indifference to the plaintiff's 'right to be free from continued detention after it was or should have been known that the detainee was entitled to release.'" Galloway v. City of Abbeville, No. 1:11-cv-66, U.S. Dist. LEXIS 90974, at *24 (M.D. Ala. July 2, 2012) (quoting Cannon v. Macon County, 1 F.3d 1558, 1562-63 (11th Cir. 1993)); see also West v. Tillman, 496 F.3d 1321, 1327 (11th Cir. 2007); Campbell v. Johnson, 586 F.3d 835, 840 (11th Cir. 2009).    Examples of such "deliberate indifference" include a plaintiff's imprisonment for thirty "thirty days beyond the expiration of his sentence in the absence of a facially valid court order or warrant," Douthit v. Jones, 619 F.2d 527, 532 (5th Cir. 1980), and where a plaintiff was detained for five months after an arrest without probable cause, Ortega, 85 F.3d at 1523-24.

Plaintiffs' false imprisonment claim fails.  First, Plaintiffs provide no facts showing they were arrested without probable cause.  "[L]iability for false imprisonment, like liability for malicious prosecution, cannot be predicated merely on a person's good faith act of giving information to a police officer tending to show that a crime has been committed. . . ." Crown Cent. Petroleum Corp. v. Williams, 679 So. 2d 651, 654 (Ala. 1996).  "An arrest made with probable cause ... constitutes an absolute bar to a section 1983 action for false arrest." Ortega, 85 F.3d at 1523-24.

Second, Plaintiffs fail to support the assertion that JCS was responsible for their false imprisonment.  A false imprisonment claim made under Section 1983 must plead a causal link between JCS and their alleged injury.  See Holt, 361 Fed. App'x at 77.  Under Alabama common law, a case for false imprisonment will not lie where the plaintiffs fail to show that the defendant personally incarcerated the plaintiffs or instructed another to incarcerate the plaintiffs.  See Upshaw v. McArdle, 650 So. 2d 875 (Ala. 1994).  The complaint does not allege that JCS arrested,

detained or incarcerated the Plaintiffs.  Instead, the complaint asserts that JCS requested an arrest warrant be issued.  (See Doc # 1, ¶¶ 15-16.)

The fulfillment of JCS' employees' duties to Childersburg as probation officers involved investigation and supervision of probationers assigned to them by the municipal court.  See Ala. Code § 12-14-13(e) (1975).  Inherent in that obligation is the authority to make a recommendation to the municipal court for an issuance of an arrest warrant when probable cause exists that a probationer violated a condition of his probation.  See id. at § 12-14-13(i).  It was a proper exercise of JCS' authority to request an arrest warrant to be issued against a recalcitrant probationer.

Plaintiffs do not allege that JCS lacked probable cause or was acting in bad faith when it requested issuances of arrest warrants for probationers who violated their conditions of probation. The complaint admits that JCS requested the arrest warrant because the Plaintiff had not paid the fees or fine. (Doc. # 1, ¶ 15-16.)  Payment of fines, fees or court costs imposed by a municipal court for punishment for a crime is considered conditions of probation.  Ala. Code § 12-14-13(d)(7) (1975).  Because the complaint fails to allege JCS personally incarcerated the Plaintiffs or lacked probable cause in requesting issuances of arrest warrants, the complaint fails to state a claim for false imprisonment against JCS.

F.      **Count Six Fails to State a Claim for False Arrest.**

The complaint does not allege facts constituting a false arrest.  A false arrest claim under both Alabama law and the federal Fourth Amendment requires proof that JCS arrested a plaintiff without probable cause.  See Ortega, 85 F.3d at 1523-24; City of Birmingham v. Major, 9 So. 3d 470, 479 (Ala. 2008).  The complaint states, "The Defendants falsely arrested Plaintiffs and those similarly situated, doing so without probable cause, and doing so illegally to coerce payment." (Doc # , ¶ 45.)  The allegations are conclusions only.

