FILED
2015 Aug-17  PM 05:01
U.S. DISTRICT COURT
N.D. OF ALABAMA

## IN THE UNITED STATED DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| **GINA KAY RAY, KRISTY FUGATT,** ) | |
| **TIMOTHY FUGATT, and** ) | |
| **DEUANTE T. JEWS,** ) | |
|     **Plaintiffs,** ) | |
| ) | |
| **v.** ) | **Case No. 2:12-cv-02819-RDP** |
| ) | **OPPOSED** |
| **JUDICIAL CORRECTION SERVICES,** ) | |
| **INC.; et al.** ) | |
|     **Defendants** ) | |

## MOTION TO DISMISS BY DEFENDANTS CHC COMPANIES, INC. AND CORRECT CARE SOLUTIONS, LLC

Defendants CHC Companies, Inc. and Correct Care Solutions, LLC move the Court for an order under Fed. R. Civ. P. 12(b)(6) dismissing them from the Third Amended Complaint for failure to state a claim upon which relief can be granted as to CHC Companies, Inc. and Correct Care Solutions, LLC. The undersigned spoke with lead counsel for Plaintiffs, G. Daniel Evans, and requested voluntary dismissal of CHC Companies, Inc. and Correct Care Solutions, LLC. Mr. Evans declined to do so.

In essence, the current complaint alleges no more than CHC Companies, Inc. and Correct Care Solutions, LLC each "wholly own" other corporate defendants Judicial Corrections Services, Inc. ("JCS") and Correctional Healthcare

1

Companies, Inc.  There are no allegations of wrongdoing by CHC Companies, Inc. or Correct Care Solutions, LLC.

Further, there is no allegation CHC Companies, Inc. or Correct Care Solutions, LLC is the *alter ego* of any other defendant such that the Court can disregard the separate corporate entities or legal structure. In fact, Plaintiffs plead CHC Companies, Inc. and Correct Care Solutions, LLC are each separate legal corporate entities.   Plaintiffs do not plead any facts or circumstances under which the corporate structure of those to defendants can be disregarded.

## I.  Introduction

In deference to the Court's time and in recognition of Court's detailed knowledge of the procedural history of this case, the following is a significantly abbreviated version of the introductory section of the Court's September 26, 2013, memorandum opinion [Doc. 67], augmented to include more recent procedural events:

Plaintiffs initiated this lawsuit by filing a Complaint on behalf of themselves and those similarly situated against JCS, City of Childersburg, and B.J. Meeks, in his official capacity as Mayor of Childersburg, Alabama. Plaintiffs subsequently dropped Defendant B.J. Meeks as a party. After a hearing, the Court instructed Plaintiffs to file a Second Amended Complaint to yet again correct "shotgun" pleading deficiencies.

2

Plaintiffs filed a Second Amended and Restated Complaint against JCS and Childersburg on April 26, 2013. Plaintiff subsequently sought leave to file a third amended complaint. The Court allowed them to do so, but circumscribed the scope of such an amendment, stating: "To the extent Plaintiffs seek leave to add additional defendants, Plaintiffs' Motion (Doc. 224) is GRANTED. ***To the extent Plaintiffs seek leave to otherwise amend their Second Amended Complaint (Doc. 50) to add new claims and/or theories, Plaintiffs' Motion (Doc. 224) is DENIED***."  [Doc. 237, para. 5; emphasis added.]

## II.  Standard Under Rule 12(b)(6)

The Federal Rules of Civil Procedure require that the complaint provide "a short and plain statement of the claim showing that the pleader is entitled to relief " Fed. R. Civ. P. 8(a)(2). That being said, the complaint must include enough facts "to raise a right to belief above the speculative level." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 555 (2007). Pleadings that contain nothing more than a "formulaic recitation of the elements of a cause of action" do not meet Rule 8 standards, nor do pleadings suffice that are based merely upon "labels and conclusions" or "naked assertion[s]" without supporting factual allegations. *Twombly,* 550 U.S. at 555, 557. In deciding a Rule 12(b)(6) motion to dismiss, courts view the allegations in the complaint in the light most favorable to the non-moving party. *Watts v. Fla. Int'l Univ.,* 495 F.3d 1289, 1295 (11th Cir. 2007).

