# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | |
|---|---|
| GINA KAY RAY, KRISTY FUGATT, TIMOTHY FUGATT, and DEUANTE T. JEWS,<br>    Plaintiffs,<br><br>v.<br><br>JUDICIAL CORRECTION SERVICES, INC.; et al.<br>    Defendants | CIVIL ACTION NO.<br>2:12-cv-02819-RDP |

## MOTION TO COMPEL ADDITIONAL DEPOSITION TESTIMONY OF DON HOUSTON

Defendant City of Childersburg ("Childersburg") hereby moves to compel further deposition testimony of Mr. Don Houston and such other relief the court deems appropriate. The request relates to the Counsel for Correctional Healthcare ("CHC") and Correctional Care Solutions' ("CCS") peculiar and unwarranted direction to its corporate representative, Mr. Don Houston, not to answer a question based on an "asked and answered" objection. Childersburg attempted, without success, to resolve this dispute with CHC and CCS without seeking assistance of the court. Childersburg now requests the court to compel a second deposition pursuant to Federal Rule of Civil Procedure 37(a)(3)(B)(i).

### Summary of Argument

CHC and CCS have maintained that they do not "control" Judicial Correction Services ("JCS"). One of the key indicators of "control" is the ability to direct, interrupt and/or evaluate compensation, especially if such compensation is performance related. During the September 16, 2016 deposition of Mr. Houston, he was asked if in December of 2012 he was attempting to have the CEO of CHC intervene to revisit whether JCS executives merited a "bonus" even though

1479043.2

those JCS executives missed budget projections as to revenue. In defiance of FRCP 30(c)(2), counsel for CHC/CCS directed Mr. Houston not to answer this question based on an "asked and answered" objection. Such a directive was improper on this highly germane issue. This unwarranted instruction not to answer is only the latest episode in CHC/CCS pattern of unreasonable discovery obstruction.

## Procedural History

After what appears to have been considerable difficulty, plaintiffs arranged for the FRCP 30(b)(6) deposition of CHC and CCS. Doc. 305, p. 4. Childersburg issued its own 30(b)(6) notice and identified topics relating to CHC and CCS's control and involvement in the management of JCS as topics. Doc. 409, p. 1. CHC and CCS objected based on a variety of defenses. *Id.* The Court's resolution was to allow Childersburg to follow up on any areas the plaintiffs raised during the depositions of CHC and CCS. Doc. 418.

## Relevant Factual History

Throughout this litigation, CHC and CCS have maintained they do not "control" JCS. The parties have made representations to this court, both in writing and orally, to that effect. CHC and CCS's August 17, 2015 Motion to Dismiss focuses on the argument that CCS/CHC do not control JCS.[1] Further, CHC and CCS wrote in their Motion to Dismiss that it is inaccurate and "patently false" to lump CHC and CCS with JCS. Doc. 265, pp. 8–9. Later, the companies also stated. "CHC Companies, Inc. and Correct Care Solutions, LLC both contest whether they

---

[1] In fact, the motion asserts that the plaintiffs are attempting to present an "alter ego" theory. Doc. 265, pp. 5–6. It lists the elements of the alter ego theory of veil piercing, mostly centered on the parent company's *control* and misuse of the subsidiary. Doc. 265, p. 8. The parties go on to argue that this veil piercing theory "is not and cannot be supported by the facts." Doc. 265, p. 10. In essence, the crux of the motion to dismiss rested on the fact that CHC and CCS do not control JCS.

'control' Judicial Correctional Services, Inc. and Correctional Healthcare Companies, Inc." Doc. 271, p. 2. Likewise, CHC and CCS's counsel have stated directly to the court during a hearing that they disagree that CHC and/or CCS "controls" JCS. See Dec. 29, 2015 Transcript, p.31 lines 2–3 (Plaintiffs' counsel states: "[I]t would be impossible for the Court to draft or craft an injunction order against an entity that is not controlling itself." Response of CHC/CCS counsel: "I disagree with the characterization of who owns whom and who controls whom.").

During the deposition of Mr. Houston, the current division president for state and federal for CCS, Plaintiffs' counsel introduced Plaintiffs' Exhibit 297, a December 13, 2012 e-mail[2] from Mr. Houston to Mr. Doug Goetz. At the time (2012), Mr. Houston was Chief Operating Officer of CHC Companies, Inc. and Mr. Goetz was the President of CHC Companies, LLC, the CEO of Correctional Healthcare Companies, LLC, and the immediate past CEO and CFO of JCS LLC. Exhibit A, JCS LLC 2012 Georgia Annual Report. In this email, Mr. Houston was expressing his "frustrations" with the work load the Human Resources department was handling related to JCS. Relevant Excerpts of Deposition of Don Houston, Exhibit B, p. 97. Mr. Houston also questioned how a poorly performing CHC "division" merited "raises" for its management. Exhibit B, p. 97.

