# IN THE UNITED STATED DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| GINA KAY RAY, *et al.,* )<br>    Plaintiffs, )<br> )<br>v. )<br> )<br>JUDICIAL CORRECTION )<br>SERVICES, INC., *et al.*, )<br>    Defendants. ) | Case No. 2:12-cv-02819-RDP |

## DEFENDANT CORRECT CARE SOLUTIONS, LLC'S SUPPLEMENT REPLY BRIEF IN SUPPORT OF ITS MOTION FOR SUMMARY JUDGMENT

### I.    INTRODUCTION

This Court suggested Plaintiffs dismiss their claims against CCS, LLC at the July 24, 2017 hearing. More specifically, the Court urged the Plaintiffs to "explore their heart of hearts and see if you really are trying to get Correct Care in this thing. Your positions on who is in will be boat-anchored if you have silly arguments on who should be in when they shouldn't be." "[R]ule #1 is: if your anchor drags . . ., you need a bigger anchor. Period."[1]  Plaintiffs' supplemental brief provides a bigger anchor. A bigger anchor prevents their case against CCS, LLC and, for that matter, CHC Cos., from proceeding any farther.

---

[1] *Sale Magazine*,  https://www.sailmagazine.com/cruising/ground-rules-anchoring-in-three-dimensions. (last visited Nov. 16, 2017).

Their claims are anchored by the fact they offer the Court no record evidence of a custom or policy of CCS, LLC that led to a violation of any plaintiff's constitutional rights. Instead, they double down on their argument that because there was a "merger" between CCS, LLC and CHC Cos. (following an earlier merger between JCS and CHC Cos.), that CCS, LLC is liable for the asserted constitutional violations of JCS personnel.

First of all, they cannot prove a merger between CCS, LLC and CHC Cos. That position is based on an inaccurate - if not outright misleading - description of a 2014 securities transaction. Second, Plaintiffs did not plead a *respondeat superior* claim, an alter ego claim, or a veil piercing theory. To survive summary judgment, they must show CCS, LLC implemented policies regarding probation handling in Alabama that violated Plaintiff's constitutional rights. There is no record evidence of that.

Plaintiffs' Supplemental brief in Response to CCS, LLC's Motion for Summary Judgment is devoid of any new evidence and, instead, consists exclusively of recycled arguments and "undisputed facts." Plaintiffs cite to things like "Karen Lloyd (the manager for JCS operations); Colleen Ray (the Alabama manager for JCS operations); and Stan Stevens (the IT manager for JCS operation[s]) all signed new noncompete agreements with CCS . . . ." Doc. 464, Fact 5. They do not link that to any policy or custom of CCS, LLC that led to a

constitutional violation. Plaintiffs point out that after June 2014 "the CHCC employees were paid by CCS, which directed and controlled policy." *Id.*, Facts 6 and 9. They do not link that to any policy or custom of CCS, LLC that led to a constitutional violation. None of the other "facts" are linked to a policy or custom of CCS, LLC that led to a constitutional violation.

Plaintiffs subtitle their argument section "CCS Is Responsible for Its Unconstitutional Policies and Procedures That Violated Plaintiff's Rights-Respondeat Superior Is Not the Basis of Plaintiffs Claims." That may be a true statement of the law. But their premise is keeled over by the fact they do not have any record evidence of an unconstitutional policy or procedure instituted by CCS, LLC. If that doesn't sink their case, the fact Plaintiffs offer the Court no record evidence that an act promulgated by CCS, LLC, which violated any specific constitutional right of any named plaintiff, capsizes their case.

In conclusion, when the Court disregards the unsupported statements by counsel and the proffered propaganda and platitudes which are untethered to record evidence, Plaintiffs' claims against CCS, LLC cannot survive because they are, just that, "mere claims."

