FILED

2018 Feb-13  PM 10:31
U.S. DISTRICT COURT
N.D. OF ALABAMA

## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF ALABAMA
## SOUTHERN DIVISION

| | | |
|---|---|---|
| GINA KAY RAY, KRISTY FUGATT, TIMOTHY FUGATT and DEUNATE T. JEWS, Individually and for a class of similarly situated persons or entities, | ) ) ) ) ) | |
| Plaintiffs; | ) ) | CIVIL ACTION NO.: |
| v. | ) ) | 2:12-cv-02819-RDP |
| JUDICIAL CORRECTION SERVICES, INC., et al., | ) ) ) | |
| Defendants. | ) ) | |

## PLAINTIFFS' MOTION FOR LEAVE TO FILE
## [PROPOSED] FIFTH AMENDED COMPLAINT
## AND MEMORANDUM IN SUPPORT

G. Daniel Evans
Alexandria Parrish
D. Patrick Evans
Maurine C. Evans
THE EVANS LAW FIRM, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209
(205) 870-1970
gdevans@evanslawpc.com

Leslie A. Bailey
Brian Hardingham
PUBLIC JUSTICE
555 12th Street, Suite 1230
Oakland, CA 94607
(510) 622-8150
lbailey@publicjustice.net
(*admitted pro hac vice*)

*Counsel for Plaintiffs and the Proposed Classes*

## TABLE OF CONTENTS

INTRODUCTION ...................................................................................................................1

FACTUAL BACKGROUND.................................................................................................2

    A.    Relevant Procedural History and Previous Amendments to Complaint..................2

    B.    The Court's Recent Summary Judgment Decision and Plaintiffs' Motion for Reconsideration. ...................................................................................................4

ARGUMENT.........................................................................................................................5

I.     The Court Should Grant Leave to Plaintiffs to Amend the Complaint Under Rule 15 and in the Interest of Justice................................................................................6

II.    Plaintiffs' Section 1983 Conspiracy Claims Are in Accordance with the Court's Instructions..............................................................................................................7

III.   The Court Should Grant Leave for Plaintiffs' Other Proposed Amendments. ....................9

    A.    Plaintiffs Should Be Permitted to Amend the Complaint to Clarify Points in response to the Court's Summary Judgment Rulings. .........................................9

        1.    Plaintiffs should be permitted to add brief summaries of their constitutional allegations to the existing counts. .........................................9

        2.    Plaintiffs should be permitted to clarify that they seek restitution of fees. ..........................................................................................................10

        3.    Plaintiffs should be permitted to amend their "void contract" claim to clarify it and add an allegation that JCS-City contracts were not competitively bid. ..................................................................................12

        4.    Allegation that JCS probation unsupported by valid order violated Due Process...................................................................................................14

    B.    Plaintiffs Should Be Permitted to Amend Their Class Definitions. .......................14

    C.    Plaintiffs Should Be Permitted to Correct Factual Errors and Add a Small Number of Important Facts Gleaned from Discovery. .........................................18

    D.    Plaintiffs Should Be Permitted to Make Non-Substantive Changes to Fix Typos and Improve Grammar, Readability, and Structure....................................18

IV.   There is Good Cause Under Rule 16 to Grant Plaintiffs Leave to Amend the Complaint...............................................................................................................19

CONCLUSION.....................................................................................................................19

iii

## INTRODUCTION

Pursuant to the Court's most recent Scheduling Order (Doc. 667) and Rules 15 and 16 of the Federal Rules of Civil Procedure, Plaintiffs respectfully move for leave to file a Fifth Amended Complaint. A clean copy of the proposed complaint is attached hereto as **Exhibit 1**. A comparison version showing the changes made to the proposed Fifth Amended Complaint from the Fourth Amended Complaint is attached at **Exhibit 2**. **Exhibit 3** is a detailed chart of the proposed changes, by section, to enable the Court to easily identify each proposed change by section or individually.[1]

First, as the Court specifically advised, Plaintiffs have amended the constitutional counts against Defendant Judicial Correction Services (JCS)[2] to clarify that they are alleging a conspiracy under 42 U.S.C. § 1983 between JCS and Alabama municipal courts to violate their rights and the rights of the putative classes they seek to represent. In addition to that change which was invited by the Court, Plaintiffs have taken this opportunity to propose other changes, all of which are detailed in this motion and which are based on facts and information well known to Defendants. The proposed amendments are sought in good faith. Far from prejudicing JCS, Plaintiffs respectfully submit that the improvements in clarity will benefit both the Court and the Parties. In addition, in an effort to alleviate the concerns, this motion explains the basis for each proposed substantive change.

---

[1] The chart showing the changes to each section will be submitted separately with a letter to the Court and a copy to counsel.

[2] References to "JCS" include JCS's co-defendant corporate parents and affiliates.

1

## FACTUAL BACKGROUND

### A. Relevant Procedural History and Previous Amendments to Complaint

When Plaintiffs filed their first complaint, on August 28, 2012, they sought to represent four classes, including all people on JCS probation who "were indigent and . . . were incarcerated without consideration of their indigency" and people who "paid probation fees" to JCS during the defined period after being sentenced to "only fines and not initial jail sentences." Doc. 1 at 8.

