# UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **GINA KAY RAY, et al.,** | }<br>} |
| **Plaintiffs,** | }<br>} |
| v. | } Case No.: 2:12-cv-02819-RDP<br>} |
| **JUDICIAL CORRECTION SERVICES, INC.,** | }<br>}<br>} |
| **Defendant.** | |

## **MEMORANDUM OPINION**

This case is before the court on Plaintiffs' Motion for Leave to File Fifth Amended Complaint. (Doc. # 670). The parties have fully briefed the Motion (*see* Docs. # 670, 673-76), and the court held oral argument on the Motion on June 14, 2018. At oral argument, the court reminded the parties (and emphasizes here) that this case has been ongoing for nearly six years, it is now about to have its sixth complaint (one original and five amendments), and it is time to focus on the major issues presented by this very complex case. The just, speedy, and inexpensive determination of this case is not well served by the parties' continual reiteration of legal arguments already decided by the court. After careful review, and for the reasons explained below, the court concludes that Plaintiffs' motion is due to be granted in part and denied in part.

## I. Standard of Review

The parties dispute the appropriate standard of review to apply to Plaintiffs' requests to amend the complaint. On the one hand, Plaintiffs argue that the court should analyze the proposed amendments under Rule 15. (Doc. # 670 at 8-10). Under Rule 15(a)(2), "a party may

amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). In this case, the court granted Plaintiffs leave to submit a new complaint with distinct conspiracy allegations. (*See* Doc. # 627 at 2).

On the other hand, Defendant JCS argues that all of the proposed amendments, except for the amendments adding conspiracy allegations, should be analyzed under the good cause standard provided in Rule 16. A plaintiff is required to show good cause to amend a complaint if he or she files the motion to amend after the deadline provided in a scheduling order entered under Rule 16. *Mann v. Taser Int'l, Inc.*, 588 F.3d 1291, 1312 (11th Cir. 2009). In this case, the court's initial Scheduling Order established a deadline of June 15, 2014 for Plaintiffs to amend the pleadings. (Doc. # 89 at 2). In May 2014, the court extended the amendment deadline to July 30, 2014, and no other extensions have been granted. (Doc. # 103). Therefore, Plaintiffs have filed the present Motion for Leave to File Fifth Amended Complaint after the deadline set in the court's scheduling orders, and they are obligated to show good cause for allowing the amendments, except for the amendments previously ordered by the court.

Among other grounds, the court may deny leave to amend a pleading when a party has unduly delayed in seeking leave for the amendment. *Burger King Corp. v. Weaver*, 169 F.3d 1310, 1319 (11th Cir. 1999) (quoting *Forman v. Davis*, 371 U.S. 178, 182 (1962)). In *Weaver*, the Eleventh Circuit affirmed a denial of leave to amend on undue delay grounds where forty months had passed since the filing of the original counterclaim, the new counterclaims would require proof of different facts, and the only apparent reason for the delay in asserting the counterclaims was the retention of a new attorney. *Id.* The Eleventh Circuit also has affirmed the denial of leave to amend a complaint where the plaintiff proposed the amendment more than

a year after it was placed on notice of a legal deficiency, the proposed amendment raised a new theory not proposed in a first amended complaint, and the plaintiff failed to offer an adequate explanation for its delay. *Andrx Pharms., Inc. v. Elan Corp., PLC*, 421 F.3d 1227, 1236-37 (11th Cir. 2005).

The court also may deny leave to amend a pleading when the proposed amendment is futile. *Weaver*, 169 F.3d at 1319. An amendment is futile if the complaint is still subject to dismissal with the amendment. *Id.* at 1320.

## II.  Analysis

The court addresses Plaintiffs' proposed amendments in the order they are discussed in the Motion for Leave to File Fifth Amended Complaint.

### A.  Plaintiffs' Conspiracy Claims May Not Present Conspiracies Involving Municipal Courts Other than the City's Municipal Court

Plaintiffs seek leave to add factual allegations in support of their § 1983 conspiracy claims to the factual section of their proposed Fifth Amended Complaint and the relevant § 1983 claims. (Doc. # 670 at 10-11). Defendant JCS responds that the conspiracy allegations included in the proposed Fifth Amended Complaint extend beyond the conspiracy addressed in the court's summary judgment opinion because the alleged conspiracy in the proposed complaint includes other Alabama courts. (Doc. # 675 at 3-4). Plaintiffs reply that they have sought to represent a state-wide class throughout this case. (Doc. # 676 at 3-4). And, there is substantial evidence that JCS conspired with court officials outside of the City of Childersburg (the "City") to violate municipal-court defendants' constitutional rights. (*Id.* at 4). For example, JCS approached each municipality with a substantially identical contract, it designed a software package utilized in all Alabama jurisdictions that used JCS's services, and it used uniform policies and forms throughout the state. (*Id.* at 4-5). Notably, JCS's corporative representative testified that she

3

was not aware of any features about JCS's operations in the City that were different from JCS's operations in other cities. (*Id.* at 5) (citing Doc. # 392-11 at 267).

