IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| GINA KAY RAY, KRISTY FUGATT, TIMOTHY FUGATT, and DEUANTE T. JEWS, <br><br> Plaintiffs, <br><br> v. <br><br> JUDICIAL CORRECTIONS SERVICES, INC. et al., <br><br> Defendants. | Case No. 2:12-cv-02819-RDP |

## Opposition to Motion to Strike Updated Expert Disclosure

The majority of Plaintiffs' opposition to JCS's Updated Expert Disclosure (Docs. 696 and 696-1 through 696-21) focuses on Plaintiffs' belief that JCS was not permitted to update the foundations of its expert witness's opinions in its Updated Expert Disclosure. That belief is in error, and the Updated Expert Disclosure is not due to be struck.

The Court administratively terminated the Motion for Class Certification by Order of October 28, 2016 (Doc. 496). That Order did not mention Plaintiffs' (Doc. 382 *et seq.*) or JCS's (Doc. 406 *et seq.*) expert reports. The experts (both Mr. Coons for Plaintiffs and Professor and Municipal Judge Bishop for JCS) were offered in the context of the class certification proceedings.

On September 21, 2017, this Court entered a Memorandum Opinion (Doc. 632) regarding the competing Motions to Strike Expert Reports. In it, this Court ruled that Bishop "is an expert qualified to testify about his practices in conducting municipal court proceedings and his experiences with JCS. If he has personally observed the practices of other municipal courts, he may testify about those courts as well." The Court struck Bishop's opinions about the Probation Tracker software because he did not have sufficient knowledge about that software at the time

JCS's Expert Disclosure was filed. But that holding included a crucial caveat: "The court may revisit this ruling if Bishop becomes sufficiently familiar with Probation Tracker records or contents to form an opinion that is helpful to the trier of fact." (Doc. 633, note 2). JCS understood the Court's language to solicit, but most certainly not to disallow, a supplementation of Professor Bishop's knowledge, and his report and testimony, to take place after the Order was entered.

When the parties met and conferred in response to the Court's order for scheduling of (1) filing an answer or response to the Fifth Amended Complaint and (2) class certification filings (Doc. 688), Plaintiffs' counsel suggested that the parties set a deadline to "refile" expert reports, and the parties agreed to do so 30 days after Defendant's Answer to the Fifth Amended Complaint. (Doc. 693 at p. 3.) There was some mention that the pending claims were now different following the Court's rulings on the motions for summary judgment, and it was counsel for JCS's understanding (apparently mistaken) that Plaintiffs also intended to file an updated expert disclosure — not a mere copy of their previously filed disclosure. Since no part of Plaintiffs' expert report had been struck by this Court in the *Daubert* rulings, JCS understood that Plaintiffs would likely supplement Coons's report after JCS filed its answer, because "refiling" an unchanged report from Coons seemed unnecessary and certainly wouldn't have taken another 30 days following the filing of JCS's answer (which Plaintiffs asked for, and to which JCS agreed).

Given (1) that the Court's opinion regarding Bishop left open supplementation and (2) that Plaintiffs were likely to supplement their Coons report, JCS asked Professor Bishop to update his expert report to address the issues this Court had identified. Specifically, Professor Bishop used the time provided by the parties' joint report to familiarize himself with how Probation Tracker's records and contents work. Also, Professor Bishop expounded upon the breadth of his personal

knowledge regarding how his colleagues around Alabama run their municipal courts. Significantly, what Professor Bishop did *not* change in his updated expert report were his ultimate conclusions and opinions. The updates to the report provide additional foundations to the conclusions that he found in his initial report.  None of the opinions are substantively changed by these updated foundations, so the Plaintiffs are not prejudiced by this updated report. Given the language of the Court's Order suggesting it could "revisit" its ruling (Doc. 633, note 2), Plaintiffs should not be surprised that JCS sought to address the issues identified in the Court's ruling.

