FILED

2018 Oct-10  PM 04:43
U.S. DISTRICT COURT
N.D. OF ALABAMA



IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

|  |  |
|---|---|
| GINA RAY, TIMOTHY & KRISTI FUGATT, AND DEUANTE JEWS, on behalf of themselves and a class of persons similarly situated, <br><br> Plaintiffs, <br><br> v. <br><br> JUDICIAL CORRECTION SERVICES, LLC f/k/a Judicial Correction Services, Inc.; <br><br> Defendant. | ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) ) <br><br> Case No. 2:12-cv-2819-RDP |

**JOINT STATUS REPORT IN RESPONSE TO
COURT ORDER OF SEPTEMBER 11, 2018 [DOC. 698]**

Pursuant to the Court's Order of September 11, 2018 [Doc. 698], counsel for the parties

met in person on October 4, 2018 at the offices of Wallace, Jordan, Ratliff, & Brandt, LLC in

Birmingham, Alabama. Attending the conference were the following counsel:

| Attorney | Representing | Case(s) |
|---|---|---|
| G. Daniel Evans<br>Alexandria Parrish<br>Maurine Evans | Plaintiffs | *Ray v. JCS*, 2:12-cv-2819-RDP (N.D. Ala.)<br>*Woods v. JCS et al*, 2:15-cv-0493-RDP (N.D. Ala.)<br>*Hall et al. v. JCS et al.*, 4:15-cv-1656-RDP (N.D. Ala.)<br>*Carter v. JCS et al.*, 2:15-cv-0555-RCL (M.D. Ala.)<br>*Chapman et al. v. JCS et al.*, 2:15-cv-0125-RCL (M.D. Ala.)<br>*Moore v. City of Albertville*, 4:16-cv-0914-RDP (N.D. Ala.)<br>*Foshee v. City of Anniston*, 1:16-cv-1030-RDP (N.D. Ala.) |
| Lloyd Gathings<br>Will Lattimore | Plaintiffs | *Hamilton et al. v. JCS et al.*, 2:18-cv-093-RDP (N.D. Ala.) |
| Martha Morgan | Plaintiffs | *McCullough et al. v. JCS et al*, 2:15-cv-463-RCL |
| Will Hill Tankersley<br>Greg Cook | Childersburg (*Ray*)<br>Ft. Payne (*Hall*)<br>Clanton (*Chapman*)<br>Albertville (*Moore*)<br>Anniston (*Foshee*) | *Ray, Hall, Chapman, Moore*, & *Foshee* cases |

| Shannon Holliday | Montgomery | *Carter & McCullough* |
|---|---|---|
| Joshua Arnold | Columbiana | *Woods* |
| Larry Logsdon<br>Michael Jackson<br>Wilson Green | JCS | All Cases (except *Moore* and *Foshee*,<br>in which JCS is not a defendant) |
| Brian Richardson | CHC Companies;<br>Correct Care<br>Solutions | All Cases where named |
| Will Hill Tankersley | Susan Fuqua | *Hamilton* |

The parties report and propose, as indicated below, the following:

## I.      Current Litigation Structure and Potentially Impacting Events; Proposal No. 1

1.      *Litigation Structure.* Since some of the litigation is not before this Court, it might be helpful for this Court to have a comprehensive awareness of the entire JCS Alabama litigation structure as it currently stands. The structure of the Alabama litigation consists at this point of the following.

a.      **Before this Court**, there are the following three components of cases –

(1)      one putative state-wide class case (*Ray*), in which JCS is the only remaining defendant;

(2)      four putative municipality-only class cases - *Hall* and *Woods*, which involve the City of Fort Payne and Columbiana respectively, and which name JCS, CHC, and CCS as defendants, as well as *Moore* and *Foshee*, in which only the municipalities (Albertville and Anniston, respectively) are sued; and

(3)      the *Hamilton* case, which involves a collection of individual plaintiffs suing JCS, CHC, CCS,, as well as Susan Fuqua, a Hoover Municipal Court official.

b.      **In the Middle District**, there are the following:

(1)      two municipality-only putative class cases (*Carter* and *McCullough*), which involve the City of Montgomery and which name the City, JCS, CHC, and CCS; and

2

(2)     the *Chapman* case, involving the City of Clanton, and in which the City,

JCS, CHC, and CCS are defendants.