No link between JCS and Plaintiffs' arrests are alleged.  Plaintiffs do not complain about their <u>arrests</u>. Instead, throughout the complaint, Plaintiffs complain only about their <u>incarceration</u>. The Fourth Amendment's protection against unreasonable search and seizures is inconsistent with complaints related to incarceration.  <u>Phelps v. Coy</u>, 286 F.3d 295, 299 (6th Cir. 2002); <u>see</u> <u>Hudson v. Palmer</u>, 468 U.S. 517, 527-28 (1984) (explaining prisoners have no expectation of privacy while incarcerated).  Moreover, Alabama's common law claim for false arrest applies to complaints concerning the arrest, not the subsequent incarceration.  <u>See</u> <u>Upshaw v. McArdle</u>, 650 So. 2d at 879 (collapsing analysis of false arrest and false imprisonment claims, explaining a false arrest can lead to false imprisonment).  The one paragraph reserved for the false arrest claim, providing not one supporting fact, is insufficient to state a claim.

Plaintiffs fail to allege that their arrest was not made "pursuant to a valid warrant issued by a lawfully authorized person."  <u>Ennis v. Beason</u>, 537 So. 2d 17, 19 (Ala. 1988).  Plaintiffs fail to allege JCS was the arresting party, <u>see</u> <u>Upshaw</u>, 650 So. 2d 875, or factually enhance its statement that the arresting party lacked probable cause.  <u>See</u> <u>Crown Cent. Petroleum</u>, 679 So. 2d at 654. Plaintiffs' claim for false arrest fails.

### G.    Count Seven Fails to State a Claim for Malicious Prosecution.

Plaintiffs allege malicious prosecution against all Defendants.  "To successfully maintain an action for malicious prosecution in Alabama, the plaintiff has the burden of proving that a prior judicial proceeding was instigated by the defendant without probable cause and with malice, such proceeding ending in favor of the plaintiff, but nevertheless causing the plaintiff damages."  <u>Ala. Power Co. v. Neighbors</u>, 402 So. 2d 958, 962 (Ala. 1981).  "All of these elements being essential, the plaintiff must prove them in order to prevail because an action for malicious prosecution is not favored at law."  <u>Id</u>.

The allegations are mere conclusions. "The Defendants maliciously prosecuted Plaintiffs and those similarly situated, doing so without probable cause, and doing so illegally to coerce payment." (Doc # 1, ¶ 45.) Plaintiffs do not allege a link between JCS and Plaintiffs' prosecutions.

"It is axiomatic that there can be no cause of action for malicious prosecution unless the evidence shows that the judicial proceeding was instigated by the defendant." Ala. Power Co. v. Neighbors, 402 So. 2d at 962. "If a defendant merely gives legal information regarding the plaintiffs' alleged criminal violations, leaving the decision to prosecute to the court or law enforcement's uncontrolled discretion, which decides independently to institute legal proceedings against the plaintiffs, in a malicious prosecution action the defendant is not regarded as having instigated the criminal proceeding." Id. Plaintiffs fail to show JCS acted otherwise.

JCS did not instigate criminal proceedings against any of the Plaintiffs. At most, JCS provided the municipal court with information regarding nonpayment of fines and costs. Any decision regarding prosecution or incarceration was within the municipal court's sole discretion. Ala. Code §12-14-1 (1975). "The plaintiff has the burden of proving each and every one of the above elements to be successful in an action for malicious prosecution." Ala. Power Co. v. Neighbors, 402 So. 2d at 966. "If the plaintiff fails to prove any one of those items, then the defendant is entitled to a judgment as a matter of law." Id. at 967 (citations omitted).

The Plaintiffs do not allege facts establishing that JCS instigated criminal proceedings against them, an element necessary to support a claim of malicious prosecution. It is implausible to believe that a private probation company reporting on a probationer's compliance with the conditions of probation and collecting fines and fees had malice toward the Plaintiffs and proximately caused this prosecution. The malicious prosecution claim fails.