To survive a motion to dismiss, a complaint must "state a claim to relief that is plausible on its face." *Twombly,* 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009). Although "[t]he plausibility standard is not akin to a 'probability requirement,' the complaint must demonstrate "more than a sheer possibility that a defendant has acted unlawfully." *Id.* A plausible claim for relief requires "enough fact[s] to raise a reasonable expectation that discovery will reveal evidence" to support the claim. *Twombly,* 550 U.S. at 556.

The Supreme Court has recently identified "two working principles" for a district court to use in applying the facial plausibility standard. First, in evaluating motions to dismiss, the court must assume the veracity of well-pleaded factual allegations; however, the court does not have to accept as true legal conclusions when they are "couched as [] factual allegation[s]." *Iqbal,* 556 U.S. at 68. Second, "only a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* Application of the facial plausibility standard involves two steps. Under prong one, the court must determine the scope and nature of the factual allegations that are well-pleaded and assume their veracity; and under prong two, the court must proceed to determine the claim's plausibility given the well-pleaded facts. That task is context specific and, to survive the motion, the allegations must

permit the court based on its "judicial experience and common sense . . . to infer more than the mere possibility of misconduct." *Id.* If the court determines that well-pleaded facts, accepted as true, do not state claim that is plausible, the claims are due to be dismissed. *Id.*

### III. Third Amended Complaint Fails to State a Claim Against CHC Companies, Inc. or Correct Care Solutions, LLC

Getting directly to the point:  "Abundant authority crisscrossing a broad swath of jurisdictions holds that a plaintiff wishing to pierce the corporate veil to hold a particular defendant liable must set forth that intention in the complaint, and must do so in a manner that, at a minimum, satisfies the notice pleading requirements of Rule 8(a), Fed. R. Civ. P." *Northstar Marine, Inc. v. Huffman*, 2014 WL 4854843, at *9 (S.D. Ala. 2014).  Here, Plaintiffs did not plead an intention to pierce the corporate veil and plead no facts sufficient to hold CHC Companies, Inc. or Correct Care Solutions, LLC liable for the acts of any other defendant.  The Third Amended Complaint utterly fails to satisfies the notice pleading requirements of rule 8(a) as to CHC Companies, Inc. or Correct Care Solutions, LLC.

Further, the Court expressly prohibited Plaintiffs from adding new claims or theories. [Doc. 237, para. 5.]  The alter-ego ***theory*** is one of three "typical justification[s] for piercing the corporate veil" under Alabama law. *First Health, Inc. v. Blanton*, 585 So.2d 1331, 1334 (Ala.1991). Without that ***theory***, Plaintiffs

cannot state a **claim** against CHC Companies, Inc. or Correct Care Solutions, LLC.[1]  Therefore, these defendants are entitled to dismissal.

Plaintiffs' proposed Third Amended Complaint adds CHC Companies, Inc. and Correct Care Solutions, LLC. without actually alleging that those parties did anything illegal at all. The sole allegations against CHC Companies, Inc. and Correct Care Solutions, LLC are:

> CHC Companies, Inc. (which Plaintiffs erroneously call "JCS") is a Delaware corporation. On information and belief, Plaintiffs allege JCS and Correctional Healthcare Companies, Inc. are "wholly-owned and fully integrated corporations of CHC Companies, Inc."  [Doc. 256, Third Am. Compl., para. 12.]

> "CHC Companies, Inc. does business under the name of Correctional Healthcare Companies and employs and/or directs employees in the JCS operations."  [Doc. 256, para. 12.]

> Correct Care Solutions, LLC (which Plaintiffs again erroneously call "JCS") is a Delaware limited liability corporation. On information and belief Plaintiffs allege Correct Care Solutions, LLC purchased CHC Companies, Inc. and merged the operations of CHC Companies, Inc. with its own and consolidated the companies' headquarters. Plaintiffs allege on information and belief that Correct Care Solutions, LLC "controls the operations of its subsidiaries including CHC Companies, Inc., Correction Healthcare Companies, Inc. and JCS and employs and/or directs employees in the JCS operations." [Doc. 256, para. 13.]