During Counsel for Childersburg's opportunity to question the deponent about this email, Mr. Houston repeatedly testified about his desire for greater visibility into JCS financial operations, but Childersburg's counsel wanted to know whether there was an additional motive at work, that is, the motivation to have Mr. Goetz countermand these JCS raises. Exhibit B, pp. 213-215. Counsel for City of Childersburg's attempted to explore the additional motivation.

---

[2] Like many of the documents produced by CHS/CCS, this exhibit is heavily redacted.

However, as Mr. Houston was in the process of giving a response, Counsel for CHC/CCS interrupted and instructed the witness not to respond:

> **Mr. Tankersley**: And so the question I'm asking you is the reason why you chose to put this in an email to Mr. Goetz is so that Mr. Goetz could intervene about the raises if he chose to do so?
> **Mr. Finch**: Objection –
> **Mr. Houston**: If he chose to.
> **Mr. Finch**: – asked and answered
> **Mr. Tankersley**: He can answer it again.
> **Mr. Finch**: No, he can't answer it again.

Exhibit B, p. 215, lines 5–17 (The full text of this line of questioning is part of Exhibit B). Efforts to elicit the testimony that Mr. Houston was plainly willing to give, that Mr. Goetz had the power to intervene as to JCS raises, was repeatedly blocked by CHC/CCS counsel on an "asked and answered" basis. Exhibit B, pp. 215-217. As is present throughout his testimony, Mr. Houston avoided answering the question asked. When Counsel for Childersburg rephrased his question to clarify the information sought, Counsel for CHC/CCS improperly instructed the witness not to respond.

### The Instruction Not to Respond is Proper Only In Narrow Circumstances Not Present Here; Thus, Counsel's Instruction was Wrongful

Gone are the days when counsel could use obstruction to thwart testimony. Federal Rule of Civil Procedure 30(c)(2) requires deposition testimony to continue despite objections. Indeed, the Rule only allows an instruction not to answer under the narrowest of circumstances: when "necessary to preserve a privilege, to enforce a limitation ordered by the court, or to present a motion under Rule 30(d)(3)." Fed. R. Civ. Pro. 30(c)(2); *see also Isaac v. RMB Inc.*, 604 F. App'x 818, 821 (11th Cir. 2015) (upholding the district court's requirement for a party–deponent to attend a second deposition and pay the costs of filing the motion to compel where the deponent refused to answer questions). The advisory committee's notes state that "[d]irections

to a deponent not to answer a question can be even more disruptive than objections. Fed. R. Civ. P.. 30, advisory committee notes (1993 amendments, subdivision (d)). The 2000 Amendment notes broadened the rule; not only was a "party" prohibited from instructing a witness to respond, but any "person." Fed. R. Civ. Pro. 30, advisory committee notes (2000 amendments, subdivision (d)). The policy behind the rule is in keeping with the general purpose of finding out "what a witness saw, heard, or did—what the witness thinks." *Hall v. Clifton Precision, a Div. of Litton Sys., Inc.*, 150 F.R.D. 525, 528 (E.D. Pa. 1993) (discussing the impropriety of off–the–record witness coaching). Depositions are intended to be "question–and–answer sessions between a lawyer and a witness aimed at uncovering the facts in a lawsuit." *Id.* at 531 (considering how lengthy objections during depositions impede the deposition and influence the deponent's answer). By instructing a witness not to answer, attorneys improperly obstruct access to discoverable information. *Security Nat. Bank of Sioux City, IA v. Day*, 800 F.3d 936, 942 (8th Cir. 2015) ("The advisory committee's comments instruct that. . . directions to a deponent not to answer improperly disrupt, prolong, and frustrate the deposition testimony.").

Counsel for CHC/CCS affirmed he knew this rule. ("I am acquainted with all of the rules") Exhibit B, pg. 216 lines 5–6. At no time did counsel for CHC/CCS seek a protective order as Rule 30(c)(2) directs. No privilege was invoked or implicated that would justify such a directive not to answer. No limiting order of this court was identified that merited this peculiar and unwarranted instruction not to answer a question on a key issue in the case. To the extent counsel gives an explanation for directing the deponent not to answer, he says the question was either previously answered or "badgered" the witness, which are improper justifications for instructing a witness not to answer during a deposition.[3] 2016 CHC/CCS Letter, Exhibit C.