## II. PLAINTIFFS' ADDITIONAL UNDISPUTED FACTS

Plaintiffs' "Statement of Undisputed Facts" 1-15 are similar to the facts in their oppositions to CHC Cos.'s and CCS, LLC's motions for summary judgment

(Docs. 642, 643). CCS, LLC adopts the responses in CHC Cos.'s and CCS, LLC's Memorandum Briefs in Support of Motions for Summary Judgment (Docs. 637, 640), Reply Briefs filed contemporaneously with this supplemental brief, the Motion to Strike Plaintiffs' Supplemental Briefs and Exhibits (Doc. 648), and CHC Cos.'s Supplemental Reply in Support of Motion for Summary Judgment filed contemporaneously with this motion, and further states:

1. Disputed. Boyle's "announcement" clearly references CHC, Inc., not CHC Cos., Inc., which is an entirely separate entity. Furthermore, the announcement is dated more than a year after any putative constitutional violation in this case. This was not a newly produced document or information following Judge Cornelius's order. (Doc. 612).

2. Disputed. Dominicis' letter clearly references CHC, Inc., which provides healthcare services, not CHC Cos., Inc. Moreover, Plaintiffs disregard the second sentence that "CCS provides healthcare services in the correctional setting." There is no mention of probation or probation services. Additionally, this letter is dated more than a year after any putative constitutional violation. This was not a newly produced document following Judge Cornelius's order.

3. This is the same "undisputed fact" from Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), no. 51. Thus, CCS,

LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 51 from its Reply re-filed on November 17, 2017.

4. This is the same "undisputed fact" from Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), no. 52. Thus, CCS, LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 52 from its Reply re-filed on November 17, 2017.

5. Disputed and immaterial. This "undisputed fact" is similar to Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), "undisputed fact" no. 53. The difference is Plaintiffs' statement Stan Stevens signed a new noncompete agreement with JCS. The cited documents do not support Plaintiffs' contention that CCS, LLC controlled CHC Cos. policy after "CHC and CCS came together." Thus, CCS, LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 53 from its Reply re-filed on November 17, 2017.

6. This is the same "undisputed fact" from Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), no. 54. Thus, CCS, LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 54 from its Reply re-filed on November 17, 2017.

7. This is the same "undisputed fact" from Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), no. 55. Thus, CCS,

LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 55 from its Reply re-filed on November 17, 2017.

8. This is similar to the "undisputed fact" from Plaintiffs' re-filed Response to CHC Cos.'s Motion for Summary Judgment (Doc. 642), nos. 51 and 56. Thus, CCS, LLC adopts the response to Plaintiffs' Additional Undisputed Facts no. 51 and 56 from CHC Cos.'s Reply re-filed on November 17, 2017.

9. Not disputed.

10. This is similar to the "undisputed fact" from Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), no. 56. Thus, CCS, LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 56 from its Reply re-filed on November 17, 2017.

11. Immaterial and disputed. Admitted that Don Houston testified he was the president of "the state and federal division." However, the organizational chart Plaintiffs cite is dated January 2015, over two years after any named Plaintiff paid any JCS fees, was arrested, and/or was placed in jail.

12. Immaterial whether separate entities contain the same or similar board members. CCS, LLC does not dispute that CHC Cos., JCS, and CCS, LLC had similar officers starting in and around 2015. David Perry deposition at pp. 18:2-13; 32:21-33:8. (Doc. 641-7).

13.     This is similar to the "undisputed fact" from Plaintiffs' re-filed Response to CCS, LLC's Motion for Summary Judgment (Doc. 643), no. 52. Thus, CCS, LLC adopts its response to Plaintiffs' Additional Undisputed Facts no. 52 from its Reply re-filed on November 17, 2017.

14.     Disputed and immaterial. The agreement with the ACLU was executed in and around March 2015, more than two years after any named Plaintiff paid any JCS fee, was arrested, and/or was placed in jail for any JCS monitored probation. Furthermore, it is immaterial whether separate entities have similar officers and/or board members. Both McClure and McCauley executed the agreement on behalf of JCS in their capacity as Secretary and Attorney for JCS. Neither CCS, LLC nor CHC Cos. were parties to the agreement.