On December 20, 2012, Plaintiffs filed their First Amended Complaint ("FAC") to correct "'shotgun' pleading deficiencies." Docs. 28, 29. In the FAC, Plaintiffs honed their class definitions and clarified that they sought to represent people on JCS probation not only in the City of Childersburg, but throughout Alabama. Doc. 29 at 2.

On April 4, 2013, the Court ordered Plaintiffs to file a Second Amended Complaint ("SAC"). Doc. 43. The Court observed that the counts in the FAC were "stated against multiple defendants" and that it was "not clear which claims are asserted against which defendants and which facts [we]re being alleged with respect to each claim." Hrg. Tr. at 3-4 (Apr. 4, 2013). Accordingly, the Court requested that, in accordance with Eleventh Circuit law and in order to better permit the Court to address the case on its merits, Plaintiffs allege separate counts against JCS and the City of Childersburg. *Id.* The Court also sought confirmation from Plaintiffs' counsel that the claims against Childersburg were alleged on behalf of "a subclass of those affected by Childersburg's alleged violations of the law." *Id.* at 15; *see generally id.* at 14-17. The SAC was filed April 26, 2013. Doc. 50.

On September 26, 2013, the Court denied JCS's motion to dismiss the claims in the SAC. Doc. 67. On April 24, 2014, the Court issued a scheduling order setting out deadlines for completing discovery. Doc. 89. In that order, the Court instructed that Plaintiffs would be permitted to "join additional parties and amend the pleadings," but instructed that any motion for

2

leave to amend "shall state, specifically, those matters the part wishes to add . . . ." *Id.* at 2. The Court also set a deadline of June 15, 2014 for amending the complaint. *Id.*

On June 19, 2015, after new information about JCS's corporate structure came to light in discovery, Plaintiffs filed a motion for leave to file a Third Amended Complaint. Doc. 224. Plaintiffs' motion suggested that the only significant change to the complaint was the addition of defendants CHC Companies, Inc. and Correct Care Solutions, LLC, which, discovery had shown, are "parent companies" that control JCS's operations. Doc. 224 at 3. Plaintiffs also stated that they had added "details to the complaint that have been revealed in the discovery phase of this case." Doc. 226 at 1.

JCS strenuously objected to the addition of the new corporate defendants. Doc. 229 at 6-10. JCS also generally opposed the motion but did not object to the addition of any specific factual allegations or theories.   The City of Childersburg did not oppose the addition of the corporate defendants, but claimed that it would be prejudiced by the addition of allegations that (1) the municipal court's "bond-setting procedures [we]re unconstitutional"; (2) the contract between JCS and the city was "void because it was a 'no-bid contract' granting an 'exclusive franchise;'" and (3) the City is "liable due to its purported 'deliberate indifference' to the practices of the Municipal Court or JCS." *Id.* at 9.

On July 6, 2015, the Court issued an order denying Plaintiffs' motion to amend to the extent they sought to add "new claims and/or theories," but granted Plaintiffs leave to add additional defendants. Doc. 237 at 2; *see also* Doc. 244; Hearing Tr. at 15 (Jul. 2, 2015) (noting that Plaintiffs did "not need to amend the complaint to add facts"). On July 27, 2015, after conferring with counsel for Childersburg to resolve the City's objections, Plaintiffs filed their Third Amended Complaint. Doc. 256.

On December 30, 2015, after denying a Motion to Dismiss filed by Defendants CHC Companies, Inc. and Correct Care Solutions, LLC, the Court conditionally granted Plaintiffs' request to amend the complaint again to more clearly state the allegations against JCS's corporate affiliates. Doc. 299; *see also* Hearing Tr. at 40-41 (Dec. 29, 2015). On February 1, 2016, Plaintiffs filed the Fourth Amended Complaint, which has remained the operative complaint.

On August 11, 2016, Plaintiffs filed a Motion for Class Certification. Docs. 400, 401. JCS and the City opposed class certification. Docs. 431, 434. On October 28, 2016, the Court administratively terminated the class certification motions pending resolution of the parties' summary judgment motions. Doc. 496.   Pursuant to the Court's most recent scheduling order, Plaintiffs' Motion for Class Certification is currently due March 6, 2018. Doc. 666.

The Court granted the City of Childersburg's Motions for Summary Judgment on February 17, 2017 and denied Plaintiffs' reconsideration of that ruling on June 5, 2017. Docs. 569, 611.

### B. The Court's Recent Summary Judgment Decision and Plaintiffs' Motion for Reconsideration.

On September 12, 2017, the Court issued an order granting in part and denying in part the parties' cross motions for summary judgment. Docs. 626, 627. Three of the Court's rulings are relevant to this motion. First, while it granted JCS's motions for summary judgment on several of Plaintiffs' constitutional counts on grounds that Plaintiffs had failed to establish that the violations were attributable to a JCS custom or policy, the Court ruled that Plaintiffs may, without "enlarg[ing] the nature of the claims asserted," proceed under a § 1983 conspiracy theory.  Doc. 626 at 77 (quoting *Lacey v. Maricopa Cty.*, 693 F.3d 896, 935 (9th Cir. 2012) (*en banc*)); *see generally id.* at 77-83.  Accordingly, the Court instructed Plaintiffs to clarify in their Fifth Amended Complaint that they are "alleging, at least as part of this complaint, a conspiracy to violate rights pursuant to § 1983." Doc. 620 at 112-13; *see also id.* at 39-40, 79-82, 86-87; *see also*

4

Doc. 626 at 86 (denying JCS's summary judgment motions on Plaintiffs' § 1983 conspiracy claims).