Plaintiffs' proposed complaint describes the agreement entered into between JCS and officials of the City's municipal court. (*See* Doc. # 670-1 at ¶ 97). It alleges that the City's municipal-court judge recommended JCS, worked with other courts that used JCS's services, and consistently placed defendants appearing before him on probation when they could not immediately pay the fines and fees imposed by the court. (*Id.* at ¶¶ 99, 102-03). It also alleges that the conspiratorial agreement is evidenced by the judge's failures to make indigency determinations, his failures to appoint counsel, and his routine issuances of arrest warrants on failure to appear or failure to pay court order charges. (*Id.* at ¶¶ 106-08). In conclusion, the proposed complaint alleges that "concerted efforts between the city court and [JCS], including the city judge and the other employees of the court, show an agreement and understanding that warrants would be issued if money was not paid by the person sent to [JCS] for collection[.]" (*Id.* at ¶ 113).

Here, after careful review of the proposed complaint, the court agrees with Defendant JCS that the § 1983 conspiracy claims are futile insofar as they allege a conspiracy between JCS and court officials outside the City. None of the facts alleged in the proposed complaint support the existence of a conspiracy between JCS and officials working for any other municipal court. (*See* Doc. # 670-1 at ¶¶ 97-113). Section 1983 conspiracy claims rest on parties reaching an understanding to deny a plaintiff his or her constitutional rights. *Grider v. City of Auburn*, *Ala.*, 618 F.3d 1240, 1260 (11th Cir. 2010). Unlike § 1983 claims predicated on JCS's customs and policies, which could have been applied state-wide, the court finds it implausible to allege that facts supporting a conspiracy between JCS and officials in one municipal court can be expanded

to assert a conspiracy claim concerning JCS and over a hundred municipal courts in Alabama. Therefore, Plaintiffs are due to be denied leave to amend the complaint insofar as they seek to allege a conspiracy claim regarding municipal courts other than the City's municipal court. In all other respects, though, Plaintiffs are due to be granted leave to add the conspiracy claims asserted in the proposed complaint.

### B. Plaintiffs' Proposed Summaries of Their Constitutional Allegations are Denied as Unnecessary

Plaintiffs request to amend their complaint to add short paragraphs to each of the constitutional counts clarifying the alleged constitutional violations. (Doc. # 670 at 12-13). The court finds no good cause for such an amendment, as Plaintiffs knew the grounds for their constitutional claims when the earlier amended complaints were filed. Plaintiffs argue that a district court allowed similar amendments in *Dunn v. Dunn*, No. 2:14-cv-601-MHT, 2016 WL 5400365 (M.D. Ala. Sept. 27, 2016). That case is distinguishable, though, because the plaintiffs in *Dunn* requested leave to amend before the deadline set in the relevant scheduling order. *Dunn*, 2016 WL 5400365, at *3. Plaintiffs' request to add summaries of their constitutional allegations is thus due to be denied.

### C. Plaintiffs' Request to Add an Express Restitution Prayer for Relief Must be Denied Due to Plaintiffs' Undue Delay

Plaintiffs move for leave to expressly seek restitution of fees levied by JCS as a form of relief. (Doc. # 670 at 13-15). Defendant JCS responds that (1) the court did not invite such an amendment in its summary judgment ruling, (2) such a restitution claim would be barred by the *Rooker-Feldman* doctrine, and (3) such an amendment would be inconsistent with the court's July 2015 ruling that Plaintiffs could not add new claims or theories in the Third Amended

Complaint. (Doc. # 675 at 6-7). The court finds that Plaintiffs have delayed unduly in seeking to plead a restitution claim.