Finally, Plaintiffs' attempt to show Professor Bishop still does not possess knowledge about Probation Tracker falls short. Plaintiffs argue that Professor Bishop incorrectly stated in his updated report, "JCS does not appear even to have records in its system from which one could make an informed decision on indigency status of one probationer."  (Doc. 699, p. 5, *quoting* Doc. 696-1, p. 11). Plaintiffs assert that this statement is untrue (which it's not)[1] because Probation Tracker shows "employer entries" that sometimes show probationers as unemployed, disabled, or on SSI benefits. Plaintiffs can certainly disagree with Professor/Judge Bishop, but he's qualified to state his opinions, which are formed in his capacity as an expert on municipal judging, based on the information he gathers as a municipal judge to make indigency determinations in that context.

For the foregoing reasons, this Court should deny the Plaintiffs' Motion to Strike Updated Expert Disclosure (Doc. 699).

---

[1] As this Court is aware, a probationer's being unemployed, disabled, or on SSI benefits does not necessarily mean the probationer is indigent. A defendant is considered indigent in Alabama if he or she is "financially unable to pay for his or her defense." Ala. R. Crim. P. 6.3(a). There may be employed individuals who are indigent and unemployed (and disabled) individuals who are not indigent.

3

Respectfully submitted on September 28, 2018.

   *s/ Michael L. Jackson*
Michael L. Jackson
mjackson@wallacejordan.com

   *s/ Larry S. Logsdon*
Larry S. Logsdon
llogsdon@wallacejordan.com

   *s/ Wesley K. Winborn*
Wesley K. Winborn
wwinborn@wallacejordan.com

Of Counsel:
Wallace, Jordan, Ratliff & Brandt, L.L.C.
P.O. Box 530910
Birmingham, Alabama 35253
(205) 870-0555

*s/ Wilson F. Green*
wgreen@fleenorgreen.com

Of Counsel:
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste. G2A
Tuscaloosa, Alabama 35406
 (205) 722-1018

Attorneys for Defendant
Judicial Correction Services

4

**Certificate of Service**

I certify that on September 28, 2018, I served a copy of the foregoing Opposition to Motion to Strike Updated Expert Disclosure on all counsel by the Court's CM/ECF electronic-filing system as follows:

L. Conrad Anderson IV, Esq.
Gregory C. Cook, Esq.
Will Hill Tankersley, Esq.
Ginny Willcox Leavens, Esq.
Christopher K. Friedman, Esq.
Balch & Bingham, LLP
1710 6th Avenue North
P.O. Box 306
Birmingham, AL 35201
canderson@balch.com
gcook@balch.com
wtankers@balch.com
gwillcox@balch.com
cfriedman@balch.com

F. Lane Finch Jr., Esq.
Brian Richardson, Esq.
Swift Currie McGhee & Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL 35203
lane.finch@swiftcurrie.com
brian.richardson@swiftcurrie.com

Timothy P. Donahue, Esq.
Daniel Robert Pickett, Esq.
Donahue & Associates, LLC
1020 22nd Street, South
Birmingham, AL 35205
timdonahue@donahue-associates.com
dpickett@donahue-associates.com

Robert L. Wiggins Jr., Esq.
Wiggins Childs Quinn & Pantazis
301 19th Street North
Birmingham, AL 35203
rwiggins@wigginschilds.com

Erwin Chemerinsky, Esq.
University of California, Berkeley
215 Boald Hall
Berkeley, CA 94720-7200
echemerinsky@law.berkeley.edu

G. Daniel Evans, Esq.
Alexandria Parrish, Esq.
Daniel P. Evans, Esq.
Maurine C. Evans, Esq.
The Evans Law Firm, P.C.
1736 Oxmoor Road, Suite 101
Birmingham, AL 35209
gdevans@evanslawpc.com
ap@evanslawpc.com
dpevans@evanslawpc.com
mevans@evanslawpc.com

Leslie A. Bailey, Esq.
Brian Hardingham, Esq.
Public Justice
475 14th Street, Suite 610
Oakland, CA  94612
lbailey@publicjustice.net
bhardingham@publicjustice.net

     s/ *Michael L. Jackson*
     Michael L. Jackson
     mjackson@wallacejordan.com