2.     *Pending Motions Affecting Structure.* Currently, the only class-certification motion

pending is in the *Carter* case, seeking certification of putative classes of Montgomery probationers.

Defendants filed Responses to that class-certification motion on September 27, in response to an

Order from Judge Lamberth. It is unknown when that motion might be set for hearing. However,

Plaintiffs in *Ray* anticipating filing a motion on October 22, seeking certification of a putative

state-wide class as to at least some claims. Additionally, there are summary-judgment motions

pending in the *Woods* case and the *Carter* case.[1]

3.     The Plaintiffs in *Hall*, *Moore*, and *Foshee* (the Northern District municipality-only

cases excepting *Woods*) anticipate, in light of the rulings in *Ray*, requesting leave to file amended

complaints as their next step in litigation. This is also true of the *Chapman* case, pending in the

Middle District before Judge Lamberth.

4.     ***Proposal No. 1.*** Given the anticipated class-certification motion in *Ray* seeking

some state-wide certification, Plaintiffs believe it most economical to suspend the filing of

amended pleadings in *Hall, Moore*, and *Foshee* (which are all presently stayed) essentially holding

those cases in abeyance pending disposition by the Court of the class-certification issues in *Ray*.

The parties believe that Proposal No. 1 is consistent with this Court's desire to enhance judicial

economy and efficiency in class-related motion practice in matters before this Court.

---

[1] In the *Hamilton* case, defendant Susan Fuqua has filed a motion to dismiss which may need to be re-filed, depending on how the *Hamilton* plaintiffs re-plead their complaint in accordance with the court's order.

3

## II.      Motion Practice; Potential Truncation of Arguments – Proposal No. 2

5.       The parties discussed at length how to simplify the presentation of issues to the Court in non-*Ray* cases in the Northern District on which the Court has already spoken in *Ray*. The parties collectively struggled with how to build an adequate record of argument in the Northern District non-*Ray* cases, to be assured that there is no waiver of positions as to the correctness of rulings in *Ray*. Proposal No. 2 is made to the extent that all parties can be adequately assured that by joining in the proposed procedure does not work a waiver on appeal of issues made the subject of the proposal.

6.       ***Proposal No. 2.*** The parties discussed and are conceptually amenable to a procedure for the Northern District cases before this Court, in the form of a "heightened meet and confer," which could operate in this way. A party preparing to file a motion in the Northern District cases raising issues which the movant believes has been previously decided in *Ray*  would, before the filing of a motion, notify the opponent of the issue to be raised and the grounds for the issue, as well as the ruling in *Ray* forming the grounds for the relief sought. If the opponent agrees (1) that the issue is the same as the issue raised and adjudicated in *Ray* (whether favorably or unfavorably to the movant), and (2) that there are no facts of record or other circumstances in the case being discussed which may call for a re-examination of the prior ruling, then the opponent may notify the movant of that agreement within a set (but relatively short) time. If the opponent agrees that the *Ray* ruling controls, the movant may present the issue to this Court by motion which requests the relief, states the grounds simply by reciting the prior opinion relied upon, and may note the opponent's agreement that the prior ruling controls while preserving the opponent's opposition to the substance of that ruling. If the opponent does not so agree, the parties will brief the motion in the customary manner, but will endeavor to rely on the prior rulings, or to distinguish

4

the prior rulings and cite distinguishing circumstances, without repeating arguments previously made to the Court which spawned the original rulings.  For issues on which the parties agree have previously been decided in *Ray*, all would stipulate to the inclusion in that court record of the matters previously submitted on that issue and that any arguments of the parties are preserved along with the inclusion of that record for any appellate review.

### III.    Discovery and Coordination Generally

7.      The parties exhaustively discussed how to coordinate cases pending in the Middle District with cases in the Northern District. Although various options were discussed, there appears to be no way to coordinate the Northern District cases with the Middle District cases, except on an issue-by-issue or ad hoc basis.