### H.        Count Eight Fails to State a Claim for Abuse of Process.

Plaintiffs allege abuse of process against all Defendants.  To establish a claim of abuse of process, the Plaintiffs must prove: "1) the existence of an ulterior purpose, 2) a wrongful use of process, and 3) malice."  C.C. & J., Inc. v. Hagood, 711 So. 2d 947, 950 (Ala. 1998).  Whereas "[m]alicious prosecution concerns the wrongful **issuance** of process; abuse of process concerns the wrongful use of process after it has been issued."  Id. (emphasis in original) (citations omitted).

The allegations are mere conclusions.  "Defendants committed the tort of abuse of process by intentionally and/or recklessly using and misusing the criminal legal process to harass and intimidate Plaintiffs and those similarly situated for improper and illegal reasons."  (Doc # 1, ¶ 47.)

Further analysis of the tort of abuse of process is unnecessary because JCS was never a part of the criminal proceedings initiated and maintained against the Plaintiffs.  The complaint does not even make such allegations.  JCS was in no way involved in the decision to bring legal proceedings against the Plaintiffs or the decision to maintain those legal proceedings.  See Ala. Code §12-14-1(b) (1975).  The municipal court maintained exclusive control over the legal proceedings against the Plaintiffs.  See id.  JCS had no involvement in the administration of those proceedings.  See id.  The Plaintiffs do not allege facts establishing or implicating JCS' involvement in the legal proceedings against them.  The abuse of process claim fails.

### I.        Count Nine Fails to State a Claim for Unconstitutional Application of Alabama Code § 15-18-62 (1975).

Plaintiffs claim for "Unconstitutional Application of Alabama Code Section 15-18-62" amounts to nothing more than a re-pleading of the alleged unconstitutional violations in Counts I, II and III.  Plaintiffs again complain about the alleged failure of all Defendants to provide indigent services.  First, the claim should be dismissed because it is superfluous.  Cooper v. Rogers, 2012 U.S. Dist. LEXIS 24543, at *10; Greenwell, 2012 U.S. Dist. LEXIS 118917, at *22.

Second, the complaint fails to specify which constitutional rights were violated by JCS.  See Winer Family Trust, 503 F.3d at 335 (noting that omissions must be alleged "with particularity as to the defendant").  Third, Plaintiffs fail to cite authority to support the argument that a municipal court's violation of this statute amounts to a constitutional violation.

Moreover, as explained previously, JCS had no duty to provide probationers with indigent services, see Ala. Code § 12-14-9, and Plaintiffs fail to allege that they requested, but were denied, indigent services.  Count Nine fails.

J.      Count Ten Fails to State a Claim for Operation of an Unconstitutional and Illegal Enterprise in Violation of the Rights of Plaintiffs' Class.

Count Ten is a collection of scurrilous and frivolous allegations.  Plaintiffs bring this claim to remedy violations of the Plaintiffs' Class, alleging that JCS arbitrarily kept and wrongfully withheld payments, which should have been credited to fines and costs, with no set rules or regulations.  (Doc # 1, ¶ 49.)  Further, Plaintiffs assert that defendants "added unreasonable fees . . . to keep individuals within the payment system and further benefit JCS."  (Id.)  To remedy this alleged unconstitutional enterprise, Plaintiffs seek declaratory and injunctive relief.

First, Plaintiffs offers scant-to-no facts to support their assertions.  The complaint offers no factual support for Plaintiffs' assertion that JCS wrongfully kept or withheld payments.  The same applies to Plaintiffs' assertion that no rules or regulations existed to govern JCS' contractual relationship with Childersburg, which ignores that an actual contract exists between the two entities.  Further, Plaintiffs remark that Defendants added unreasonable fees to keep Plaintiffs in the "payment system" is unsupported by what little facts are alleged.  Plaintiffs' claims are the "naked assertion devoid of further actual enhancement" that is prohibited.  Iqbal, 556 U.S. at 678.