Taken together, paragraphs 12 and 13 allege that both CHC Companies, Inc. and Correct Care Solutions, LLC "direct" "employees in the JCS operations."  That

---

[1]/ The other two justifications, inadequate capital and fraudulent purpose, are not pled either.

allegation does not state a cause of action against CHC Companies, Inc. or Correct Care Solutions, LLC.

Courts have recognized the futility in amending a complaint to attempt to pierce the corporate veil when a plaintiff cannot meet the piercing standards. This analysis is dependent on whether the plaintiff pled sufficient facts to survive a Rule 12(b)(6) motion on the piercing claim. *Friend v. REMAC America, Inc.*, 924 F. Supp. 2d 692, 697 (N.D. W. Va. 2013). In *Friend*, the plaintiff sought leave to amend his complaint to pierce the corporate veil of the defendant corporation and establish liability by the defendant's sole shareholder, owner, and operator. *Id.* at 696. The defendant opposed this, arguing that the amendment would be futile because the plaintiff had not pleaded facts that would support the piercing of the corporate veil. *Id.* The district court agreed, noting that plaintiff simply concluded that defendant failed to follow corporate formalities without actually pleading facts to support this claim. *See id.* at 700. The plaintiff similarly failed to plead facts that, if assumed true, would indicate the defendant corporation was undercapitalized. *Id.* at 701. Additionally, the court noted that adding a corporate veil argument to the case ***raises an entirely new legal theory*** that would have required the gathering and analysis of facts not already considered by the defendant. *Id.* at 701-02.

Plaintiffs' here fail to plead any of these elements of an *alter ego* theory:

1) The dominant party must have complete control and domination of the subservient corporation's finances, policy and business practices so that[,] at the time of the attacked transaction[,] the subservient corporation had no separate mind, will, or existence of its own;

2) The control must have been misused by the dominant party. Although fraud or the violation of a statutory or other positive legal duty is misuse of control, when it is necessary to prevent injustice or inequitable circumstances, misuse of control will be presumed;

3) The misuse of this control must proximately cause the harm or unjust loss complained of.

*Messick v. Moring*, 514 So.2d 892, 894-95  (Ala. 1987), alterations supplied.

For these reasons, the CHC Companies, Inc. and Correct Care Solutions, LLC should be dismissed.

## IV. The Shotgun-Style Pleading Against CHC Companies, Inc. and Correct Care Solutions, LLC Should be Dismissed

Quite inconveniently for CHC Companies, Inc. and Correct Care Solutions, LLC – and the Court – Plaintiffs indiscriminately refer to CHC Companies, Inc. and Correct Care Solutions, LLC as "JCS" while also referring to Judicial Correction Services, Inc. as "JCS."  That shotgun style of pleading leads to obvious inaccuracies which are too numerous to list here. Plaintiffs allege statements against CHC Companies, Inc. and Correct Care Solutions, LLC, under the label "JCS," which are patently false.  For example, Plaintiffs allege "JCS has contracted with … Childersburg …." [Doc. 256, para. 14.] "… Childersburg permitted JCS, at

its discretion, to use threats of revoking probation, increased fines and costs and jail time for purposes of collection." [Doc. 256, para. 142.]  "The municipal court judge employed by Childersburg contended that under the Childersburg contract, it was JCS that should determine if an 'offender' is unable to pay due to indigency and if so, to abate any fees in the probation order …." [Doc. 256, para. 146. *See also* paras. 173-75, 212, 169 (*sic*; p. 49), 180 (*sic*; p. 51), 195-96 (*sic*; pp. 53-54), 211-12 (*sic*; pp. 56-57), 229 (*sic*; p. 60), 236 (*sic*; p. 61), 244-48 (*sic*; pp. 62-63), 259 (*sic*; p. 65), and 269 (*sic*; p. 67).