---

[3] In considering the issue of "badgering," the Southern District of New York recently decided that instructing a witness not to answer even highly offensive questions is improper during a deposition. *Kennedy v. City of New York*,

Childersburg did not receive an answer to a question that probed into highly relevant information. Counsel for CHC and CCS improperly instructed its witness not to answer the question, in violation of Rule 30(c)(2). For that reason, the court should compel another deposition of Mr. Houston so Childersburg may complete its discovery.

### Effort to Resolve this Dispute without Court Involvement

As FRCP 37 directs, counsel for Childersburg attempted to resolve this dispute without court involvement. Although follow up questions and answers would have been much preferred, Childersburg was willing to resolve this with Mr. Houston simply finishing the sentence that CHC/CCS counsel refused to permit. Counsel for Childersburg proposed Mr. Houston answer the question: "If he chose to, **yes**." Sept. 22, 2016 Childersburg Letter, Exhibit D. Counsel for CHC/CCS refused this resolution and instead offered: "If he chose to, **no**." Exhibit C. Such a bizarre answer not only completely contradicts the beginning of the deponent's response, it also merits many follow-up questions.[4] Indeed, this proposed "no" answer from CHC/CCS Counsel in its response to a Rule 37 answer is precisely the kind of "massaging" of facts Rule 30(c)(2) was intended to prohibit.

### Relief Requested

Federal Rule of Civil Procedure 37(a)(3)(B)(i) allows a party to move for an order compelling discovery when a deponent fails to answer a question asked under Rule 30 or 31. Childersburg was entitled to a deposition under Rule 30(b)(6), and Counsel for CCS and CHC

---

No. 12 Civ. 4166 (KPF), 2016 U.S. Dist. LEXIS 80265 (S.D.N.Y. June 20, 2016) ("Counsel's direction that Officer Noto not answer questions regarding Nazi Germany, while entirely understandable, should have been made in conjunction with an application under Rule 30(d) to terminate or limit the deposition. . .")

[4] Counsel for CHC/CCs also invoked the tolling agreement that this court has already rejected as a basis for restricting Childersburg questions on areas opened by plaintiff. Exhibit C.

improperly directed its witness not to answer a question. Further, pursuant to Federal Rule of Civil Procedure 37(a)(5)(A), if a motion to compel is granted, the court must require the party whose conduct necessitated the motion to pay the movant's expenses in creating the motion. According to those rules, Childersburg seeks the following relief:

1. An order compelling Mr. Houston to appear in Birmingham within two weeks to stand for a deposition in the law offices of counsel for Childersburg.

2. An order directing CHC to pay all costs associated with the advancing of this motion as well as for the re-deposition of Mr. Houston.

3. All such other relief the court deems appropriate.

Respectfully submitted this 6th day of October, 2016.

                                    */s/ Will Hill Tankersley*
                                    One of the Attorneys for Defendant,
                                    The City of Childersburg

**OF COUNSEL:**

Will Hill Tankersley
Gregory C. Cook
Ed R. Haden
L. Conrad Anderson IV
Ginny B. Willcox
Chase T. Espy
Christopher Friedman
BALCH & BINGHAM LLP
1901 Sixth Avenue North
Suite 1500
Birmingham, Alabama 35203
Telephone:    (205) 251-8100
Facsimile:    (205) 226-8799

Timothy P. Donahue
DONAHUE & ASSOCIATES, LLC
1020 22nd Street South
Birmingham, AL 35205

# **CERTIFICATE OF SERVICE**

      I hereby certify that on this the 6th day of October, 2016, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

G. Daniel Evans
Alexandria Parrish
D. Patrick Evans
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209

Robert L. Wiggins, Jr
Wiggins, Childs, Quinn & Pantazis, LLC
301 North 19th Street
Birmingham, Alabama 35203-3204

Erwin Chemerinsky
401 East Peltason Drive
Irvine, California 92697-8000

Larry S. Logsdon
Michael L. Jackson
Wallace, Jordan, Ratliff, & Brandt, LLC
P.O. Box 530910
Birmingham, AL 35253

F. Lane Finch, Jr.
Brian C. Richardson
Swift Currie McGhee and Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL 35203

Wilson F Green
FLEENOR & GREEN LLP
1657 McFarland Blvd N., Suite G2A
Tuscaloosa, AL 35406

                                                  */s/ Will Hill Tankersley*
                                                  OF COUNSEL