15.     Disputed. Don Houston testified that he along with JCS employees Colleen Ray and Karen Lloyd made the determination to close the Alabama operations of JCS. Don Houston deposition at pp. 122:23-123:4 (Doc. 641-4).

## III.  ARGUMENT

Plaintiffs never identified any CCS, LLC policy or practice that was the moving force behind any alleged constitutional violation. In fact, Plaintiffs never identified a single CCS, LLC policy or practice related to JCS's handling of municipal court-ordered probations in Alabama. Instead, Plaintiffs recite their unsupported allegation that CCS, LLC employed JCS from June 2014 until JCS

7

left Alabama in 2015, and that as a result, CCS, LLC is responsible for alleged constitutional violations suffered by the Plaintiffs. This position is unsupported by evidence, entirely incorrect, and premised exclusively on Plaintiffs' misunderstanding of corporate law and inaccurate description of the relationship between entities in this case.

Plaintiffs are adamant that there are no *respondeat superior* claims against CCS, LLC in this case. "There are no *respondeat superior* claims in this case, as CCS fully controlled the people, policies, training, compliance, and legal aspects of the 'probation' line of business." (Doc. 646, p. 5). No evidence is cited to support this statement because no such evidence exists. Even if CCS, LLC did employ JCS employees starting in June 2014, there is no causal connection between anything done by CCS, LLC and the Plaintiffs' alleged damages. None of the Plaintiffs made any payments on JCS fees, were arrested as a result of a probation, or were placed in jail as a result of a probation at any time in 2013 or later. Simply, Plaintiffs can prove no set of facts of CCS, LLC's involvement at any time when any damages to the Plaintiffs allegedly occurred. Thus, Plaintiffs claims must fail.

Plaintiffs cite Doc. 428-2, p. 72, Doc. 644-1, and supplemental Exhibit 6, which have nothing to do with probation or a CHC Cos. or CCS, LLC policy or custom. In fact, Exhibit 6 is a 2015 settlement agreement in Georgia in which neither CHC Cos. nor CCS, LLC were parties. In the agreement, John McCauley

signed as an "Attorney for Judicial Correction Services, Inc." on or around March 16, 2015, which is over two years after any Plaintiffs made any payment of JCS fees in Childersburg, were arrested as a result of their probation, or were jailed as a result of their probation. Moreover, it is a fundamental principle of corporate law that parent and subsidiary entities can and often do share similar directors and officers.[2] Furthermore, there is no evidence John McCauley or anyone else signed this contract while acting on behalf of CHC Cos. or CCS, LLC.

To the extent Plaintiffs still claim they are pursuing their claims against CCS, LLC based on a single employer liability theory, it is questionable whether the theory applies to this case.[3] The single employer liability theory is a twist on the concept of corporate veil piercing and intended for use in employment discrimination actions for purposes of aggregating employees of related entities to bring an entity within the parameters of ADA, ADEA, and Title VII. The ADA requires 15 employees per entity and ADEA requires 20 employees. In this case, there is no need to aggregate JCS, CHC Cos., and CCS, LLC employees here because none of the Plaintiffs are making an employment discrimination claim against any of these entities.

---

[2] *See United States v. Bestfoods*, 524 U.S. 51, 61, 69 (1998) ("directors and officers holding positions with a parent and its subsidiary can and do 'change hats' to represent the two corporations separately, despite their common ownership.").

[3] *See, e.g., Llampallas v. Mini-Circuits, Inc.*, 163 F.3d 1236 (11th Cir. 1998) (The single employer theory and joint employer theory of liability concentrate on the degree of control an entity has over the adverse employment decision on which the employment discrimination suit is based.).