Second, the Court denied Plaintiffs' motion for summary judgment to declare the JCS-City contract void *ab initio* on grounds that Plaintiffs' Fourth Amended Complaint did not appear to request "restitution for monies paid pursuant to a void contract." *Id.* at 85. The Court also rejected Plaintiffs' argument that the contract was not competitively bid, noting that this theory was not alleged Plaintiffs in the Fourth Amended Complaint. Doc. 626 at 84-85.

Third, the Court denied Plaintiffs' motion for summary judgment seeking to declare unlawful the practice of placing people on JCS probation without any underlying adjudication of guilt, any signed probation order, or any probation order at all, on grounds that the motion is barred by the *Rooker-Feldman* doctrine to the extent it seeks to void "actual state-court judgment[s]." Doc. 626 at 46. The Court explained that, while the request for declaratory relief is "not barred to the extent it challenges JCS's administration of probation cases *unsupported by any court order*," the named Plaintiff lack standing to bring that claim because "the Municipal Court issued *probation* orders with respect to each of them." *Id.* at 45 & n. 25 (emphasis added).

**ARGUMENT**

A party may amend her complaint "with the opposing party's written consent or the court's leave." Fed. R. Civ. P. 15. "Leave to amend should be liberally granted when necessary in the interest of justice." *W.R. Huff Asset Mgmt. Co. v. Kohlberg, Kravis, Roberts*, 209 F. App'x 931, 934 (11th Cir. 2006) (citing rule). Accordingly, the Eleventh Circuit has repeatedly instructed that, "unless there is a substantial reason to deny leave to amend, the discretion of the district court is not broad enough to permit denial." *Id.* (quoting *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir.1999)); *see also Harris v. Johnson's Giant Foods, Inc.*, No. 2:16-cv-01656, 2017 WL 1372778 (N.D. Ala. Apr. 17, 2017), at *5 (quoting rule).

I.    **The Court Should Grant Leave to Plaintiffs to Amend the Complaint Under Rule 15 and in the Interest of Justice.**

The "intent" of Rule 15 is "to assist the disposition of litigation on the merits of the case rather than have pleadings become ends in themselves." *Summit Office Park, Inc. v. U.S. Steel Corp.*, 639 F.2d 1278, 1284 (5th Cir. 1981). Thus, plaintiffs are not irrevocably bound by the claims or prayers for relief in their original complaint, but rather should be permitted to clarify their claims, correct oversights, and resolve any drafting issues that could hamper resolution on the merits.

The Eleventh Circuit has held that a district court may nonetheless deny leave to amend where there has been "undue delay," or where the proposed amendments would be futile or cause "undue prejudice" to the defendant. *Burger King*, 169 F.3d at 1319. None of those three factors are present here.

First, there has been no undue delay. The Eleventh Circuit has found undue delay where, for example, the plaintiff sought to add new claims and theories "on the eve of trial without explanation for the delay;" the proposed amendments would have delayed the trial; the motion to amend was filed "seven months after the previous motion found [to amend] to be barred by undue delay;" or where the plaintiff sought to add "new counts" that "would require proof of different facts." *Burger King*, 169 F.3d at 1319. Here, in contrast, Plaintiffs do not seek to add any new counts, claims or theories and have not missed the Court's February 13, 2018 deadline for amending. *See* Doc. 666. While it's true that this case has been pending for several years, the Eleventh Circuit has made clear that the "passage of time, without anything more, is an insufficient reason to deny leave to amend." *W.R. Huff Asset Mgmt.*, 209 F. App'x at 935 (internal citations and quotation omitted); *see also id.* (noting that the mere fact that a "case has had an undeniably long procedural history" does not, in and of itself, constitute undue delay). While motions to amend

6

have been denied as untimely where a party failed to diligently pursue the claim, *see Sosa v. Airprint Sys.*, Inc., 133 F.3d. 1417, 1419 (11th Cir. 1998), that is not the case here. Plaintiffs have diligently pursued their claims, which have remained unchanged since the filing of the original complaint in 2012. Furthermore, given that the Court has already instructed Plaintiffs to amend the complaint, no further delay will result from the additional proposed amendments.

Nor would amendment be futile, since Plaintiffs' previous complaints stated claims upon which relief may be granted. *See Hall v. United Ins. Co. of Am.*, 367 F.3d 1255, 1262–63 (11th Cir. 2004) (explaining that an amendment is futile if "the complaint as amended is still subject to dismissal"). In sum, there is no reason while these amendments should not be permitted.

Lastly, the proposed amendments will not prejudice JCS for the reasons explained below.