A discussion of some procedural history in this case is helpful to illustrate Plaintiffs' undue delay. Plaintiffs' initial complaint sought an award of damages for fines and fees levied by JCS and the City under 42 U.S.C. § 1983, along with the annulment of unpaid fines and charges that the court found to be unconstitutional. (Doc. # 1 at p. 20). In the Fourth Amended Complaint, Plaintiffs also requested damages under § 1983 for fines and fees levied by JCS and the City, along with the annulment of unpaid fines. (Doc. # 305 at p. 64). Thus, throughout discovery, Plaintiffs requested a damages award for fines and fees levied by JCS and the City, rather than restitution of those payments. Nevertheless, in one of their motions for partial summary judgment, filed in September 2016, Plaintiffs requested restitution on the ground that the probation services contract between JCS and the City was void *ab initio*. (Doc. # 427 at 24). Their restitution claim rested on four state-law theories: (1) the contract violated the separation of powers provision of the Alabama Constitution; (2) the contract promised illegal consideration to JCS; (3) the contract violated the Alabama Constitution because the City did not seek a competitive bid; and (4) no Alabama statute authorized the probation fees or the non-uniform treatment afforded to indigent probationers by the City's Municipal Court. (*Id.* at 10-24). The restitution request appeared nowhere in Plaintiffs' pending prayer for relief (*see* Doc. # 305 at p. 62-64), and the state-law claims against the probation services contract appeared nowhere in the Fourth Amended Complaint (*see generally* Doc. # 305). The court denied Plaintiffs' motion for partial summary judgment because they did not seek restitution in the pending complaint. (Doc. # 626 at 85).

Plaintiffs simply cannot show good cause for their late request to amend the complaint. Plaintiffs were aware of their possible claims for restitutionary relief, at the very latest, by September 2016, when they sought such relief in a motion for partial summary judgment. A quick review of their Fourth Amended Complaint, filed in February 2016, would have revealed that the complaint contained no request for restitution. Additionally, Defendant JCS pointed out Plaintiffs' failure to plead a restitution claim in October 2016 when it responded to Plaintiffs' partial summary judgment motion.[1] (Doc. # 472 at 21). Despite this notice of their failure to plead a restitution claim, Plaintiffs did not seek to amend their complaint while the motions for summary judgment were pending. Accordingly, the court finds that Plaintiffs unduly delayed in seeking to add a restitution claim, and, thus, denies leave to amend the complaint to add such a claim.

Plaintiffs argue that JCS has been on notice throughout this litigation that they seek to recover fees probationers paid to JCS. But, Plaintiffs previously sought to recover those fees as damages under § 1983. As demonstrated by Plaintiffs' earlier summary judgment motion, their restitution request rests on state-law theories, not § 1983 theories. Thus, the court finds that Defendant JCS lacked notice of the restitution claim advanced by Plaintiffs throughout the discovery phase of this action.

---

[1] Plaintiffs assert in their current motion that JCS has never "suggested that Plaintiffs were seeking [restitutionary] relief that was not sought in the complaint." (Doc. # 670 at 14). That assertion plainly is false. In an opposition brief, JCS argued as follows:

> Plaintiffs' final section, Section V, seeks restitution. This request, too, asserts a new theory not previously presented by Plaintiffs in their Complaint. (*See* Doc. 305, pp. 62-64 (seeking only class certification, damages, and injunctive and declaratory relief)). Because this is a new theory of recovery, Plaintiffs' request for restitution is barred by this Court's previous order prohibiting new theories of recovery, just as the theory relating to the contract not being competitively bid is barred.

(Doc. # 472 at 21-22).

**D.     Plaintiffs' Request to Add Claims for Declaratory Judgment Regarding the JCS-City Probation Services Contract is Due to be Denied as Futile and Untimely**

Plaintiffs ask the court for leave to raise a separate declaratory and injunctive claim to assert why the contract between JCS and the City for probation services was void *ab initio*. (Doc. # 670 at 15). Moreover, Plaintiffs seek leave to add a new legal theory as to why the contract was illegal: the City's failure to obtain competitive bids. (*Id.* at 15-16). Plaintiffs admit that they sought leave to add the competitive bid theory to their proposed Third Amended Complaint, but the court denied them leave to do so. (*Id.* at 16).

The court concludes that Plaintiffs' request to amend the declaratory relief count regarding the JCS-City probation services contract is due to be denied for two reasons. First, the court found at summary judgment that the declaratory claims for voiding the JCS-City contract are moot, and it maintains that position. (Doc. # 626 at 85). As such, any amendment to the declaratory count would be futile, and Plaintiffs are not due to be granted leave to amend. *Cf. Weaver*, 169 F.3d at 1320. Second, Plaintiffs' attempt to revive a legal theory that the court previously denied them leave to include in the pleadings is not well taken and certainly is not supported by good cause.