8.      The parties also discussed at length the use of JCS, CHC, and CCS depositions previously taken in cases either which are closed or in which discovery has been completed (*Ray* and *Woods*). The current status of those discussions is as follows:

a.      For their cases in which JCS, CHC, and CCS are named and where discovery is not completed (*Hall*, *Chapman*, and *Carter*), the Evans Law Firm and JCS, CHC, and CCS have agreed to allow the use of depositions of JCS, CHC, CCS personnel taken in other litigation.

b.      The City defendants in *Hall*, *Chapman*, and *Carter* (Fort Payne, Clanton, and Montgomery) do not have any current intention of taking the deposition of a JCS, CHC, and CCS witness who has been previously deposed.

c.      The *Hamilton* plaintiffs are amenable to considering foregoing the depositions of JCS, CHC, and CCS personnel whose depositions have already been taken, provided that their testimony may be used in the *Hamilton* action. Counsel for the *Hamilton*

plaintiffs may be reviewing those depositions in the near future to evaluate the need for

such depositions.

Respectfully submitted the 10th day of October, 2018.

/s/ G. Daniel Evans
G. Daniel Evans
Alexandria Parrish
Maureen Evans
G. Daniel Evans
The Evans Law Firm, P.C.
Attorneys at Law
1736 Oxmoor Road
Birmingham, Alabama 35209
Phone:   205-870-1970
gdevans@evanslawpc.com
aparrish@evanslawpc.com
mevans@evanslawpc.com
*Attorneys for Plaintiffs in Ray, Woods,
Hall, Moore, and Foshee (N.D. Ala.)
and Carter & Chapman (M.D. Ala.)*

/s/ Lloyd W. Gathings
Lloyd W. Gathings (GAT001)
William A. Lattimore (LAT021)
Gathings Law
2204 Lakeshore Drive, Suite 406
Birmingham, Alabama 35209
Telephone: (205) 322-1201
Facsimile: (205) 322-1202
LGathings@gathingslaw.com
WLattimore@gathingslaw.com
*Attorneys for the Hamilton Plaintiffs,
N.D.Ala. Case. No. 2:18-cv-933-RDP*

/s/ Michael L. Jackson
Larry S. Logsdon
Michael L. Jackson
Wallace, Jordan, Ratliff,
& Brandt, LLC
P.O. Box 530910
Birmingham, AL 35253
*Attorneys for Judicial Correction Services*

6

*/s/ Wilson F. Green*
Wilson F. Green
Fleenor & Green LLP
1657 McFarland Blvd. N., Ste G2A
Tuscaloosa, Alabama 35406
*Attorney for Judicial Correction Services*

*/s/ Brian C. Richardson*
F. Lane Finch, Jr. (ASB-0027-I58F)
Brian C. Richardson (ASB-5241-H14U)
Swift, Currie, McGhee & Hiers, LLP
2 North 20th Street, Suite 1405
Birmingham, AL 35203
*Attorneys for CHC Companies, LLC*
   *and Correct Care Solutions, LLC*

*/s/ L. Conrad Anderson IV*
L. Conrad Anderson IV
Will Hill Tankersley
Gregory C. Cook
Ed R. Haden
L. Conrad Anderson IV
Ginny Willcox Leavens
Chase T. Espy
BALCH & BINGHAM LLP
1901 Sixth Avenue North, Suite 1500
Birmingham, Alabama 35203
Telephone:    (205) 251-8100
*Attorneys for the Cities of Childersburg,*
*Fort Payne, Anniston, Albertville, and*
*Clanton*

*/s/ Joshua D. Arnold*
Frank C. Ellis, Jr.
J. Bentley Owens, III
Joshua D. Arnold
Ellis, Head, Owens & Justice
P.O. Box 587
Columbiana, AL 35051
*Attorneys for the City of Columbiana*

**Certificate of Service**

I certify that on October 10, 2018, I served a copy of the foregoing on all counsel by the Court's CM/ECF electronic-filing system.

_s/ Wilson F. Green_
Of Counsel