Second, Plaintiffs cite no authority that supports its contention that the contract between JCS and Childersburg constituted an "illegal enterprise."  The Alabama Supreme Court and

Attorney General have opined that it is constitutional for a municipality to contract with a private, offender-paid probation company.  <u>Wilkins</u>, 672 So. 2d at 510; Ala. Attorney General Opinion 98-00043.  Plaintiffs' illegal enterprise claim has no substance in law or fact.

 <u>Third</u>, declaratory and injunctive relief is an improper remedy for the Class because "prospective relief accords [them] no remedy at all."  <u>See</u> <u>Franklin v. Gwinnett County Pub. Sch.</u>, 503 U.S. 60, 76 (1992).  The complaint defines the Class in the past tense, alleging only past wrongs.  The Class encompasses "[a]ll individuals . . . <u>incarcerated</u>," "[a]ll individuals who have <u>paid</u>," and "all individuals who <u>received</u> only fines and not initial jail sentences, but who <u>paid</u> probation fees."  (Doc # 1, ¶ 19.)  It rationally follows from the Plaintiffs' allegations of only past wrongs that any hint of possible future harm also lacks "sufficient immediacy and reality."  <u>See</u> <u>Bauer v. Texas</u>, 341 F.3d 352 (5th Cir. 2003).  It is not reasonable for Plaintiffs to assert that a real possibility exists for them to be convicted and sentenced to probation for breaking the law again.  Therefore, an action for damages – if a party has experienced actual injury - provides a more adequate remedy – but Plaintiffs and the described Class have suffered no injury. A court may properly refuse declaratory relief if a more adequate remedy at law exists.  <u>Angora Enter., Inc. v. Condo. Ass'n of Lakeside Village, Inc.</u>, 796 F.2d 384, 387-88 (11th Cir. 1986).   The Plaintiff Class' claim for an illegal enterprise between Defendants fails.

 **K.** **Count Eleven Fails to State a Claim for Declaratory and Injunctive Relief.**

 Plaintiffs Gina Kay Ray and those members included in the Class are former probationers asserting no allegations suggesting the threat of future probation.  Their alleged injury is backward-looking, and they stand to gain nothing from the injunctive and declaratory relief they seek.

 The Supreme Court has stated that past wrongs do not in themselves amount to that real and immediate threat of injury required for declaratory relief, and a mere statement made by plaintiff that he could be injured in the future lacks "sufficient immediacy and reality."  <u>Golden v.</u>

Zwickler, 394 U.S. 103, 108-09 (1969).  Any past wrongs alleged by Plaintiff Ray and the Class do not make a real and immediate threat of injury necessary to make out a case or controversy. Further, any future wrongs that may be surmised from the complaint's inadequate pleadings are too speculative to create a real and immediate threat of injury necessary to make out a case or controversy, as it relates to Plaintiff Ray and the Class.  See id.

The complaint does not allege that Plaintiff Ray is currently on probation or subject to fines or will be in the immediate future.  (See Doc # 1, ¶¶ 12-13.)  Further, the complaint defines the Class in the past tense.  The Class encompasses "[a]ll individuals ... incarcerated," "[a]ll individuals who have paid," and "all individuals who received only fines and not initial jail sentences, but who paid probation fees."  (Doc # 1, ¶ 19.)  It rationally follows from the Plaintiffs' allegations of only past wrongs that any hint of possible future harm also lacks sufficient immediacy and reality.  See Bauer v. Texas, 341 F.3d at 352, 358.  It is not reasonable for Plaintiffs to assert that a real possibility exists for them to be convicted and sentenced to probation for breaking the law again.

Because Plaintiff Ray and the Class assert only past wrongs, an action for damages provides a more adequate remedy for Plaintiffs' alleged injuries (but they have not alleged adequately and cannot prove an injury).  A court may properly refuse declaratory relief if a more adequate remedy at law exists.  Angora Enter., 796 F.2d at 387-88.  Plaintiff Ray and the Class do not allege that they are currently on probation or will be in the future.  "[P]rospective relief accords [them] no remedy at all."  See Franklin v. Gwinnett County Pub. Sch., 503 U.S. 60, 76 (1992) (because plaintiff no longer attended school where alleged sexual discrimination occurred, prospective relief was inappropriate).