Plaintiffs have not alleged a single fact that even alludes to misuse of subsidiaries by CHC Companies, Inc. or Correct Care Solutions, LLC. Instead, Plaintiffs merely assign the alleged actions of JCS to CHC Companies, Inc. and Correct Care Solutions, LLC without any further explanation. *See Nobles v. Rural Community Insurance Services*, 303 F. Supp. 2d 1279, 1288 (M.D. Ala. 2004) (denying leave to amend to add parent company to suit under the liberal Rule 15 standard because plaintiff "presented no evidence, and made no argument, that [parent company] so controls the affairs of [the subsidiary]" to make it a mere adjunct, instrumentality, or alter ego of the parent). Plaintiffs attempt to maintain new claims against CHC Companies, Inc. and Correct Care Solutions, LLC on the "sheer possibility that [the defendants] ha[ve] acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Court should dismiss CHC Companies, Inc. and Correct Care Solutions, LLC because even Plaintiffs' shotgun pleading missed the target.

## IV. Prejudice to CHC Companies, Inc. and Correct Care Solutions, LLC

The situation in this case is even more egregious than the one in *Friend*. No facts are alleged whatsoever to support a claim against CHC Companies, Inc. or Correct Care Solutions, LLC. Adding these two new defendants at this late stage of litigation, nearly three years after the filing of the initial lawsuit, and after the taking of the Plaintiffs' deposition, will no doubt further expand the already expensive and expansive discovery process. Plaintiffs' attempt to bring a corporate veil issue into this case is not and cannot be supported by facts and is prejudicial to CHC Companies, Inc. and Correct Care Solutions, LLC. It is due to be denied.

## V. Conclusions:  (A) Plaintiffs Fail To State A Claim Against CHC Companies, Inc. or Correct Care Solutions, LLC and (B) New Theories And Claims – If Stated – Violate Court's Order

Fed. R. Civ. P. 12(b)(6) requires dismissal of CHC Companies, Inc. and Correct Care Solutions, LLC because the Third Amended Complaint fails to state a claim upon which relief can be granted as to those defendants.  The complaint alleges no more than CHC Companies, Inc. and Correct Care Solutions, LLC each "wholly own" other corporate defendants, that they handled the payroll for those defendants, and somehow "directed" JCS's employees. There are no allegations of wrongdoing by CHC Companies, Inc. or Correct Care Solutions, LLC.

10

What Plaintiffs really are attempting is to state an *alter ego* theory against CHC Companies, Inc. and Correct Care Solutions, LLC. However, Plaintiffs utterly fail to allege the elements of such a theory or the facts necessary to pierce the corporate veils of CHC Companies, Inc. or Correct Care Solutions, LLC.

Therefore, the Third Amended Complaint should be dismissed under Rule 12(b)(6).

The Third Amended Complaint should also be dismissed because, if it states an *alter ego* theory, that is a *new theory or claim* and the Court explicitly prohibited Plaintiffs from including any new claims or theories in the Third Amended Complaint.  If the Third Amended Complaint actually states a new claim or theory, which it must to survive rule 12(b)(6), it should be dismissed for violating the Court's July 6, 2015, order [Doc. 237].

For these reasons, CHC Companies, Inc. and Correct Care Solutions, LLC respectfully request an order dismissing them as defendants in this matter or granting such other relief as the Court thinks is just.

RESPECTFULLY SUBMITTED,

DATED:  August 17, 2015          /s/ *Lane Finch*
                                 F. LANE FINCH, JR.
                                 (ASB-0027-I58F)
                                 Attorney for CHC Companies, Inc. and
                                 Correct Care Solutions, LLC

**OF COUNSEL:**
HAND ARENDALL LLC
2001 Park Place, Suite 1200
Birmingham, Alabama  35203
Tel:  (205) 324-4400
lfinch@handarendall.com


## <u>CERTIFICATE OF SERVICE</u>

     I hereby certify that on August 17, 2015, I have electronically filed the foregoing with the Clerk of the Court using the CM/ECF System which will send notification of filing to the following:

     All counsel of record


                          */s/ Lane Finch*
                         Of Counsel

955474