All the authority Plaintiffs cite in their Response Brief involves some type of employment discrimination suit by the plaintiff against his or her employer or an entity related to the plaintiff's employer.[4] Judge Watkins of the Middle District was asked to apply the single employer theory outside the employment discrimination context and he decided not to apply it.[5]

The remainder of Plaintiffs' arguments have been previously addressed by CHC Cos. and CCS, LLC in their prior briefs, which are adopted herein. Plaintiffs cannot prove any set of facts which would expose CCS, LLC to liability for any of the claims in this case. Therefore, this Court should dismiss Plaintiffs' claims against CCS, LLC.

## IV.　**CONCLUSION**

Plaintiffs cannot prove any set of facts which would expose CHC Cos. or CCS, LLC to liability for any of the claims in this case. Plaintiffs failed to offer the Court evidence or legal authority sufficient to impose liability on CCS, LLC for the probation activities of JCS employees. For these reasons stated above and in

---

[4] *Virciglio v. Work Train Staffing, LLC*, 2016 U.S. App. LEXIS 23422 (11th Cir. 2016) (plaintiff was fired from his job and thereafter sued his employer for retaliation in violation of the Age Discrimination in Employment Act and Title VII, and for failure to notify Plaintiff of his rights under Cobra); *McKenzie v. Davenport-Harris Funeral Home*, 834 F.2d 930 (11th Cir. 1987) (women filed a Title VII claim and an Equal Pay Act claim against her former employer and claims she was discriminated against because of her sex); *Lyes v. City of Riviera Beach*, 166 F.3d 1332 (11th Cir. 1999) (plaintiff filed action against her former employer under Title VII for claims that she was discriminated against due to her sex); *Keenan v. Matchmaker Int'l, Inc.*, 1999 U.S. Dist. LEXIS 795 (S.D. Ala. 1999) (plaintiff brought action against her former employer under the ADEA).
[5] *See Long v. Aronov Realty Management*, 645 F. Supp. 2d 1008 (M.D. Ala. 2009).

CCS, LLC's Motion for Summary Judgment, CCS, LLC respectfully submits that it is entitled to judgment as a matter of law on all the Plaintiffs' claims.

DATED: November 17, 2017          */s/ F. Lane Finch, Jr.*
                                  F. Lane Finch, Jr. (ASB-0027-I58F)
                                  Brian C. Richardson (ASB-5241-H14U)
                                  *Attorneys for CHC Companies, Inc. and Correct Care Solutions, LLC*

**OF COUNSEL:**
**SWIFT, CURRIE, MCGHEE & HIERS, LLP**
2 North 20th Street, Suite 1405
Birmingham, AL 35203
T: (205) 314-2401
F: (205) 244-1373
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 17, 2017, the foregoing was served on the following attorneys of record by one or more of the following means in accordance with the Federal Rules of Civil Procedure:

[✓]   CM-ECF Electronic Filing
[]    Email
[]    U.S. Mail
[]    Facsimile
[]    Hand Delivery

G. Daniel Evans, Esquire
gdevans@evanslawpc.com
Alexandria Parrish, Esquire
ap@evanslawpc.com
D. Patrick Evans, Esquire
dpevans@evanslawpc.com
Erwin Chemerinsky, Esquire
echemerinsky@law.uci.edu
Robert L. Wiggins, Jr., Esquire
rwiggins@wigginschilds.com
*Attorneys for Plaintiffs*

John N. Bolus, Esquire
jbolus@maynardcooper.com
*Attorney for Larry Ward*

Michael L. Jackson, Esquire
mjackson@wallacejordan.com
Larry S. Logsdon, Esquire
llogsdon@wallacejordan.com
Wilson F. Green, Esquire
wgreen@fleenorgreen.com
*Attorneys for Correctional Healthcare Companies and Judicial Correction Services*

James W. Porter, II, Esquire
jwporterii@pphlaw.net
R. Warren Kinney, III, Esquire
wkinney@pphlaw.net
*Attorneys for Brenda Wyers*

        */s/ F. Lane Finch, Jr.*
        OF COUNSEL

3574209v.2