## II. Plaintiffs' Section 1983 Conspiracy Claims Are in Accordance with the Court's Instructions.

As instructed by the Court, Plaintiffs have amended the complaint to clarify that they are alleging a conspiracy under 42 U.S.C. § 1983 between JCS and Alabama municipal courts to violate the constitutional rights of the Plaintiffs and the members of the putative classes. *See* Hearing Tr. at 112-13 (July 24, 2017); Doc. 626 at 77-83.[3] Specifically, Plaintiffs have: (a) added several paragraphs to the Factual Allegations section setting out the evidence of an agreement or understanding between JCS and the municipal courts; and (b) added a paragraph to each of the constitutional counts summarizing the conspiracy theory.

The Court held that, based on the Rule 56 record, a reasonable jury could find that "at least two kinds of constitutional violations" were "reasonably caused by an unlawful conspiracy

---

[3] Plaintiffs presume a motion for leave would not be required merely to add the Section 1983 conspiracy theory, since this amendment was specifically invited by the Court, but are including this amendment in the larger motion for the Court's convenience, rather than filing both a Fifth Amended Complaint with just the conspiracy claims and a second Proposed Fifth Amended Complaint including the other proposed amendments for which Plaintiffs seek the Court's leave.

between JCS and the municipal court. Doc. 626 at 80. First, the Court held that Plaintiffs have presented "triable Bearden due process violations" arising from the failure of JCS and the municipal court to consider indigency or ability to pay before placing them on probation and subjecting them to arrest and imprisonment. *Id.* at 80-81. And second, the Court held that Plaintiffs had presented triable Sixth Amendment claims based on the municipal court's denial of their right to counsel. *Id.* at 80-82. The Court also described "circumstantial evidence from which an agreement [between JCS and the municipal court] to violate their constitutional rights may be inferred. *Id.* at 78. Accordingly, Plaintiffs have amended the complaint to make clear that they allege that JCS deprived them of due process and violated their Sixth Amendment rights "in conspiracy with municipal courts." See **Exhibit 1** at Count Five.

In addition to the Due Process and Sixth Amendment claims above, Plaintiffs respectfully submit that a reasonable jury could find that the violations of Plaintiffs' Fourth Amendment, Equal Protection, and Eighth Amendment rights were likewise caused by an illegal agreement between JCS and Alabama municipal courts, and have added a § 1983 conspiracy allegation to each of them in the Fifth Amended Complaint.[4]

After considering the facts and law relevant to each count and concluding that the nature of the alleged violation differs between some of the counts, Plaintiffs concluded that it would be preferable to add a conspiracy allegation specific to each existing count, rather than add one all-inclusive conspiracy claim as its own separate count. For example, in light of the Court's ruling that the duty to provide counsel for criminal defendants lies with the municipal court and not a

---

[4] While the Court held that the evidence does not support a finding that these three alleged constitutional violations occurred, Plaintiffs have sought reconsideration of those rulings *See* Doc. 663 at 1-2. If the Court denies Plaintiffs' motion to reconsider with respect to any or all those claims, the Court can simply deny leave to add the amendments for any claims on which the Court denies reconsideration.

8

probation officer, Plaintiffs have alleged that JCS violated their Sixth Amendment rights *only* in conspiracy with the municipal courts, and not that such a violation resulted solely from JCS's independent acts. But with respect to the Fourth Amendment violation, among others, Plaintiffs wish to preserve their claim that the violation was attributable, at least in part, to a JCS custom or policy. The proposed new content on Plaintiffs' conspiracy claims can be found in the proposed Fifth Amended Complaint in: (1) the heading of each constitutional count against JCS (Counts One, Three, Five, Seven, and Nine); and (2) a new paragraph towards or at the end of each constitutional count against JCS. See **Exhibit 1**.

## III.    The Court Should Grant Leave for Plaintiffs' Other Proposed Amendments.

In addition to the Section 1983 amendments specifically invited by the Court, Plaintiffs propose the following categories of amendments for which they seek the Court's leave. A description of the proposed amendment and the reasons each is warranted is provide below.

### A.    Plaintiffs Should Be Permitted to Amend the Complaint to Clarify Points in response to the Court's Summary Judgment Rulings.

Plaintiffs seek leave to clarify three points in the complaint in response to the Court's summary judgment ruling.

#### 1.    Plaintiffs should be permitted to add brief summaries of their constitutional allegations to the existing counts.

Plaintiffs propose adding one or two short paragraphs to each of the constitutional counts against JCS summarizing and clarifying the alleged violation as it was analyzed by the Court in its summary judgment order. For example, the Court's analysis made clear that the relevant inquiry for purposes of whether Plaintiffs' Fourth Amendment rights were violated is whether JCS had probable cause to seek—and the municipal courts had probable cause to issue—arrest warrants. Doc. 626 at 64-68. Accordingly, Plaintiffs have proposed adding language to their Fourth Amendment claim making clear, as they in the motion to reconsider, that they allege JCS lacked

9

probable cause to seek—and the municipal court lacked probable cause to issue—the warrants at issue in this case. *See* Doc. 663 at 3-8. Similar summary paragraphs have been added to each of the other constitutional counts.