**E.     Plaintiffs' Request to Amend the Due Process Claim is Due to be Denied Because Their Asserted Due Process Theory Still Falls Within the Scope of the *Rooker-Feldman* Doctrine**

Plaintiffs request leave to clarify their due process claim concerning probation imposed without a valid adjudication order. (Doc. # 670 at 17). Specifically, in paragraph 133 of the proposed Fifth Amended Complaint, Plaintiffs allege that "[s]ome of the named Plaintiffs and class members were each initially placed on 'probation' with JCS/CHC/CCS under this practice even though they had not been sentenced to serve any jail time. Likewise, some named Plaintiffs

and class members were put on JCS probation without any court order adjudicating their guilt for any offense, and in some cases based on a blank or unsigned probation order." (Doc. # 670-1 at ¶ 133). The problem with this amended due process claim is that it still seeks to invalidate probation *orders* entered by the municipal court. Plaintiffs argue that the probation scheme instituted by JCS violated due process when no municipal court judgment lawfully justified a probation sentence. (Doc. # 670 at 14). Nevertheless, the fact remains that the Municipal Court entered probation orders for each of the named Plaintiffs in this case. If those probation orders were unjustified under Alabama law, that legal error should have been raised on appeal, not in a collateral civil suit. Because the court still concludes that Plaintiffs' due process claim regarding the entry of probation orders is barred by the *Rooker-Feldman* doctrine, Plaintiffs' motion to amend that claim is due to be denied as futile.

### F. Plaintiffs Are Due to be Granted Leave to Amend Their Class Definitions

Plaintiffs ask the court for leave to amend the class definitions provided in the Fourth Amended Complaint. (Doc. # 670 at 17-21). Defendant JCS responds that the proposed class amendments would expand the classes at issue in this case. (Doc. # 675 at 8). And, JCS contends that the proposed class amendments are an improper attempt to expand the class of individuals entitled to tolling of the statute of limitations. (*Id.*). The court is not convinced that Defendants' arguments weigh against allowing amendment of the class allegations.

As a general matter, the definition of a certified class in a class action does not need to match exactly the definition presented in a complaint. *Sandoval v. Cty. of Sonoma*, No. 11-cv-05817-TEH, 2015 WL 1926269, at *2 (N.D. Cal. Apr. 27, 2015). Indeed, the Eleventh Circuit has recognized that "the scope and contour of a class may change radically as discovery progresses and more information is gathered about the nature of the putative class members'

9

claims." *Prado-Steiman v. Bush*, 221 F.3d 1266, 1273 (11th Cir. 2000). Plaintiffs have amended their class definitions to account for information learned during discovery and the court's rulings at the summary judgment stage. The court is not convinced that Plaintiffs' imprudent requests for other amendments to the operative complaint doom their request to amend the class allegations. While JCS argues that Plaintiffs' new class definitions expand the class membership to include time-barred claims, that argument is best reserved for consideration at the class certification stage. Accordingly, Plaintiffs' request to amend the class definitions is due to be granted.

### G. All Claims Against the City, CHC Companies, Inc., and Correct Care Solutions, LLC are Due to be Excluded from the Fifth Amended Complaint

In its opposition brief, the City argues that Plaintiffs should be required to strike all claims against it from the new complaint because the court already has granted the City summary judgment, and any amendment to the claims against the City would be futile. (*See generally* Doc. # 674). Plaintiffs explain that the claims against the City are only included because (1) the court's dismissal of the City is not final, (2) Plaintiffs do not wish to waive the claims for purposes of further review, and (3) there is no formal rule requiring Plaintiffs to remove counts against the City. (Doc. # 676 at 12). The court understands Plaintiffs' concern about waiving their ability to contest the court's summary judgment rulings in an appeal. But, the City, CHC Companies, and Correct Care Solutions would be prejudiced by allowing Plaintiffs to include claims against them in a new complaint because they would have to respond to claims that are futile in light of the court's summary judgment ruling. Therefore, Plaintiffs' claims against the City, CHC Companies, and Correct Care Solutions are due to be excluded from the Fifth Amended Complaint.

### H. Plaintiffs are Due to be Granted Leave to Correct Factual Errors, Fix Typos, and Improve the Grammar of the Complaint

Plaintiffs ask the court for leave to amend factual allegations that have not been borne out by discovery, fix typos in the complaint, and improve the complaint's grammar. (Doc. # 670 at 21-22). The court finds good cause for these non-substantive amendments and will grant Plaintiffs leave to make them.

### III. Conclusion

For the reasons explained above, Plaintiffs' Motion for Leave to File Fifth Amended Complaint (Doc. # 670) is due to be granted in part and denied in part. An Order consistent with this Memorandum Opinion will be entered.

**DONE** and **ORDERED** this June 15, 2018.

_____
**R. DAVID PROCTOR**
UNITED STATES DISTRICT JUDGE