Although Plaintiffs Johnson and Jew do allege they are currently on probation, the overall allegations of Plaintiffs' constitutional rights violations are insufficient to support a claim for declaratory judgment.  Again, Plaintiffs fail to show how JCS is responsible for duties solely the

19

prerogative and responsibility of the municipal courts.  Therefore, declaring that JCS' structure and operation is unconstitutional or enjoining JCS from fulfilling its duties to Childersburg and other municipalities will not provide relief for fines and fees imposed by the municipal court, probation revoked by the municipal court or incarceration ordered by the municipal court.  See Ala. Code (1975) § 12-14-13.  Plaintiffs' claim for declaratory relief against JCS fails as a matter of law.

> ### L.    Municipalities May Contract With Private Companies to Provide Probation Services and to Collect Municipal Court Fines.

The complaint contends that the "functions of the municipal court have been unlawfully contracted to a private business."  (Doc # 1, ¶ 8.)  This allegation is unsubstantiated by Alabama law.  Plaintiffs' position that an Alabama municipality may not contract with a private company to collect delinquent court fees is frivolous and contradicted by Alabama Supreme Court authority.  "The power to contract with a private firm to aid in the collection of delinquent municipal court fines can and must be 'necessarily implied' from the power granted to cities and the obligation imposed on cities in § 12-14-2(a) to adequately support their municipal courts."  Wilkins, 672 So. 2d at 510.

Similarly, authority exists to support municipalities that contract with private probation companies.  In Alabama Attorney General Opinion 98-00043, then State AG William H. Pryor, Jr. cited to the statutory and constitutional authority allowing a private probation company to contract with a municipal court.  The Alabama Code specifically allows municipal judges the authority to place individuals on probation and to designate probation officers or other persons designated by the judge.  Ala. Code §12-14-13(d)(3) (1975).  The Alabama Code authorizes municipalities to provide probation services.  Ala. Code §12-14-2(a) (1975).

As subdivisions of the State, municipalities can only exercise the power conferred by law.  Wilkins, 672 So. 2d at 509.  A municipality, however, "need not predicate its every action upon

some specific express grant of power." <u>Id</u>.  "Alabama's cities possess certain implied powers that derive from the nature of the powers expressly granted to them by the legislature." <u>Id</u>.  "A municipality may exercise those powers that are explicitly granted to it by the legislature, as well as those powers that are necessarily implied from an express grant of power." <u>City of Birmingham v. Graffeo</u>, 551 So. 2d 357, 360 (Ala. 1989).

Cities may contract in furtherance of their governmental functions.  Ala Code § 11-40-1 (1975).  The power to contract for private probation services is necessarily implied from the express power granted to cities to provide probation services.  <u>See</u>, <u>generally</u>, <u>Wilkins</u>, 672 So. 2d at 510.  Accordingly, a municipality may contract with a private probation service to fulfill the needs of the municipal court.

Additionally, Alabama Code § 12-14-13(d) (1995) grants a judge broad authority to place conditions on probation.  The statute provides a listing of conditions that the judge may impose on a probationer, and also gives the judge the authority to require the probationer to comply with "any other conditions."  <u>Id</u>.  Therefore, a municipal judge can assess a supervision fee upon each probationer as a condition of probation.

The Plaintiffs do not cite a single statute, constitutional clause or reason why they believe that the imposition of probation fees or the Client Agreement between JCS and Childersburg is not permitted under state or federal law.  JCS is entitled to a judgment on the pleadings on all claims.

**M.**      **JCS is entitled to absolute quasi-judicial immunity.**

Plaintiffs repeatedly allege that JCS has been "allowed to act as a quasi-judicial agency of the City of Childersburg."  (Doc # 1, ¶¶ 5, 8, 49.)  Based on the Plaintiff's allegations, JCS is entitled to absolute quasi-judicial immunity.