In *Dunn v. Dunn*, for example, the court granted leave for the plaintiffs, a putative class of state prisoners to file a Fifth Amended Complaint in complex § 1983 class action that had been pending for several years. No. 2:14-cv-601-MHT, 2016 WL 5400365, at *3 (M.D. Ala. Sept. 27, 2016). The court reasoned that each substantive change was "fairly characterized as a specific clarification of a general allegation, rather than as a wholly new claim or theory of liability." *Id.* Here, too, each of Plaintiffs amendments is merely a specific clarification to a general allegation.

### 2. Plaintiffs should be permitted to clarify that they seek restitution of fees.

Plaintiffs have consistently sought to recover "all fees levied by JCS/CHC/CCS . . . that are found unconstitutional and/or unlawful (along with interest)." Doc. 305 at 64 ¶ h; *see also id.* 63 ¶ c (requesting that the Court "declare[] the JCS contract with municipalities such as Childersburg to be void"). In its ruling on Plaintiffs' motion for summary judgment to declare the contract between JCS and Childersburg void, however, the Court pointed out that the Fourth Amended Complaint lacked an explicit "claim for restitutionary relief," and therefore held that they could not prevail on the motion. Doc. 626 at 85. The Court explained that if Plaintiffs wished to assert a claim for restitution, they "must amend the complaint pursuant to Federal Rule of Procedure 15(a). *Id.* at 84. Accordingly, Plaintiffs now propose making a simple change to the complaint's prayer for relief to expressly request restitution of the fees that Plaintiffs and the class members allege were collected by JCS unlawfully.

While they didn't call it "restitution," Plaintiffs have always sought to recover the fees they allege JCS unlawfully collected. See Doc. 1 at p. 20 ¶ d (seeking an award "equal to any amounts paid on fines and/or fees levied by Defendants that are found unconstitutional and unlawful (along

with interest), and the annulment of any remaining unpaid fines or charges . . . ."). In addition, all versions of complaint have, since the beginning, included a general prayer for relief asking the Court to "Award to the Plaintiffs and the Class members such other, further and different relief to which they are entitled." Doc. 1 at 20 ¶ h; *see also* Doc. 305 at 64 ¶ j (similar language).

JCS has long been on notice that Plaintiffs sought to recover the fees paid. For example, in August 2016, JCS responded to Plaintiffs' discovery request for information the total amounts of fees JCS had collected in Alabama from August 2010 until it ceased operations. See Doc. 402-14. And JCS has made clear in its briefs that it understands that Plaintiffs seek "the return of the fees paid JCS much like a ma[k]e whole equitable group remed[y]." Doc. 431 at 16 (internal quotation and citation omitted); *see id.* at 33 ("Plaintiffs in this case seek . . . the amount of probation fees paid to JCS by probationers"). While JCS argued that such relief was not warranted because its collection of fees was not unlawful or unconstitutional, JCS in no way suggested that Plaintiffs were seeking relief that was not sought in the complaint. *Id.* at 16-17.

Even if the prayer for restitution could be considered new or different relief from that which has been sought before, courts regularly permit amendments to add claims for relief. Thus, when a plaintiff sought to amend a complaint to add a claim for damages that had not appear in its original complaint, the U.S. Supreme Court rejected the notion that the original complaint "constituted an irrevocable election of remedies." *United States v. Hougham*, 364 U.S. 310, 316-17 (1960). Applying the "ordinary liberal rules governing the amendment of pleadings," the Court reasoned that Federal Rule of Civil Procedure 15 "was designed to facilitate the amendment of pleadings except where prejudice to the opposing party would result"—and that allowing the plaintiff to seek additional damages did not rise to the level of prejudice. *Id.; see also* Wright & Miller, 10 Fed. Prac. & Proc. Civ. § 2664 (3d ed.) (explaining that under Fed. R. Civ. P. 54(c), a

11

final judgement "should grant the relief to which each party is entitled, even if the party has not demanded that relief in its pleadings" and that "the prayer for relief does not determine what relief ultimately will be awarded). In sum, the Court should permit Plaintiffs to add an express request for restitution of fees to its Prayer for Relief.

### 3. Plaintiffs should be permitted to amend their "void contract" claim to clarify it and add an allegation that JCS-City contracts were not competitively bid.

In Count Eleven of the Fourth Amended Complaint, Plaintiffs' allegations that the contracts between JCS and Alabama cities are void were mixed in with several other requests for declaratory and injunctive relief that the Court has since dismissed without prejudice as moot. *See* Doc. 309 at Count Eleven; Doc. 626 at 33-34. Accordingly, in further response to the Court's past requests that Plaintiffs make clear which factual allegations support which count, Plaintiffs have proposed moving their void contract claim into a separate Count from the other requests for declaratory and injunctive relief. This way, if the Court agrees that Plaintiffs may pursue their void contract claim, the allegations relevant to this count will be clear. *See* **Exhibit 1** at Count Eleven.

In addition, Plaintiff seek leave to add one "new" theory to their existing "void contract" claim: the allegation that awarding JCS exclusive contracts for private probation services without allowing any competitive bids violated Section 22 of the Alabama Constitution. Section 22 bars cities from entering into exclusive contracts with private companies without complying with the Competitive Bid Law codified at Ala. Code § 41-16-50 *et seq. See Kennedy v. City of Pritchard,* 404 So. 2d 432, 433 n. 1 (Ala. 1986).