According to the Eleventh Circuit:

> Absolute quasi-judicial immunity derives from absolute judicial immunity. Judges are absolutely immune from civil liability under section 1983 for acts performed in their judicial capacity, provided such acts are not done in the "clear absence of all jurisdiction." Nonjudicial officials are encompassed by a judge's absolute immunity when their official duties "have an integral relationship with the judicial process." Like judges, these officials must be acting within the scope of their authority.

Roland v. Phillips, 19 F.3d 552, 555 (11th Cir. 1994) (citations omitted) (emphasis in original).

Quasi-judicial immunity extends to court appointed persons, who are not judges, when acting within the scope of their authority, and their official duties has an integral relationship with the judicial process.  See, Prop. Mgmt. & Invs., Inc. v. Lewis, 752 F.2d 599, 603-04 (11th Cir. 1985) (corporate receiver protected by judicial immunity in executing orders of appointing judge because complaint did not allege that he acted outside his authority).  The absolute quasi-judicial immunity of a nonjudicial official is determined by a functional analysis of the action taken by the official in relation to the judicial process.  Roland, 19 F.3d at 555.  Using similar analysis, the Eleventh Circuit Court of Appeals has determined that probation officers receive immunity in preparing presentence investigative reports.  Hughes v. Chesser, 731 F.2d 1489, 1490 (11th Cir. 1984).

The status of JCS as a private corporation does not bar its use of quasi-judicial immunity. The Supreme Court has held that "[a]ffording immunity not only to public employees but also to others acting on behalf of the government similarly serves to ensure that talented candidates are not deterred by the threat of damages suits from entering public service."  Filarsky v. Delia, 132 S. Ct. 1657, 1665 (2012) (citations omitted) (internal quotations omitted).  As a general rule, the Supreme Court finds this immunity should be applied widely.  Id. at 1666.

The Supreme Court has been reluctant to limit the application of immunity.  However, circumstances exist where the Court has done so.  The Court made "a self-consciously narrow decision" in Richardson v. McKnight to limit the status of immunity.  Id. at 1667; see also,

22

Richardson v. McKnight, 521 U.S. 399, 409-11 (1997).  Specifically, in Richardson v. McKnight, the Court held that, "'a private firm, systematically organized to assume a major lengthy administrative task (managing an institution) **with limited direct supervision by the government**, undertak[ing] that task for profit and potentially in competition with other firms' – combined sufficiently to mitigate the concerns underlying recognition of governmental immunity under § 1983." Filarsky, 132 S. Ct. at 1667 (emphasis added).  In making this ruling "[t]he Court made clear that its holding was not meant to foreclose all claims of immunity by private individuals." Id.  Therefore, if any difference between the current situation and Richardson v. McKnight exists, immunity is not precluded for JCS.

The circumstances in this case are distinguishable from Richardson v. McKnight because JCS is engaged with Childersburg in an enterprise, according to the complaint.  The complaint does not make JCS a totally, independently operating entity.  In Richardson v. McKnight, the private entity made final decisions in regards to inmates without consultation with the judiciary.  JCS is entitled to absolute quasi-judicial immunity and a judgment as a matter of law.

### N.    The Complaint Should be Dismissed for Failure to Plead Claims Based on Fraud with Particularity.

Plaintiffs described actions underlying all their claims as "fraudulent activity."  (Doc # 1, ¶ 9.)  Plaintiffs state that Defendants granted unlawful authority to JCS and allowed JCS to intimidate and to threaten Plaintiffs with incarceration in a ruse collect fines.  (Id.)

"In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity."  Fed. R. Civ. P. 9(b).  "This Rule 'serves an important purpose in fraud actions by alerting defendants to the precise misconduct with which they are charged and protecting defendants against spurious charges of immoral and fraudulent behavior.'"  Brooks v. Blue Cross & Blue Shield, 116 F.3d 1364, 1370-71 (11th Cir. 1997).  To satisfy the heightened

pleading standard for claims based on fraudulent activity, a complaint must allege: "(1) the precise statements, documents, or misrepresentations made; (2) the time, place, and person responsible for the statement; (3) the content and manner in which these statements mislead the Plaintiffs; and (4) what the defendants gained by the alleged fraud." Id at 1380-81. The complaint fails to meet this heightened standard.