Prior to the completion of discovery in this case, Plaintiffs had offered three theories for why the contracts between JCS and Alabama cities were void: (1) that they violated the Separation of Powers by unlawfully binding the municipal courts; (2) that they violated Alabama law requiring uniformity of treatment for misdemeanants; and (3) that they violated Alabama law by

12

requiring municipal court judges to impose probation without jurisdiction. *See* Doc. 309 ¶¶ 268-277. Plaintiffs then first learned through discovery in April 2015—in the deposition of Sandra Donahoo—that the City had not solicited competitive bids for the contract it awarded to JCS. Subsequent discovery confirmed that JCS's exclusive franchise was not limited to Childersburg, but consistent throughout other Alabama cities. Neither JCS nor the City has ever disputed that the contracts were exclusively bid—or that this violated the Alabama Constitution.

As the Court is aware, Plaintiffs sought to add this supporting reason to the Third Amended Complaint in July 2015. However, perhaps Plaintiffs were not as diligent in explaining to the Court how critical this newly-discovered evidence was to their void contract claim, in setting out how the evidence had been obtained, or in drawing the Court's attention to the precise changes Plaintiffs were proposing. Thus, in response to objections by the City, the Court denied leave for Plaintiffs to add this theory. *See* Doc. 237 at 2.

Subsequently, Plaintiffs included the no-bid facts in their motion for summary judgment on the void contract claim, setting out the evidence supporting the claim in that motion. But the Court denied that motion in part because it was based in part on claims "found nowhere in the Fourth Amended Complaint." Doc. 626 at 84; *see also* Doc. 475 at 1, 8 (Childersburg's opposition arguing that Plaintiffs could not seek summary judgment on their exclusive bid theory because they had been denied leave to add the theory to the Third Amended Complaint). The Court highlighted, however, that "[a] plaintiff wishing to assert a new claim must amend the complaint pursuant to Federal Rule of Civil Procedure 15(a)." Doc. 626 at 84.

Plaintiffs now respectfully seek the Court's leave to add a few sentences to the Factual Allegations and Count Eleven of the Proposed Fifth Amended Complaint setting out this theory. Plaintiffs believe they would be remiss if they did not seek approval to add the claim, given that

13

they could not have included it in the complaints they filed prior to the revelation in discovery.

### 4. Allegation that JCS probation unsupported by valid order violated Due Process.

Plaintiffs seek leave to clarify their allegation that imposing JCS probation on debtors without a valid adjudication order deprived them of due process. Plaintiffs had alleged in their Fourth Amended Complaint that it violated due process to assign debtors to JCS probation without *any* municipal court order sentencing them to a suspended jail sentence or finding them guilty of a jailable offense, or based on a blank probation order, and sought summary judgment on that claim. Doc. 546. Because the Court interpreted Plaintiffs as asking the Court to declare certain municipal court probation *orders* void, the Court denied the motion on *Rooker-Feldman* grounds.[5] *See* Doc. 626 at 45 & n. 25. The Court noted that Plaintiffs were free to challenge "JCS's administration of probation cases unsupported by any court order," but held that "the named Plaintiffs lack standing to present that particular claim because the Municipal Court issued probation orders with respect to each of them." *Id.*

Plaintiffs have not sought, and are not seeking, to invalidate any municipal court judgments. Rather, they allege that some Plaintiffs were on JCS probation without any municipal court judgment that could lawfully have justified a probation sentence. Accordingly, Plaintiffs now proposed minor amendments to the complaint to clarify this claim. Doc. 626 at 45 n. 25.

### B. Plaintiffs Should Be Permitted to Amend Their Class Definitions.

Plaintiffs seek the Court's leave to simplify, clarify, and narrow their proposed class

---

[5] This misunderstanding was almost certainly exacerbated by the reference in Plaintiffs' motion to "three categories of 'Void Orders.'" Doc. 546 at 17. But while that term was admittedly not well chosen, it should not doom the substance of Plaintiffs' claim. Accordingly, rather than seek reconsideration of the Court's ruling on this issue, Plaintiffs have endeavored to clarify their "unlawful probation" claim and its factual bases in the complaint. *See* Doc. 663 at n. 12. Since JCS did not seek summary judgment on this due process theory, and the allegations underlying the motion have not been dismissed by the Court, Plaintiffs hope to proceed to trial on this theory of liability, and accordingly are proposing changes to the complaint to clarify this allegation.

definitions. While the Court is of course not bound by the definitions in the complaints, Plaintiffs submit that neither the Court nor the parties would benefit from keeping the existing definitions— which are cumbersome and easily misunderstood—in place any longer. Rather, as this case finally nears class certification proceedings and trial, it can only aid the Court and the Parties to have clearer, simpler, more accurate class definitions going forward. Relatedly, Plaintiffs have, consistent with the Court's previous instructions, identified the proposed classes (or subclasses) on behalf of which each count is brought, and have further clarified which allegations are specific to Childersburg and which address JCS's statewide conduct.