Plaintiffs fail to state the times, places and persons responsible for referring to JCS' employees as probation officers, how this reference misled Plaintiffs, and what Defendants gained from it. The same applies to Plaintiffs statement that JCS employees were "allow[ed] to construct documents which appear[ed] to be court orders," holding them out as having "the force and effect" of law. (Id.) Plaintiffs fail to state specifically what documents JCS constructed, what were the allegedly false statements, how these allegedly fraudulent documents misled Plaintiffs, and what Defendants gained.

Claims that "lump together" defendants should be rejected, especially if fraud is alleged, because of the particularity requirements of Rule 9(b). Kivisto v. Miller, Canfield, Paddock & Stone, PLC, 413 Fed. App'x 136, 139 (11th Cir. 2011). Plaintiffs fail to distinguish sufficiently between the actions of all Defendants in the complaint. The complaint fails to provide the notice to JCS required by Rule 9(b). Brooks, 116 F.3d at 1370-71. Plaintiffs' claim of "fraudulent activity," unsupported by facts, is the precise "spurious charges of immoral and fraudulent behavior" against which Rule 9(b) protects. See id.

O.     The Plaintiffs Lack Standing.

Plaintiffs do not have standing to assert claims under the Client Agreement between Childersburg and JCS. (See Doc # 1, ¶¶ 8-9, 23(c)-(j).) They are not a direct party. Therefore, they must base their claim as a third-party beneficiary.

A party claiming to be a third-party beneficiary must establish standing.  Dunning v. New Eng. Life Ins. Co., 890 So. 2d 92, 97 (11th Cir. 2011). That is, "that the contracting parties intended, upon execution of the contract, to bestow a direct, as opposed to an incidental benefit upon the third party."  Id. (quoting Weathers Auto Glass, Inc. v. Alfa Mut. Ins. Co., 619 So. 2d 1328, 1329 (Ala. 1993)).  Standing in a third-party beneficiary claim requires the complainant to show: "1) that the contracting parties intended, at the time the contract was created, to bestow a direct benefit upon a third party; 2) that the complainant was the intended beneficiary of the contract; and 3) that the contract was breached."  Locke v. Ozark City Bd. of Educ., 910 So. 2d 1247, 1250 (Ala. 2005) (quoting H.R.H. Metals, Inc. v. Miller, 833 So. 2d 18, 24 (Ala. 2002)).

The Plaintiffs failed to state any facts indicating that they were third-party beneficiaries. The Plaintiffs can neither show that the purpose of the contract was to "bestow a direct benefit" upon them, nor can the Plaintiffs show they were "the intended beneficiaries of the contract."  See id.  Therefore, the Plaintiffs lack standing to assert any claim under the Client Agreement.

## III.   CONCLUSION

For the foregoing reasons, the complaint should be dismissed.

Respectfully submitted on September 18, 2012.

Respectfully,


/s/ Wayne Morse, Jr.
Wayne Morse, Jr.
Attorney for Judicial Correction
Services


WALDREP STEWART &
KENDRICK, LLC
2323 Second Avenue North
Birmingham, Alabama  35203
Telephone:    (205) 327-8325
Facsimile:     (205) 327-8395

## <u>CERTIFICATE OF SERVICE</u>

       I hereby certify that on September 18, 2012, I electronically filed the foregoing pleading with the Clerk of the Court using the CM/ECF system which sends notification of such filing to the following attorneys of record.  I also hereby certify that I have mailed via U.S. Postal Service, the foregoing document to any of the following who may not be CM/ECF participants.

G. Daniel Evans, Esq.
Alexandria Parris, Esq.
The Evans Law Firm
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209

William Dawson, Esq.
Dawson Law
2229 Morris Avenue
Birmingham, AL 35203


                                          */s/ Wayne Morse, Jr.*
                                          OF COUNSEL