Below, for the Court's convenience, is a chart comparing the proposed class definitions in the Fourth Amended Complaint, the Motion for Class Certification, and the Proposed Fifth Amended Complaint.

| 4th Amended Complaint Doc. 309 ¶ 79 (2/1/2016) | 2016 Class Cert motion Doc. 401 at (8/11/2016) | Proposed 5th Amended Complaint |
|---|---|---|
| All individuals who have in the past, or may in the future, receive only fines and no jail sentence for charges before the Alabama municipal courts which employ JCS and whose fines were, or may be in the future, converted to a probation under JCS; a subclass of this class which would include those individuals within the above class who received, or may receive in the future, such treatment before the Childersburg Municipal Court. | All individuals who, as of August 28, 2010 or thereafter, were assigned by municipal courts in Alabama to "probation" with JCS for the collection of fines, fees and costs. A subclass of this class which would include those individuals within the above class who received, such treatment before the Childersburg Municipal Court. | **Fees Class:** All individuals who, as of August 28, 2010 or thereafter, were assigned by Alabama municipal courts to JCS for the collection of fines, fees and costs, and who paid fees to JCS. **Childersburg Fees Subclass:** All individuals in the Fees Class who were assigned to JCS probation by the Childersburg Municipal Court. |
| All individuals who, despite their indigency, were incarcerated, or may be subject to incarceration, without consideration of their indigency for failure to pay charges and fees for services allegedly rendered by JCS/CHC/CCS to Alabama governments with which it contracts; a subclass of this class which would include those | All individuals who, after being assigned to JCS by August 28, 2010 or thereafter, were incarcerated, without consideration of their indigency, for failure to pay fines, fees and costs. A subclass of this class which would include those individuals within the above class who received, such treatment | **Arrest and Jail Class:** All individuals who, as of August 28, 2010 or thereafter, were assigned by Alabama municipal courts to JCS probation and who were arrested and/or without an ability-to-pay determination after failing to pay fees, fines, or court costs to JCS. |

| individuals within the above class who received, or may receive in the future, such treatment before the Childersburg Municipal Court. | before the Childersburg Municipal Court. | **Childersburg Arrest and Jail Subclass:** All individuals in the Arrest and Jail class who were assigned to JCS probation by the Childersburg Municipal Court. |
|---|---|---|

In addition to making the class definitions much simpler and clearer, a few changes are worth highlighting. The proposed **Fees Class** is differs in three main ways from the definition it replaces: *First*, like the definition proposed in Plaintiffs' class certification motion, it reflects the temporal limit. *Second*, it is *narrower* than both the definition in the previous complaint and the one in the class certification motion, in that it includes only people who paid—and thus who stand to potentially recover—JCS fees. The previous classes included everyone who was on JCS probation regardless of whether they paid any money to JCS. *See* Doc. 431 at 6-7. *Third*, the definition jettisons the old "no jail sentence" language, which was shown years ago to be inconsistent with the facts Plaintiffs learned in discovery. In their first complaint, Plaintiffs proposed a class of "individuals who received only fines, and not *initial* jail sentences." Doc. 1 at 8 (emphasis added). But as Plaintiffs learned in discovery, while some people who are sentenced by municipal courts to serve jail time, many individuals, like named plaintiff Ms. Ray, have their jail sentence suspended and are put on probation. Accordingly, it would be a grave error to exclude people from the Fees Class who had *suspended* sentences (as opposed to who received initial jail sentences which were served rather than suspended), as these class members also paid JCS fees.

The proposed **Arrest and Jail Class** differs from the original proposed class in two main ways. *First*, "may be subject to incarceration" has been changed to "were arrested" to more accurately reflect that some people were arrested and detained but may not have actually been imprisoned. *Second*, the old "despite their indigency" language has been dropped. Because it is unconstitutional to arrest and imprison people without an ability-to-pay determination regardless

16

of whether they are indigent, there is no need to exclude people from the class who were not indigent. While JCS previously opposed this change to the class definitions, arguing that it "expanded" the class, see Doc. 431 at 48, the first class definition in Plaintiffs' Fourth Amended Complaint already included everyone brought before Alabama municipal courts "whose fines were . . . converted to a probation under JCS." Doc. 305 at ¶ 79.

It is not uncommon for Plaintiffs to amend complaints to hone their class definitions. For example, in *Dunn v. Dunn*, Judge Thompson recently permitted the plaintiffs to change their class definitions and even add a subclass. 2016 WL 5400365 at *3. The court explained that, while "[n]either amendment is necessary, . . . both [were] permissible." *Id.* at *3 & n. 4. Although the court noted that the plaintiffs were "free to move for certification of a subclass without having specified its bounds in their complaint," the court allowed the amendment so that the plaintiffs could make the class definitions in their complaint mirror those in the class certification motion they had filed. *Id.* The same rationale applies here.

Likewise, the district court in *Patten v. Vertical Fitness Group, LLC*, No. 12-cv-1614, 2013 WL 12069031, at *3-4 (S.D. Cal. Nov. 8, 2013), granted leave for the plaintiff to amend a class action complaint in order to clean up a "sloppy" class definition that differed from the definition in the motion for class certification. Although the court noted that the defendant understandably "would rather face a class definition that's easier to oppose," the court reasoned that allowing the amendment would not "blind side[]" the defendant, because the defendant's argument that a "highly individualized question" should bar class certification still applied to the new class definition. *Id.* at *4. The same is true here.

In contrast, courts have denied leave to amend where, for example, the proposed changes to the complaint would "materially alter the nature of the claims against these Defendants after the

alleged wrongdoers have been dismissed from the case" and potentially call a previous partial settlement into question. *In re Colonial BancGroup, Inc. Sec. Litig.*, No. 2:09-CV-00104-RDP-WC, 2013 WL 4788627, at *8 (M.D. Ala. Sept. 9, 2013). Plaintiffs here have been careful not to touch any of the claims against the dismissed City of Childersburg.

Here, permitting these amendments will not prejudice JCS. Because the Court terminated the previous class certification proceedings, the motion will need to be re-briefed. If the changes to the class definitions are permitted now, JCS will still have ample opportunity to respond to them and oppose them at that point.

### C. Plaintiffs Should Be Permitted to Correct Factual Errors and Add a Small Number of Important Facts Gleaned from Discovery.

Plaintiffs have proposed corrected factual errors in the Factual Allegations section of the complaint, including the descriptions of the named plaintiffs' experiences. The bulk of these changes are needed to correct facts that discovery has shown to be slightly different from how they were originally pled. In addition, Plaintiffs have proposed a small number of factual allegations which will help bolster or clarify their existing claims. The proposed changes are based on information with which JCS is familiar.

### D. Plaintiffs Should Be Permitted to Make Non-Substantive Changes to Fix Typos and Improve Grammar, Readability, and Structure.

Finally, Plaintiffs did not want to submit a Fifth Amended Complaint without taking this opportunity to make relatively minor but long-overdue improvements throughout the complaint. In addition to eliminating unnecessary duplication and fixing typos, Plaintiffs have corrected statutory citations, edited unclear language; grouped related points together, and corrected spelling errors. Other than extremely minor corrections such as deleting spaces or adding periods, all changes have been tracked in a redlined version and set out by number in a simple chart. Plaintiffs conferred with JCS about these proposed changes, and the chart at the end of Exhibit 3 indicates

18

their consent to some of these changes.

## IV.   There is Good Cause Under Rule 16 to Grant Plaintiffs Leave to Amend the Complaint.

Because Plaintiffs are filing this motion for leave to amend the complaint by the deadline set in the Court's most recent scheduling order, they are not required to show "good cause" under Rule 16 of the Federal Rules of Civil Procedure. *See* Fed. R. Civ. P. 16(b)(4) (modification to pretrial scheduling order made "only for good cause and with the judge's consent"); *Dunn*, 2016 WL 5400365 at *3 n. 3 (declining to reach Plaintiffs' argument that they were entitled to amend under Rule 16's "good cause" standard on grounds that the Rule 15 standard applied). Nonetheless, good cause exists to permit this amendment. As explained above, the proposed amendments will benefit both the Court and the parties by providing a clearer, more coherent, better-defined set of allegations to work with.  And by submitting both a redlined version and a chart outlining all changes by section, Plaintiffs have endeavored to make it easy for the Court to determine precisely which changes to approve.

### CONCLUSION

For the foregoing reasons, the Court should permit the filing of Plaintiffs' Proposed Fifth Amended Complaint.

RESPECTFULLY SUBMITTED,

s/ G. Daniel Evans
G. Daniel Evans
ASB-1661-N76G
Alexandria Parrish
ASB-2477-D66P
D. Patrick Evans
ASB-3209-R67G
Maurine C. Evans

19

ASB-4168-P16T
Attorneys for the Plaintiffs
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, Alabama 35209
Telephone: (205) 870-1970
Fax: (205) 870-7763
E-Mail: gdevans@evanslawpc.com
E-Mail: ap@evanslawpc.com
E-Mail: dpevans@evanslawpc.com
E-Mail: mevans@evanslawpc.com

Erwin Chemerinsky
Berkeley Law, University of California
215 Boalt Hall
Berkeley, CA 94720
E-Mail: echemerinsky@berkeley.edu

Leslie A. Bailey
Brian Hardingham
Public Justice
555 12th Street, Suite 1230
Oakland, CA 94607
E-Mail: bailey@publicjustice.net
E-Mail: bhardingham@publicjustice.net

## CERTIFICATE OF SERVICE

I hereby certify that on this the 13th day of February, 2018, I electronically filed the foregoing Plaintiffs' Motion for Leave to File[proposed] Fifth Amended Complaint and Memorandum in Support with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Will Hill Tankersley, Esquire
Gregory C. Cook, Esquire
L. Conrad Anderson, IV, Esquire
Ginny Willcox Leavens, Esquire
Ed R. Haden, Esquire
Chase T. Espy, Esquire
Balch & Bingham LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203

Timothy P. Donahue, Esquire
DONAHUE & ASSOCIATES, LLC
1020 22nd Street South

20

Birmingham, Alabama 35205

Michael L. Jackson, Esquire
Larry S. Logsdon, Esquire
Wesley K. Winborn, Esquire
WALLACE, JORDAN, RATLIFF & BRANDT, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253

F. Lane Finch, Jr., Esquire
Brian Richardson, Esquire
Swift Currie McGhee and Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL 35203

Wilson F. Green, Esquire
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406

s/ G. Daniel Evans
G. Daniel Evans

21